Patricia N. Syverson (SBN: 203111)
psyverson@bffb.com
Manfred P. Muecke (SBN: 222893)
mmuecke@bffb.com
**BONNETT FAIRBOURN FRIEDMAN & BALINT, P.C.**
600 West Broadway, #900
San Diego, CA 92101
Telephone: (619) 798-4292
Fax: (602) 274-1199

Andrew S. Friedman (*Pro Hac Vice pending*)
afriedman@bffb.com
Francis J. Balint, Jr. (*Pro Hac Vice pending*)
fbalint@bffb.com
**BONNETT FAIRBOURN FRIEDMAN & BALINT, P.C.**
2325 East Camelback Road, Suite 300
Phoenix, Arizona 85016
Tel: (602) 274-1100
Fax: (602) 274-1199

[Additional Co-Counsel on Signature Page]
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LSCC LLC, an Arkansas limited liability corporation, individually and on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> WILCO LIFE INSURANCE COMPANY f/k/a CONSECO LIFE INSURANCE COMPANY, <br><br> Defendant. | Case No. <br><br> **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> 1.  Breach of Contract |

CLASS ACTION COMPLAINT

Plaintiff LSCC LLC ("Plaintiff"), by and through its undersigned attorneys, brings this action on behalf of itself and all others similarly situated against Defendant Wilco Life Insurance Company f/k/a Conseco Life Insurance Company (collectively, "Wilco"). Plaintiff alleges the following on information and belief, except as to those allegations that pertain to the Plaintiff which are alleged on personal knowledge.

## NATURE OF THE ACTION

1. By order and judgment dated July 3, 2007 ("the Final Judgment") entered in *In re Conseco Life Insurance Company Cost of Insurance Litigation*, Docket No. MDL 04-1610-AHM (Mcx) ("the MDL Action"), this Court approved a class action Stipulation of Settlement ("the Settlement Agreement") on behalf of a certified settlement class of policyholders ("the Settlement Class"), and expressly retained jurisdiction over any subsequent action to enforce its terms.

2. The Final Judgment not only approved but incorporated the terms of the Settlement Agreement, under which Wilco (then known as Conseco) agreed to provide to certain members of the Settlement Class (those holding a policy in-force as of March 2, 2006, that was projected to terminate before the insured turned 100 years old) with one of two forms of settlement relief: either (a) an in-force death benefit extension of coverage for each policy for a specified period of time after the policy would otherwise terminate ("the Extension Benefit") or (b) a specified cash contribution ("the Cash Contribution"). Members of the Settlement Class eligible for such relief who did not affirmatively elect the Cash Contribution received the Extension Benefit by default.

3. The Settlement Agreement makes it abundantly clear that the Extension Benefit provides additional life insurance coverage for a specified period of time ("the Extension Period") *at no cost* to the policyholder.

4.     As shown below, however, in breach of the Court-approved Settlement Agreement, Wilco has been systematically reducing the death benefits paid on claims made under the Extension Period by unilaterally applying a retroactive premium charge ("the Retroactive Premium Charge") relating to an unused and expired 61-day grace period inapplicable to deaths occurring more than 60 days after the policy's termination date. Indeed, the standardized policy language specifically states a premium payment for such grace period coverage is due ***only if the insured dies during the 60-day grace period***: "If the insured dies during the grace period, any past due monthly deductions will be deducted from the proceeds." Accordingly, Wilco does not charge or otherwise collect a premium for a grace period once it expires with no claim for benefits thereunder. Yet contrary to the explicit "no cost" terms of the Court-approved Settlement Agreement, Wilco is deducting the Retroactive Premium Charge for the expired grace period from the proceeds paid pursuant to the Extension Benefit.

5.     For example, Plaintiff is the owner and beneficiary of four policies subject to the Extension Benefit. The insured under all four policies, Stephen W. Creekmore, passed away *several years* after each policy's 60-day grace period but during each policy's respective Extension Period. Although Wilco paid a death benefit on each policy to Plaintiff as required by the Settlement Agreement's Extension Benefit, it simultaneously and unilaterally *reduced* each such payment by imposing the Retroactive Premium Charge for coverage purportedly extended under a grace period provision in each policy, even though the grace period had long since expired without any claim for death benefits thereunder. In short, although payment of the death proceeds under the Court-approved Settlement Agreement's Extension Benefit was in no way predicated upon the existence or application of the policies' grace period provisions, Wilco nevertheless reduced

2
CLASS ACTION COMPLAINT

Plaintiff's settlement proceeds by charging the Retroactive Premium Charge for the expired and unused grace period.

6. Plaintiff brings this class action on behalf of itself and all other members of the Settlement Class entitled to the Extension Benefit under the Settlement Agreement and/or their beneficiaries to the extent Wilco has already paid a death benefit under the Extension Benefit reduced by the Retroactive Premium Charge (collectively, "the Extension Class").

7. Wilco's systematic reduction of the payment of death proceeds during the Extension Period through its unilateral imposition of the Retroactive Premium Charge constitutes a breach of the Court-approved Settlement Agreement requiring that life insurance coverage during the Extension Period be provided *at no cost* to Plaintiff and other members of the Extension Class.

## THE PARTIES

8. Plaintiff is a limited liability company incorporated under the laws of Arkansas with its principal place of business in Florida; Plaintiff is thus a citizen of the States of Arkansas and Florida.

9. Defendant Wilco is a corporation organized under Indiana law, with its principal place of business located in Connecticut. Wilco was formerly known as Conseco Life Insurance Company, which maintained its home offices in Indiana. Wilco is thus a citizen of the State of Indiana and Connecticut.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this action based on its exercise of continuing jurisdiction under the Final Judgment.

11. Alternatively, this Court has subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. Plaintiff and Wilco are diverse citizens. Plaintiff furthermore alleges claims on behalf of the Extension Class, a national class of policyholders who are minimally diverse from Wilco, and the

aggregate of these claims exceed $5,000,000. This Court accordingly has subject matter jurisdiction over this case under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2).

12. Venue is proper in this District under the terms of the Final Judgment, and under 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

### A. The Terms of the Court-Approved Settlement Agreement

13. In the Final Judgment, a true and accurate copy of which is attached as **Exhibit A**, this Court approved the terms of the Settlement Agreement, a true and accurate copy of which is attached as **Exhibit B**.

14. The Settlement Agreement in pertinent part defines the Extension Benefit as follows:

> "In-Force Death Benefit Extension" means the time period during which insurance coverage for the Policy Face Amount of in In-Force Policy otherwise projected to Terminate prior to age 100 due to the elimination of the R-Factor will be extended and remain in force after the otherwise applicable Termination Date ***with no cost of insurance or other policy charge to the Class Member***.

Settlement Agreement, § II.A.34, at 10 (emphasis added).

15. The Settlement Agreement further provides that the Death Benefit Extension is intended to extend insurance coverage, after the grace period has expired, at no cost to the Settlement Class Member:

> The In-Force Death Benefit Extension operates to extend the insurance coverage on the In-Force Policy for a specified ***period after the otherwise applicable Termination Date, at no cost to the Class Member***, to mitigate the impact of the elimination of the R-Factor.

Settlement Agreement, § III.A.2, at 15 (emphasis added).

4
CLASS ACTION COMPLAINT

16. The Settlement Agreement further provides that each Settlement Class Member's "right to receive relief under this Agreement" – including the Extension Benefit – "is governed solely by the terms of this Agreement and not by the terms of the Class Member's policy." Settlement Agreement, §III.D.6, at 22.

17. Finally, the Settlement Agreement also provides: "Except as expressly provided by this Agreement, neither this Agreement nor any of the relief to be offered under the proposed settlement shall be interpreted to alter in any way the contractual terms of any Policy, or to constitute a novation of any Policy." Settlement Agreement, §XV.L, at 50.

18. The Court in the Final Judgment (a) expressly incorporated the terms of the Settlement Agreement by reference, and (b) expressly approved the Settlement Agreement under Rule 23, *Federal Rules of Civil Procedure*. *See* **Exhibit A**, at ¶¶ 1 & 5. The Court also explicitly retained jurisdiction over any action to enforce the terms and conditions of the Settlement Agreement. *Id.* at ¶ 11.

19. The Class Notice sent to members of the Settlement Class reiterated (a) that the Extension benefit operates "to extend the insurance coverage at no cost for a specified period subsequent to the date when the Policy would otherwise terminate" and (b) that the Extension Period "will begin when your Policy would otherwise terminate" and "will run uninterrupted until it expires."

**B.  Wilco's Systematic Application of the Retroactive Premium Charge**

20. Plaintiff is the owner and sole beneficiary of four policies insuring the life of Steven W. Creekmore, each of which is afforded the Extension Benefit under the Settlement Agreement: Policy #▇▇▇▇2444; Policy #▇▇▇▇5890; Policy #▇▇▇▇1900; and Policy #▇▇▇▇9710.

5
CLASS ACTION COMPLAINT

21. Plaintiff on or about July 26, 2018, notified Wilco of Mr. Creekmore's passing – many years after each Policy's termination date, but within each Policy's Extension Period under the Settlement Agreement.

22. Wilco in response sent Plaintiff four checks for death proceeds in accordance with the Extension Benefit, but unilaterally reduced each for the Retroactive Premium Charge as follows:

- Policy #▮▮▮▮2444 – Retroactive Premium Charge: $729.81;
- Policy #▮▮▮▮5890 – Retroactive Premium Charge: $4,210.09;
- Policy #▮▮▮▮1900 – Retroactive Premium Charge: $27,024.21; and
- Policy #▮▮▮▮9710 – Retroactive Premium Charge: $1,765.93.

A true and accurate copy of each check and check stub reflecting Wilco's unilateral reduction for the retroactive Premium Charge is attached as **Exhibit C.**

23. In total, Wilco unilaterally reduced the death benefits paid to Plaintiff under the Extension Benefit by $33,730.04 through the assessment of Retroactive Premium Charges.

24. When Plaintiff questioned this reduction in death proceeds, Wilco by letter dated October 5, 2018 (a true an accurate copy of which is attached as **Exhibit D)** asserted that "in accordance with our normal practice, upon the death of the insured, the monthly deductions, from the date that the policy entered grace period to the date that the policy entered the Death Benefit Extension period, were deducted from the proceeds." **Exhibit D**, at 1-2. In other words, Wilco systematically reduces the payment through a Retroactive Premium Charge that is not authorized by the Settlement Agreement. Nor is Wilco's systematic reduction of the Extension Benefit authorized by the policy terms: because the insured did not die during the policies' grace period, under the policies' own terms Plaintiff owed nothing following expiration of the grace period.

25. Furthermore, Wilco's explanation for the Retroactive Premium

Charges introduces a further discrepancy, for in the letter Wilco itself admitted that the reduction in Plaintiff's death proceeds did not in fact match the amount that would have been deducted had Mr. Creekmore passed away during the 61-day grace period. *See* **Exhibit D**, at 2.

26. In any event, the Settlement Agreement – which emphasizes that the Extension Benefit shall be afforded to Plaintiff *at no cost* – nowhere authorizes Wilco to charge for grace period coverage where (as here) any such grace period is long-since expired and no claim is or ever was submitted during the 60-day grace period.

## CLASS ACTION ALLEGATIONS

27. ***Definition of Class:*** This action is brought by Plaintiff individually and on behalf of the following nationwide Extension Class pursuant to Rule 23(b)(3) of the *Federal Rules of Civil Procedure*:

> All Policyowners entitled to the Extension Benefit under the Settlement Agreement, or their beneficiaries to the extent Wilco has already paid death proceeds based on the Extension Benefit but reduced by the Retroactive Premium Charge.

28. ***Size of Class:*** The Extension Class consists of thousands of Wilco policyholders and beneficiaries, and is thus so numerous that joinder of all members would be impracticable.

29. ***Adequacy of Representation:*** Plaintiff is willing and prepared to serve the Court and the proposed Extension Class in a representative capacity. Plaintiff will fairly and adequately protect the interests of the Class and have no interests that are adverse to, or which materially and irreconcilably conflict with, the interests of the other members of the Class.

30. The self-interests of Plaintiff are co-extensive with and not antagonistic to those of absent Class members. Plaintiff will undertake to represent and protect the interests of absent Class members.

31. Plaintiff has engaged the services of counsel indicated below who are experienced in complex class litigation and life insurance matters, will adequately prosecute this action, and will assert and protect the rights of and otherwise represent Plaintiff and the putative Class members.

32. ***The Commonality of Questions of the Law and Fact***: The claims of Plaintiff and other members of the Extension Class involve common questions of law and fact, including:

   a. Whether Wilco claims the right to systematically reduce the death proceeds paid under the Settlement Agreement's Extension Benefit through its imposition of the Retroactive Premium Charge;

   b. Whether Wilco has thereby breached or anticipatorily breached its contractual obligations owed to Plaintiff and other members of the Extension Class under the Settlement Agreement; and

   c. Whether Plaintiff and other members of the Extension Class are eligible for and entitled to restitution, compensatory damages, or such other relief as the Court may direct.

33. ***Typicality of the Claims or Defenses of the Class Representatives***: Plaintiff's claims and defenses are typical of the claims and defenses of the other members of the Extension Class: Plaintiff is both the owner of policies subject to the Extension Benefit and the beneficiary under those policies following the death of the insured during the Extension Period.

34. ***Rule 23(b)(3)***: This action is appropriate as a class action pursuant to Federal Rule of Civil Procedure 23 (b)(3).

35. The common questions of law and fact listed above predominate over any individualized questions.

36. A class action is superior to other available methods for the fair and

8
CLASS ACTION COMPLAINT

efficient adjudication of this controversy, for the following reasons:

    a. Few, if any, Extension Class members could afford cost-effective legal redress on an individual basis for the wrongs that Wilco has committed against them, and absent Class members have no substantial interest in individually controlling the prosecution of individual actions;

    b. Once Wilco's liability has been adjudicated with respect to its application and/or collection of the Retroactive Premium Charge, claims of all members of the Class can be determined by the Court;

    c. This action will ensure an orderly and expeditious administration of the Class's claims and foster economies of time, effort, and expense, and ensure uniformity of decisions and compliance by Wilco with the Settlement Agreement;

    d. Without a class action, many Class Members would continue to suffer injury, and Wilco 's actions will continue without redress while it continues to reap and retain the substantial proceeds and reductions in its future liabilities derived from its wrongful conduct; and

    e. This action does not present any undue difficulties that would impede its management by the Court as a class action.

37. A class action is superior to other available means for the fair and efficient adjudication of this controversy. The injuries suffered by individual Class Members are, though important to them, relatively small compared to the burden and expense of individual prosecution needed to address Wilco's conduct. Individualized litigation presents a potential for inconsistent or contradictory

judgments. In contrast, a class action presents far fewer management difficulties; allows the hearing of claims that might otherwise go unaddressed; and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

38. ***Nature of Notice to the Proposed Class.*** The names and addresses of all members of the Extension Class are contained in the business records maintained by Wilco and are readily available to Wilco. The Extension Class members are thus readily and objectively identifiable. Plaintiff contemplates that notice will be provided to Class members by direct mail.

## **FIRST CAUSE OF ACTION**

*(Breach of Contract)*

39. Plaintiff refers to the prior paragraphs of this Complaint and incorporate those paragraphs as though set forth in full in this cause of action.

40. The Settlement Agreement is an enforceable contract between Wilco and Plaintiff and other members of the Extension Class, incorporated and approved by the Court in an enforceable Final Judgment.

41. At all relevant times, Plaintiff and members of the Extension Class performed all their obligations under the Settlement Agreement.

42. As alleged above, Wilco owed duties and obligations to Plaintiff and the Extension Class members under the Settlement Agreement, including, but not limited to, the extension of coverage during the Extension Period at no cost or charge to them and the payment of death proceeds thereunder without reduction for the Retroactive Premium Charge.

43. Through its unilateral deduction of the Retroactive Premium Charge, Wilco has materially breached and/or anticipatorily breached the terms and provisions of the Settlement Agreement.

44. Wilco's conduct and material breaches of the Settlement Agreement have caused or will cause damage to Plaintiff and the other members of the Extension Class in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Extension Class, prays for relief as follows:

A. An Order certifying this action to proceed as a class action on behalf of the Extension Class, and appointing Plaintiff and the counsel listed below to represent the Extension Class;

B. An Order determining and declaring that Wilco's reduction of death proceeds paid under the Extension Benefit by the Retroactive Premium Charges constitutes a material breach of the Settlement Agreement, and that Wilco must pay the full death proceeds due under the Extension Benefit without cost to the policyowner or beneficiary as provided in the Settlement Agreement;

C. An Order awarding restitution or compensatory damages to Plaintiff and the other beneficiary members of the Extension Class, plus prejudgment and post-judgment interest;

D. An Order awarding Plaintiff and all members of the Extension Class such other equitable relief as the Court deems proper;

E. An Order awarding attorneys' fees, expert witness fees and other costs pursuant to applicable common fund jurisprudence; and

F. An Order awarding such other and further relief as may be just.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial of all issues triable by jury.

////

////

11
CLASS ACTION COMPLAINT

Dated: March 13, 2019.

**BONNETT, FAIRBOURN, FRIEDMAN & BALINT, PC**

/s/Patricia N. Syverson
Patricia N. Syverson (SBN: 203111)
psyverson@bffb.com
Manfred P. Muecke (SBN: 222893)
mmuecke@bffb.com
600 West Broadway, #900
San Diego, CA 92101
Telephone: (619) 798-4292
Fax: (602) 274-1199

Andrew S. Friedman (*Pro Hac Vice pending*)
afriedman@bffb.com
Francis J. Balint, Jr. (*Pro Hac Vice pending*)
fbalint@bffb.com
2325 East Camelback Road, Suite 300
Phoenix, Arizona 85016
Telephone: (602) 274-1100
Fax: (602) 274-1199

**Frank E. McLain Law Firm**
Frank E. McLain (*Pro Hac Vice pending*)
frank@fmclainlaw.com
8340 Meadow Road, Suite 232
Dallas, TX 75231
Telephone: 214-378-8585
Fax: 214-378-5561 (FAX)

*Attorneys for Plaintiff*