**LOCKE LORD LLP**
Jamie Mei Cheng [Cal. Bar No. 298750]
jamie.cheng@lockelord.com
300 S. Grand Avenue, Suite 2600
Los Angeles, CA  90071
T: (213) 485-1500
F: (213) 485-1200

Carl C. Scherz [*Pro Hac Vice*]
cscherz@lockelord.com
Taylor Brinkman [*Pro Hac Vice*]
tbrinkman@lockelord.com
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
T: (214) 740-8583
F: (214) 756-8583

*Attorneys for Defendant,*
*Wilco Life Insurance Company*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LSCC LLC, an Arkansas limited liability corporation, individually and on behalf of itself and all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>WILCO LIFE INSURANCE COMPANY f/k/a CONSECO LIFE INSURANCE COMPANY,<br><br>　　　　　Defendant. | Case No. 2:19-cv-01854-PSG (MRWx)<br><br>**NOTICE OF SETTLEMENT AGREEMENT AND FILING IN MDL ACTION**<br><br>Complaint Filed: March 13, 2019<br><br>Judge:　　Hon. Philip S. Gutierrez |

94099809v.1

The Parties have executed a Settlement Agreement (the "Grace Period Settlement Agreement"), and as previously reported to the Court, are filing a Joint Notice of the settlement in the underlying MDL Proceeding.  A copy of the Joint Notice, Stipulation of Addendum, and the underlying Grace Period Settlement Agreement are attached hereto for the Court's reference.

Dated: July 30, 2021.

**LOCKE LORD LLP**

/s/ Carl C. Scherz
Carl C. Scherz  (*Pro Hac Vice* Pending)
cscherz@lockelord.com
Taylor Brinkman (*Pro Hac Vice* Pending)
tbrinkman@lockelord.com
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
T: (214) 740-8497
F: (214) 756-8497

Jamie Mei Cheng (SBN 298750)
jamie.cheng@lockelord.com
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071
T: (213) 485-1500
F: (213) 485-1200

*Attorneys for Defendant*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the above and foregoing instrument has been served on all counsel of record via ECF electronic delivery on this the 30th day of July, 2021.

/s/ Carl C. Scherz
Carl C. Scherz

1

94099809v.1

1   **BONNETT, FAIRBOURN,**
    **   FRIEDMAN & BALINT, P.C.**
2   Andrew S. Friedman (*Pro Hac Vice*)
    afriedman@bffb.com
3   2325 East Camelback Road
    Suite 300
4   Phoenix, Arizona 85016
    Tel: (602) 274-1100
5   Fax: (602) 274-1199

6   *Co-Lead and Class Counsel*
7   *For Class Plaintiffs in MDL No. 1610*

8   **LOCKE LORD LLP**
9   Jamie Mei Cheng [Cal. Bar No. 298750]
    jamie.cheng@lockelord.com
10  300 S. Grand Avenue, Suite 2600
    Los Angeles, CA  90071
11  T: (213) 485-1500
    F: (213) 485-1200
12
    Carl C. Scherz [*Pro Hac Vice*]
13  cscherz@lockelord.com
    Taylor Brinkman [*Pro Hac Vice*]
14  tbrinkman@lockelord.com
    2200 Ross Avenue, Suite 2200
15  Dallas, Texas 75201
    T: (214) 740-8583
16  F: (214) 756-8583

17  *Attorneys for Defendant,*
    *Wilco Life Insurance Company*
18

19              **UNITED STATES DISTRICT COURT**

20              **CENTRAL DISTRICT OF CALIFORNIA**

21
    IN RE: CONSECO LIFE INSURANCE     MDL No. 04-1610 AHM (MCX)
22  COST OF INSURANCE LITIGATION
23                                    **JOINT NOTICE OF**
                                      **STIPULATION OF ADDENDUM**
24                                    **TO THE SETTLEMENT**
                                      **AGREEMENT IN THIS ACTION -**
25                                    **REGARDING THE**
                                      **IMPLEMENTATION OF**
26                                    **SETTLEMENT CLASS RELIEF**
27
28

92469413v.3

Defendant Conseco Life Insurance Company, Class Member LSCC, LLC ("LSCC"), and Class Counsel Bonnett Fairbourn Friedman & Balint, PC ("Class Counsel") file this Joint Notice of Stipulation of Addendum to the Settlement Agreement in this Action - Regarding the Implementation of Settlement Class Relief.  Since the approval of the settlement in this Action in 2007, Conseco Life Insurance Company changed its name to Wilco Life Insurance Company, and recently changed its name to Wilcac Life Insurance Company by virtue of a merger; however, it is referred to herein for convenience as "Wilco Life." Wilco Life, Class Counsel, and LSCC are collectively referred to herein as the Parties.

A disagreement arose regarding the implementation of class relief under the Stipulation of Settlement previously approved by this Court.  Since that time, the Parties have reached an agreement that will provide for a resolution of this disagreement. In furtherance of this resolution, the Parties respectfully request that the Court recognize and take notice of the Stipulation of Addendum by Order of the Court or, in the alternative, to approve the Stipulation of Addendum by Order of the Court.

## **BACKGROUND**

### **A.**    **Underlying Stipulation of Settlement**

1.    In September of 2006, a class settlement was reached and executed in this Action in which the settlement class was defined as: "All persons who own or owned a Lifestyle Policy or a Lifetime Policy excluding: (i) those Lifestyle Policies or Lifetime Policies listed in [Exhibit C to the Stipulation of Settlement as defined below] that were timely excluded from the classes certified by the Court on April 26 and 27, 2005, in accordance with the procedures established by the Court; (ii) those persons who own or owned a Lifestyle Policy or a Lifetime Policy that terminated on or before the Eligibility Date for which the insured has died; and (iii)

1

92469413v.3

each person who is or was a Director, officer or employee of Defendant(s)" (the "COI Class").

2. The terms of the class settlement were set forth in a written settlement agreement (the "Stipulation of Settlement"), and the Court finally approved the Stipulation of Settlement and entered the Final Judgment of Class Action (Doc. 532) (the "Final Judgment")) in this Action on July 3, 2007.

3. In the Final Judgment entered in this Action pursuant to the terms of the Stipulation of Settlement, the Court approved the settlement of all cost of insurance ("COI") claims alleged against Conseco Life Insurance Company ("Conseco Life") in the Action ("the COI Class Settlement") on behalf of the COI Class.

4. The Court also approved, as part of the COI Class Settlement, the release and waiver of claims by the COI Class against Conseco Life and its successor entities, among others, as specified in Section V of the Stipulation of Settlement and Paragraph 7 of the Final Judgment ("the COI Class Release").

5. The COI Class Release released "any and all claims for attorneys' fees, costs, or disbursements incurred by Class Counsel for Plaintiffs, Plaintiffs, or the Class Members, or any of them, in connection with the Action, the settlement of the Action, or the administration of such settlement, except to the extent otherwise specified in this Agreement." Final Judgment, at p.6.

6. In addressing the award and allocation of attorneys' fees and expenses under the COI Class Settlement, the Stipulation of Settlement provided: "Class Counsel, in their sole discretion, shall allocate and distribute this award of Attorneys' Fees and Expenses among all of the counsel who have made a substantial contribution on behalf of the Class in the Action. Defendants shall not be liable for or obliged to pay any other attorneys' fees or expenses to counsel representing Plaintiffs or the Class in this Action in connection with the Action, other than the

2

amount or amounts expressly provided for in this Agreement." Stipulation of Settlement ¶ VI(B)(3).

7.     In the Final Judgment the Court also issued a permanent injunction whereby:

> All Class Members are hereby permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in or continuing (as class representatives, class members or otherwise), or receiving any benefits from any lawsuit, arbitration, claim or administrative, regulatory or any other proceeding or order in any jurisdiction based on or relating in any way, directly or indirectly, to the claims and causes of action in, or the subject matter of, the Action and/or the Released Transactions (as that term is defined in the Settlement Agreement). In addition, all persons are hereby permanently barred and enjoined from filing, commencing, prosecuting or maintaining any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations, continuing a previously initiated action, or by seeking class certification in a pending action in any jurisdiction) on behalf of Class Members who have not been timely excluded from the Class, if such other class action is based on or relates in any way, directly or indirectly, to the claims and causes of action in, or the subject matter, of the Action and/or the Released Transactions (as that term is defined in the Settlement Agreement). The Court finds that issuance of this permanent injunction is necessary and appropriate in aid of the Court's jurisdiction over the action and to protect and effectuate this Final Judgment.

92469413v.3

**B.    The Grace Period Action**

8.    As part of the settlement relief, the COI Class Settlement provided for a death benefit extension period for certain qualifying members of the COI Class. Stipulation of Settlement ¶ III(A)(5).

9.    In addressing class settlement relief that provided extended insurance coverage to in force class members under the COI Class Settlement, the Stipulation of Settlement provided:

> The In-Force Death Benefit Extension will begin to provide extended insurance coverage on the Termination Date of each In-Force Policy. When the In-Force Death Benefit Extension period commences, Conseco Life shall discontinue billing the Class Member for additional premiums. The In-Force Policy shall terminate upon the expiration of the applicable In-Force Death Benefit Extension. The In-Force Death Benefit Extension period shall remain the same regardless of any future premium payments made or not made with respect to the In-Force Policy; however, any premiums paid on an annual basis that exceed the premium that was paid during calendar year 2005 will operate to defer the date when the In-Force Death Benefit Extension will begin to provide the extended insurance coverage, thereby lengthening the period of coverage under the Policy. The Class Notice will so inform Class Members. As soon as practicable after the Implementation Date, In-Force Class Members receiving the In-Force Death Benefit Extension will receive a certificate of benefits, which clearly discloses, among other things, that the In-Force Death Benefit Extension is part of the existing in-force policy and is not a separate policy.

4

Stipulation of Settlement ¶ III(A)(5).

10.     Since the approval of the COI Class Settlement, a disagreement arose regarding the implementation of the death benefit extension period.  On March 13, 2019, LSCC, as a member of the COI Class, commenced a putative class action on behalf of the COI Class in the Central District of California, styled *LSCC LLC v. Wilco Life Ins. Co.*, Case No. 2:19-cv-01854-PSG (MRWx) ("the Grace Period Action").  LSCC challenged the deduction of "grace period" premiums from certain "Extended Death Benefit" payments ("the Grace Period Claims") made under the COI Class Settlement by Conseco Life and, thereafter, Wilco Life as Conseco Life's successor-in-interest.

11.     LSCC and its counsel sought recovery of the alleged deductions of grace period premiums for the Grace Period Claims and attorneys' fees in bringing the Grace Period Action.

12.     Wilco Life denied LSCC's claims and filed a motion to dismiss the claims in the Grace Period Action, which the district court granted by order dismissing the Grace Period Action on August 14, 2019.  The district court held that LSCC failed to state a plausible breach of contract claim concluding that the plain language of the settlement agreement and the original policies authorized Wilco Life to deduct grace period premiums from policy proceeds.

13.     Whereas, LSCC appealed the dismissal to the Ninth Circuit Court of Appeals, and the Ninth Circuit Court of Appeals reversed the dismissal and remanded the Grace Period Action to the district court, holding that LSCC correctly pointed out, "[t]here is no provision anywhere in the Policy Contract, let alone in the governing Settlement Agreement, that provides for the payment of an 'accrued' grace period premium. ... [T]he word 'accrued' appears nowhere ..., nor do[es] ... any equivalent or comparable terminology"; and that the grace period premium

5

charge that Wilco Life imposed upon LSCC could only be attributed to the Death Benefit Extension Period resulting from the settlement.

14.     The Grace Period Claims have been vigorously contested by Wilco Life resulting in extended and costly litigation at both the trial court and appellate court levels.

**C.     Authority to resolve disputes under the Final Judgment**

15.     Paragraph 11 of the Final Judgment provides that the Court in the MDL Action "expressly retains exclusive jurisdiction as to all matters relating to the administration, consummation, enforcement and interpretation of the [COI Class Settlement] and of this Final Judgment, and for any other necessary purpose . . . ." Such continuing jurisdiction of the Court in the MDL Action expressly includes jurisdiction for "(a) enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement, or this Final Judgment (including, without limitation, whether a person or entity is or is not a Class Member; whether claims or causes of action allegedly related to this case are or are not barred by this Final Judgment, etc.); (b) entering such additional Orders as may be necessary or appropriate to protect or effectuate this Final Judgment approving the Settlement Agreement, dismissing all claims on the merits and with prejudice, and permanently enjoining Class Members from initiating or pursuing related proceedings, or to ensure the fair and orderly administration of this settlement; and (c) entering any other necessary or appropriate Orders to protect and effectuate this Court's retention of continuing jurisdiction . . . ."

16.     Paragraph XV(G) of the Stipulation of Settlement provided that "Any disagreement and/or action to enforce this Agreement shall be commenced and maintained only in the [Court in the MDL Action]."

92469413v.3

17.     Paragraph 10 of the Final Judgment provides "After entry of the [Final Judgment] … the Parties may by written agreement effect such amendments, modifications, or expansions of this Agreement and its implementing documents (including all exhibits hereto) without further notice to the [COI] Class or approval by the Court if such changes are consistent with the Court's [Final Judgment] and do not materially limit the rights of [COI] Class Members under this [COI Class Settlement]."

18.     Class Counsel, LSCC, and Wilco Life have reached a resolution regarding the implementation of the death benefit extension period.

19.     By virtue of the Stipulation of Addendum to the Settlement Agreement in this Action - Regarding the Implementation of Settlement Class Relief and the Grace Period Settlement Agreement, which are attached hereto as Exhibit A,  Class Counsel, LSCC, and Wilco Life agree that: (a) the terms of the Grace Period Settlement Agreement appropriately clarify the deducting of grace period premiums from death benefit payments made under the Stipulation of Settlement; (b) Wilco Life will cease deducting grace period premiums from death benefit payments made under the COI Settlement, pursuant to the terms of the Grace Period Settlement Agreement; (c) Wilco Life will reimburse and pay to beneficiaries under the COI Class policies some or all of the amounts previously deducted from payments made under the COI Settlement as grace period premiums, pursuant to the terms of the Grace Period Settlement Agreement; and (d) LSCC will voluntarily dismiss the Grace Period Action with prejudice.

92469413v.3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## REQUEST THAT THE COURT RECOGNIZE AND TAKE NOTICE OF, OR IN THE ALTERNATIVE, APPROVE THE STIPULATION OF ADDENDUM

20.     The Parties respectfully request that the Court recognize and take notice of the Stipulation of Addendum by Order of the Court or, in the alternative, to approve the Stipulation of Addendum by Order of the Court.

21.     A legitimate dispute has arisen regarding the proper interpretation of the Stipulation of Settlement as to In-Force Policies in the COI Class and whether Wilco Life is entitled to bill for premiums during the grace period leading up to policy termination and before the In-Force Death Benefit Extension.

22.     Wilco Life has vigorously contested the Grace Period Claims and LSCC's construction of the Stipulation of Settlement.  Among other things, Wilco Life contends that:

a.     The issues in dispute in the Grace Period Action are subject to the permanent injunction and continuing jurisdiction of the Court in the MDL Court Action pursuant to the Final Judgment, and therefore, they cannot proceed forward in the Grace Period Action.

b.     LSCC is not entitled to additional relief individually and on behalf of the COI Class because the Stipulation of Settlement's requirement that Wilco Life only "discontinue billing the Class Member for additional premium" once "the In-Force Death Benefit Extension period commences," implicitly and explicitly permits and contemplates that Wilco Life would bill for the prior time period including during the grace period.

c.     California's four (4) year statute of limitations bars recovery of previously collected premiums for a substantial number of the COI Class because they were notified that the premiums had been deducted at the time of payment of the death benefit.  Wilco Life contends that it expressly notified class members in writing when they were paid their death benefits--since 2007--that the premiums

8

92469413v.3

for the grace period had been deducted at the time of payment of the death benefit. Wilco Life contends that, at the very least, members of the COI Class that were paid more than four (4) years prior to the filing of the Grace Period Action—March 18, 2015—would be barred by California's statute of limitations because they were notified that the premiums had been deducted at the time of payment of the death benefit.

          d.     LSCC is not entitled to seek additional amounts for attorneys' fees arising from administration and resolution of issues pertaining to the Grace Period Action because such relief is precluded by the terms of the Stipulation of Settlement and Final Judgment.  In addressing the award and allocation of attorneys' fees and expenses, the Stipulation of Settlement provided: "Class Counsel, in their sole discretion, shall allocate and distribute this award of Attorneys' Fees and Expenses among all of the counsel who have made a substantial contribution on behalf of the Class in the Action. Defendants shall not be liable for or obliged to pay any other attorneys' fees or expenses to counsel representing Plaintiffs or the Class in this Action in connection with the Action, other than the amount or amounts expressly provided for in this Agreement."  Stipulation of Settlement ¶ VI(B)(3).  Additionally, the COI Class Release released "any and all claims for attorneys' fees, costs, or disbursements incurred by Class Counsel for Plaintiffs, Plaintiffs, or the Class Members, or any of them, in connection with the Action, the settlement of the Action, or the administration of such settlement, except to the extent otherwise specified in this Agreement."  Final Judgment at p.6.  Thus, Wilco Life contends that LSCC and the COI Class would have to pay their own attorney's fees and expenses which could be substantial and could exhaust any recovery, completely or to a large extent.

      23.    LSCC disputes the aforementioned contentions asserted by Wilco, and contends that (a) the plain language of the Settlement Agreement (which extends

insurance coverage after termination of the Grace Period at no cost to the Settlement Class Members) precludes the imposition of any charges and that the plain language of the original insurance policy contracts also does not require LSCC or other policy owners to pay any such Grace Period premiums because such charges become due only when the insured dies during the Grace Period; (b) the claims asserted on behalf of the Class are timely; and (c) an award of attorneys' fees is authorized by Cal. Code Civ. Proc. § 1021.5 (as applied by this Court in *Yue v. Conseco Life Ins. Co.*, 2011 WL 13176748) and by the catalyst theory applicable under California law.

24.     This dispute has resulted in extended and costly litigation at both the trial court and appellate court levels.

25.     Class Counsel and LSCC acknowledge the risks, additional burden, cost, expense, and unavoidable uncertainty associated with continued litigation.

26.     Class Counsel and LSCC believe that the settlement provided for in the Grace Period Settlement Agreement is preferable to continued litigation which could lead to a much smaller or no recovery for the members of the COI Class with respect to the Grace Period Claims.

27.     LSCC and Class Counsel, therefore, desire to settle the Grace Period Action and all claims asserted therein and related thereto through the execution of the Grace Period Settlement Agreement.

28.     Paragraph 10 of the Final Judgment provides "After entry of the [Final Judgment] … the Parties may by written agreement effect such amendments, modifications, or expansions of this Agreement and its implementing documents (including all exhibits hereto) without further notice to the [COI] Class or approval by the Court if such changes are consistent with the Court's [Final Judgment] and do not materially limit the rights of [COI] Class Members under this [Class COI Settlement]".

29.     The Parties believe that the Grace Period Settlement Agreement satisfies Paragraph 10 of the Final Judgment in that the provisions of the Grace Period Settlement Agreement do not materially limit the rights of members of the COI Class.

30.     The resolution agreed to in the Grace Period Settlement Agreement and the construction of the Stipulation of Settlement set forth in the Grace Period Settlement Agreement and in the Stipulation of Addendum, are an appropriate resolution of the claims raised in the Grace Period Action in light of Wilco Life's defenses and, given the nature of the adverse, competing arguments.

31.     The Grace Period Settlement Agreement provides additional relief to members of the COI Class that they might not otherwise be entitled to obtain through continued litigation.  Specifically, for policies in the COI Class Settlement for which the Extended Death Benefit was reduced by a grace period premium and in which the payment was made on or after February 1, 2015, Wilco Life will pay approximately $1,176,028 divided proportionally to the respective beneficiaries based upon the specific reduction from each policy. This amount is a refund of approximately 100% of the amounts reduced by Wilco Life for grace period premium applicable to the policies listed in Exhibit D of the Grace Period Settlement Agreement. For policies in the COI Class Settlement for which the Extended Death Benefit was reduced by a grace period premium and in which the payment was made before February 1, 2015, Wilco Life will pay approximately $162,500 divided proportionally to the respective beneficiaries based upon the specific reduction from each policy. This amount is a refund of approximately 40% of the amounts reduced by Wilco Life for grace period premium applicable to the policies listed in Exhibit E of the Grace Period Settlement Agreement.  If additional expense is required for administrative reasons as set forth in the Grace Period Settlement Agreement, these amounts could be proportionally less. The Grace

11

Period Settlement Agreement also pays an additional $225,000 to be used for attorneys' fees, costs, and expenses of Class Counsel for bringing the Grace Period Action and achieving this resolution.

32. In contrast, the defenses asserted by Wilco Life result in uncertainties if litigation continues and there is no settlement. Wilco Life's statute of limitation argument creates uncertainty as to whether members of the COI Class Settlement could recover anything for the Grace Period Claims. Furthermore, the prosecution of this matter may either (i) result in no recovery; (ii) result in no award of additional amounts for attorneys' fees and expenses; and/or (iii) result in the exhaustion of any recovery by way of incurred attorneys' fees and expenses.

33. Accordingly, LSCC, Class Counsel, and Wilco Life ask the Court to recognize and take notice of the Stipulation of Addendum by Order of the Court or, as necessary and in the alternative, to approve the Stipulation of Addendum.

34. In so doing, the Parties respectfully request that the Court, in its Order, recognize and take notice that:

a. The terms and provisions of the Grace Period Settlement Agreement (i) are consistent with the Final Judgment, and (ii) do not materially limit the rights of the members of the COI Class within the meaning of paragraph 10 of the Final Judgment.

b. The Stipulation of Addendum resolves any and all claims arising from, related to, or connected with the past handling of and charges for the Grace Period as alleged in the Grace Period Action.

c. The resolution agreed to in the Grace Period Settlement Agreement, and the construction of the Stipulation of Settlement set forth in the Grace Period Settlement Agreement and in the Stipulation of Addendum, are an appropriate resolution of the claims raised in the Grace Period Action

12

in light of Wilco Life's defenses and, given the nature of the adverse, competing arguments.

d.      Nothing in the Grace Period Settlement Agreement shall amend, limit, modify or diminish in any respect the protections, operation and effect of the COI Class Release in Paragraph 7 of the Final Judgment.

e.      The COI Class Release set forth in the Stipulation of Settlement and Final Judgment shall continue to be binding upon the members of the COI Class and their beneficiaries and all other releasees subject thereto. This Settlement Agreement shall not be construed to narrow the scope of the release in the Stipulation of Settlement and Final Judgment.

f.      The Court shall continue to exercise continuing jurisdiction over the COI Class Settlement in accordance with Paragraph 11 of the Final Judgment.

g.      Accordingly, any disputes arising from the Grace Period Settlement Agreement, the Stipulation of Addendum, the Joint Notice, and any issues arising from, related to, or connected with the handling of and charges for the Grace Period will continue to be subject to the Final Judgment and this Court's injunction and continuing ancillary jurisdiction.

## CONCLUSION AND PRAYER

For the reasons explained above, the Parties respectfully request that the Court recognize and take notice of the Stipulation of Addendum by Order of the Court or, as necessary and in the alternative, to approve the Stipulation of Addendum.

92469413v.3

Dated: July 30, 2021.

**BONNETT, FAIRBOURN, FRIEDMAN
 & BALINT, PC**

/s/ Andrew S. Friedman
Andrew S. Friedman (admitted *Pro Hac Vice*)
afriedman@bffb.com
2325 East Camelback Road, Suite 300
Phoenix, Arizona 85016
Telephone: (602) 274-1100
Fax: (602) 274-1199

*Co-Lead and Class Counsel
For Class Plaintiffs in MDL No. 1610*


**LOCKE LORD LLP**

/s/ Carl C. Scherz
Jamie Mei Cheng (SBN 298750)
jamie.cheng@lockelord.com
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071
T: (213) 485-1500
F: (213) 485-1200

Carl C. Scherz [*Pro Hac Vice*]
cscherz@lockelord.com
Taylor Brinkman [*Pro Hac Vice*]
tbrinkman@lockelord.com
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
T: (214) 740-8583
F: (214) 756-8583

*Attorneys for Defendant Conseco Life Insurance
Company n/k/a Wilcac Life Insurance Company*

14

92469413v.3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

IN RE: CONSECO LIFE INSURANCE
COST OF INSURANCE LITIGATION

MDL No. 04-1610 AHM (MCX)

**ORDER ACKNOWLEDGING
AND CONFIRMING THE
STIPULATION OF ADDENDUM
TO THE SETTLEMENT
AGREEMENT IN THIS ACTION –
REGARDING THE
IMPLEMENTATION OF
SETTLEMENT CLASS RELIEF**

Came on for consideration this day, the Joint Notice of Stipulation of Addendum to the Settlement Agreement - Regarding the Implementation of Settlement Class Relief (the "Joint Notice"), filed by Defendant Conseco Life Insurance Company, Class Member LSCC, LLC ("LSCC"), and Class Counsel Bonnett Fairbourn Friedman & Balint, PC ("Class Counsel"). Upon review of the Joint Notice and accompanying exhibits, the Court acknowledges and confirms the Stipulation of Addendum and the underlying Grace Period Settlement Agreement.

It is, therefore, ORDERED that the Court acknowledges and confirms that:

a. The terms and provisions of the Grace Period Settlement Agreement submitted with the Joint Notice (i) are consistent with the Final Judgment in this Action, and (ii) do not materially limit the rights of the members of the COI Class within the meaning of paragraph 10 of the Final Judgment.

b. The Stipulation of Addendum resolves any and all claims arising from, related to, or connected with the past handling of and charges for the Grace Period as alleged in the Grace Period Action.

92469413v.3

c.     The resolution agreed to in the Grace Period Settlement Agreement, and the construction of the Stipulation of Settlement set forth in the Grace Period Settlement Agreement and in the Stipulation of Addendum, are an appropriate resolution of the claims raised in the Grace Period Action in light of Wilco Life's defenses and, given the nature of the adverse, competing arguments.

d.     Nothing in the Grace Period Settlement Agreement shall amend, limit, modify or diminish in any respect the protections, operation and effect of the COI Class Release in Paragraph 7 of the Final Judgment.

e.     The COI Class Release set forth in the Stipulation of Settlement and Final Judgment shall continue to be binding upon the members of the COI Class and their beneficiaries and all other releasees subject thereto. The Grace Period Settlement Agreement shall not be construed to narrow the scope of the release in the Stipulation of Settlement and Final Judgment.

f.     The Court shall continue to exercise continuing jurisdiction over the COI Class Settlement in accordance with Paragraph 11 of the Final Judgment.

g.     Any disputes arising from the Grace Period Settlement Agreement, the Stipulation of Addendum, the Joint Notice, and any issues arising from, related to, or connected with the handling of and charges for the Grace Period will continue to be subject to the Final Judgment and this Court's injunction and continuing ancillary jurisdiction.


SIGNED this the ____ day of _____, 2021.


_____
The Honorable Philip S. Gutierrez
United States Chief District Court Judge

1

1

**BONNETT, FAIRBOURN,**
2    **FRIEDMAN & BALINT, P.C.**
Andrew S. Friedman (*Pro Hac Vice*)
3    afriedman@bffb.com
2325 East Camelback Road
4    Suite 300
Phoenix, Arizona 85016
5    Tel: (602) 274-1100
Fax: (602) 274-1199

6
*Co-Lead and Class Counsel*
7    *For Class Plaintiffs in MDL No. 1610*

8

**LOCKE LORD LLP**
9    Jamie Mei Cheng [Cal. Bar No. 298750]
jamie.cheng@lockelord.com
10   300 S. Grand Avenue, Suite 2600
Los Angeles, CA  90071
11   T: (213) 485-1500
F: (213) 485-1200
12

Carl C. Scherz [*Pro Hac Vice*]
13   cscherz@lockelord.com
Taylor Brinkman [*Pro Hac Vice*]
14   tbrinkman@lockelord.com
2200 Ross Avenue, Suite 2200
15   Dallas, Texas 75201
T: (214) 740-8583
16   F: (214) 756-8583

17   *Attorneys for Defendant,*
*Wilco Life Insurance Company*
18

19               **UNITED STATES DISTRICT COURT**

20               **CENTRAL DISTRICT OF CALIFORNIA**

21   IN RE: CONSECO LIFE INSURANCE
COST OF INSURANCE LITIGATION         MDL No. 04-1610 AHM (MCX)
22

23

24                                    **STIPULATION OF ADDENDUM**
                                      **TO THE SETTLEMENT**
25                                    **AGREEMENT IN THIS ACTION**
                                      **- REGARDING THE**
26                                    **IMPLEMENTATION OF**
                                      **SETTLEMENT CLASS RELIEF**
27

28

92305245v.3

Defendant Conseco Life Insurance Company, Class Member LSCC, LLC ("LSCC"), and Class Counsel Bonnett Fairbourn Friedman & Balint, PC ("Class Counsel") file this Stipulation of Addendum to the Settlement Agreement in this Action - Regarding the Implementation of Settlement Class Relief.  Since the approval of the settlement in this Action in 2007, Conseco Life Insurance Company changed its name to Wilco Life Insurance Company, and recently changed its name to Wilcac Life Insurance Company by virtue of a merger; however, it is referred to herein for convenience as "Wilco Life." Wilco Life, Class Counsel, and LSCC are collectively referred to herein as the Parties.

A.     Whereas, a class settlement was reached and executed in September of 2006 in this Action in which the settlement class was defined as: "All persons who own or owned a Lifestyle Policy or a Lifetime Policy excluding: (i) those Lifestyle Policies or Lifetime Policies listed in [Exhibit C to the Stipulation of Settlement as defined below] that were timely excluded from the classes certified by the Court on April 26 and 27, 2005, in accordance with the procedures established by the Court; (ii) those persons who own or owned a Lifestyle Policy or a Lifetime Policy that terminated on or before the Eligibility Date for which the insured has died; and (iii) each person who is or was a Director, officer or employee of Defendant(s)" (the "COI Class").

B.     Whereas, the terms of the COI Class Settlement were set forth in a written settlement agreement (the "Stipulation of Settlement"), and the Court finally approved the Stipulation of Settlement and entered the Final Judgment of Class Action (Doc. 532) (the "Final Judgment")) in this Action on July 3, 2007.

C.     Whereas, in the Final Judgment entered in this Action, the Court approved the settlement of all cost of insurance ("COI") claims alleged against Conseco Life Insurance Company ("Conseco Life") in the Action ("the COI Class Settlement") on behalf of the COI Class.

1

92305245v.3

D.      Whereas, in the Final Judgment, the Court approved, as part of the COI Class Settlement, the release and waiver of claims by the COI Class against Conseco Life and its successor entities, among others, as specified in Section V of the Stipulation of Settlement and Paragraph 7 of the Final Judgment ("the COI Class Release").

E.      Whereas, as part of the settlement relief, the COI Class Settlement provided for a death benefit extension period for certain qualifying members of the COI Class.  Stipulation of Settlement ¶ III(A)(5).

F.      Whereas, a disagreement arose regarding the implementation of the death benefit extension period, and on March 13, 2019, LSCC as a member of the COI Class commenced a putative class action on behalf of the COI Class in the Central District of California, styled *LSCC LLC v. Wilco Life Ins. Co.*, Case No. 2:19-cv-01854-PSG (MRWx) ("the Grace Period Action"), in which LSCC challenged the deduction of "grace period" premiums from certain "Extended Death Benefit" payments ("the Grace Period Claims") made pursuant to the Class COI Settlement by Conseco Life and by Wilco Life as Conseco Life's successor-in-interest.

G.      Whereas, Paragraph 11 of the Final Judgment provides that the Court in the MDL Action "expressly retains exclusive jurisdiction as to all matters relating to the administration, consummation, enforcement and interpretation of the [COI Class Settlement] and of this Final Judgment, and for any other necessary purpose . . . ."  Such continuing jurisdiction of the Court in the MDL Action expressly includes jurisdiction for "(a) enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement, or this Final Judgment (including, without limitation, whether a person or entity is or is not a Class Member; whether claims or causes of action allegedly related to this case are

2

92305245v.3

or are not barred by this Final Judgment, etc.); (b) entering such additional Orders as may be necessary or appropriate to protect or effectuate this Final Judgment approving the Settlement Agreement, dismissing all claims on the merits and with prejudice, and permanently enjoining Class Members from initiating or pursuing related proceedings, or to ensure the fair and orderly administration of this settlement; and (c) entering any other necessary or appropriate Orders to protect and effectuate this Court's retention of continuing jurisdiction . . . ."

H.    Whereas, Paragraph XV(G) of the Stipulation of Settlement provided that any "Any disagreement and/or action to enforce this Agreement shall be commenced and maintained only in the [Court in the MDL Action]."

I.    Whereas, Paragraph 10 of the Final Judgment provides "After entry of the [Final Judgment] … the Parties may by written agreement effect such amendments, modifications, or expansions of this Agreement and its implementing documents (including all exhibits hereto) without further notice to the [COI] Class or approval by the Court if such changes are consistent with the Court's [Final Judgment] and do not materially limit the rights of [COI] Class Members under this [COI Class Settlement]."

J.    Whereas, Class Counsel, LSCC, and Wilco Life reached a resolution regarding the implementation of the death benefit extension period.

K.    Whereas, by virtue of this Stipulation of Addendum and the Grace Period Settlement Agreement, Class Counsel, LSCC, and Wilco Life agree to: settle the Grace Period Claims; require LSCC to voluntarily dismiss the Grace Period Action, with prejudice; and to have Wilco Life (a) cease deducting grace period premiums from death benefit payments made under the COI Settlement, for members of the COI Class that die after policy termination and upon commencement of the death benefit extension period provided in the Stipulation of Settlement, and (b) to reimburse and pay to beneficiaries under the COI Class

3

policies some or all of the amounts previously deducted from payments made under the COI Settlement as grace period premiums, for members of the COI Class that died after policy termination and upon commencement of the death benefit extension period provided in the Stipulation of Settlement. The specific terms of the settlement are set forth in the settlement agreement and release attached hereto as Exhibit 1 (the "Grace Period Settlement Agreement").

ACCORDINGLY, subject to the conditions set forth in the Grace Period Settlement Agreement and subject to this Court recognizing and taking notice of this Stipulation of Addendum by Order of the Court or, as necessary and in the alternative, to approve the Stipulation of Addendum by Order of the Court:

1.     Class Counsel, LSCC, and Wilco Life hereby stipulate that the Grace Period Settlement Agreement attached as Exhibit 1 hereto sets forth the terms of the resolution of the Grace Period Claims on behalf of the COI Class, and the Parties confirm their agreement to the terms of the resolution set forth in the Grace Period Settlement Agreement.

2.     Class Counsel, LSCC, and Wilco Life acknowledge that a legitimate dispute has arisen regarding the proper interpretation of the Stipulation of Settlement as to In-Force Policies in the COI Class and whether Wilco Life is entitled to bill for premiums during the grace period leading up to policy termination and before the In-Force Death Benefit Extension, and Class Counsel, LSCC, and Wilco Life hereby stipulate that the construction of the Stipulation of Settlement set forth in the Grace Period Settlement Agreement is an appropriate resolution of the claims raised in the Grace Period Action in light of Wilco Life's defenses and, given the nature of the adverse, competing arguments.

3.     Class Counsel, LSCC, and Wilco Life hereby stipulate that the terms and conditions set forth in the Grace Period Settlement Agreement (a) are consistent

92305245v.3

with the Final Judgment, and (b) do not materially limit the rights of the members of the COI Class within the meaning of Paragraph 10 of the Final Judgment.

4.     Class Counsel, LSCC, and Wilco Life hereby stipulate that nothing in the Grace Period Settlement Agreement shall amend, limit, modify or diminish in any respect the protections, operation and effect of the COI Class Release in Paragraph 7 of the Final Judgment.

5.     Class Counsel, LSCC, and Wilco Life hereby stipulate that the Court shall continue to exercise continuing jurisdiction over the COI Class Settlement in accordance with Paragraph 11 of the Final Judgment.


Dated: July 30, 2021.

**BONNETT, FAIRBOURN, FRIEDMAN**
**& BALINT, PC**

/s/ Andrew S. Friedman
Andrew S. Friedman (admitted *Pro Hac Vice*)
afriedman@bffb.com
2325 East Camelback Road, Suite 300
Phoenix, Arizona 85016
Telephone: (602) 274-1100
Fax: (602) 274-1199

*Co-Lead and Class Counsel*
*For Class Plaintiffs in MDL No. 1610*

5

92305245v.3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**LOCKE LORD LLP**

<u>/s/ Carl C. Scherz</u>
Jamie Mei Cheng (SBN 298750)
jamie.cheng@lockelord.com
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071
T: (213) 485-1500
F: (213) 485-1200

Carl C. Scherz [*Pro Hac Vice*]
cscherz@lockelord.com
Taylor Brinkman [*Pro Hac Vice*]
tbrinkman@lockelord.com
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
T: (214) 740-8583
F: (214) 756-8583

*Attorneys for Defendant Conseco Life Insurance Company n/k/a Wilcac Life Insurance Company*

92305245v.3

**EXHIBIT 1**
**GRACE PERIOD SETTLEMENT AGREEMENT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

92305245v.3

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release is entered into between (1) LSCC, LLC ("LSCC"); (2) Wilco Life Insurance Company f/k/a Conseco Life Insurance Company, and now known as Wilcac Life Insurance Company ("Wilco Life"); and Bonnett Fairbourn Friedman & Balint, PC ("Class Counsel").  LSCC, Wilco Life, and Class Counsel may be referred to collectively as "Parties" or singularly as "Party."  This Settlement Agreement and Release is referred to herein as the "Grace Period Settlement Agreement" and/or the "Settlement Agreement."

## <u>RECITALS</u>

A.      Whereas, one or more putative class actions were initiated against Wilco Life and/or consolidated with the multidistrict litigation proceeding entitled *In Re Conseco Life Insurance Cost of Insurance Litigation*, MDL No. 04-1610 AHM (MCX) ("the MDL Action") in the United States District Court for the Central District of California ("the Court").

B.      Whereas, a class settlement was reached and executed in September of 2006 in the MDL Action (the "COI Class Settlement"), in which the settlement class was defined as: "All persons who own or owned a Lifestyle Policy or a Lifetime Policy excluding: (i) those Lifestyle Policies or Lifetime Policies listed in [Exhibit C to the Stipulation of Settlement] that were timely excluded from the classes certified by the Court on April 26 and 27, 2005, in accordance with the procedures established by the Court; (ii) those persons who own or owned a Lifestyle Policy or a Lifetime Policy that terminated on or before the Eligibility Date for which the insured has died; and (iii) each person who is or was a Director, officer or employee of Defendant(s)" (the "COI Class").  Class Counsel was appointed as one of Class Counsel for the COI Class.

C.      Whereas, the terms of the COI Class Settlement were set forth in a written settlement agreement (the "Stipulation of Settlement"), and the Court finally approved the

Stipulation of Settlement and entered the Final Judgment of Class Action (Doc. 532) (the "Final Judgment")) in the MDL Action on July 3, 2007.

       D.      Whereas, in the Final Judgment entered in the MDL Action, the Court approved the settlement of all "cost of insurance" ("COI") claims alleged against Conseco Life Insurance Company ("Conseco Life") in the MDL Action on behalf of the COI Class.

       E.      Whereas, in addressing class settlement relief that provided extended insurance coverage to in force class members under the COI Class Settlement, the Stipulation of Settlement provided:

> The In-Force Death Benefit Extension will begin to provide extended insurance coverage on the Termination Date of each In-Force Policy. When the In-Force Death Benefit Extension period commences, Conseco Life shall discontinue billing the Class Member for additional premiums. The In-Force Policy shall terminate upon the expiration of the applicable In-Force Death Benefit Extension. The In-Force Death Benefit Extension period shall remain the same regardless of any future premium payments made or not made with respect to the In-Force Policy; however, any premiums paid on an annual basis that exceed the premium that was paid during calendar year 2005 will operate to defer the date when the In-Force Death Benefit Extension will begin to provide the extended insurance coverage, thereby lengthening the period of coverage under the Policy. The Class Notice will so inform Class Members. As soon as practicable after the Implementation Date, In-Force Class Members receiving the In-Force Death Benefit Extension will receive a certificate of benefits, which clearly discloses, among other things, that the In-Force Death Benefit Extension is part of the existing in-force policy and is not a separate policy.

Stipulation of Settlement ¶ III(A)(5).

F.      Whereas, in the Final Judgment the Court furthermore approved, as part of the COI Class Settlement, the release and waiver of claims by the COI Class against Conseco and its successor entities, among others, as specified in Section V of the Stipulation of Settlement and Paragraph 7 of the Final Judgment ("the COI Class Release").

G.      Whereas, in addressing the award and allocation of attorneys' fees and expenses under the COI Class Settlement, the Stipulation of Settlement provided: "Class Counsel, in their sole discretion, shall allocate and distribute this award of Attorneys' Fees and Expenses among all of the counsel who have made a substantial contribution on behalf of the Class in the Action. Defendants shall not be liable for or obliged to pay any other attorneys' fees or expenses to counsel representing Plaintiffs or the Class in this Action in connection with the Action, other than the amount or amounts expressly provided for in this Agreement." Stipulation of Settlement ¶ VI(B)(3).

H.      Whereas, the COI Class Release released "any and all claims for attorneys' fees, costs, or disbursements incurred by Class Counsel for Plaintiffs, Plaintiffs, or the Class Members, or any of them, in connection with the Action, the settlement of the Action, or the administration of such settlement, except to the extent otherwise specified in this Agreement." Final Judgment, at p.6.

I.      Whereas, in the Final Judgment the Court issued a permanent injunction whereby:

> All Class Members are hereby permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in or continuing (as class representatives, class members or otherwise), or receiving any benefits from any lawsuit, arbitration, claim or administrative, regulatory or any other proceeding or order in any jurisdiction based on or relating in any way, directly or indirectly, to the claims and causes of action in, or the subject matter of, the Action and/or the Released Transactions (as that term is defined in the

Settlement Agreement). In addition, all persons are hereby permanently barred and enjoined from filing, commencing, prosecuting or maintaining any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations, continuing a previously initiated action, or by seeking class certification in a pending action in any jurisdiction) on behalf of Class Members who have not been timely excluded from the Class, if such other class action is based on or relates in any way, directly or indirectly, to the claims and causes of action in, or the subject matter, of the Action and/or the Released Transactions (as that term is defined in the Settlement Agreement). The Court finds that issuance of this permanent injunction is necessary and appropriate in aid of the Court's jurisdiction over the action and to protect and effectuate this Final Judgment.

J.     Whereas, on March 13, 2019, LSCC as a member of the COI Class commenced a putative class action on behalf of the COI Class in the Central District of California, styled *LSCC LLC v. Wilco Life Ins. Co.*, Case No. 2:19-cv-01854-PSG (MRWx) ("the Grace Period Action"), in which it challenged the deduction of "grace period" premiums from certain "Extended Death Benefit" payments ("the Grace Period Claims") made under the COI Class Settlement by Conseco Life and by Wilco Life as Conseco Life's successor-in-interest.

K.     Whereas, LSCC and its counsel seek recovery of the alleged deductions of grace period premiums for the Grace Period Claims and attorneys' fees in bringing the Grace Period Action.

L.     Whereas, Wilco Life denies LSCC's claims and filed a motion to dismiss the claims in the Grace Period Action, which the district court granted by order dismissing the Grace Period Action on August 14, 2019. The district court held that LSCC failed to state a plausible breach of contract claim concluding that the plain language of the settlement

agreement and the original policies authorized Wilco Life to deduct grace period premiums from policy proceeds.

M.      Whereas, LSCC appealed the dismissal to the Ninth Circuit Court of Appeals, and the Ninth Circuit Court of Appeals reversed the dismissal and remanded the Grace Period Action to the district court, holding: "But the settlement terms are clear that the extended coverage period is to be provided at no cost. As LSCC correctly pointed out, '[t]here is no provision anywhere in the Policy Contract, let alone in the governing Settlement Agreement, that provides for the payment of an 'accrued' grace period premium. ... [T]he word 'accrued' appears nowhere ..., nor do[es] ... any equivalent or comparable terminology'"; and that the grace period premium charge that Wilco Life imposed upon LSCC could only be attributed to the Death Benefit Extension Period resulting from the settlement.

N.      Whereas, Wilco Life contends that the issues in dispute in the Grace Period Action are subject to the permanent injunction and continuing jurisdiction of the Court in the MDL Action pursuant to the Final Judgment, and therefore, they must be litigated as an ancillary matter in the MDL Action;

O.      Whereas, Wilco Life contends that LSCC is not entitled to additional relief individually and on behalf of the COI Class because, among other things: (i) the Court in the MDL Action and the settlement parties expressly and implicitly agreed and approved of the billing for insurance coverage prior to each policy's termination by virtue of the Stipulation of Settlement's provision that Conseco Life was only required to discontinue billing after the In-Force Death Benefit Extension period commenced: "When the In-Force Death Benefit Extension period commences, Conseco Life shall discontinue billing the Class Member for additional premiums"; (ii) California's four (4) year statute of limitations bars recovery of previously collected premiums for a substantial number of the COI Class because they were notified that the premiums had been deducted at the time of payment of the death benefit; and (iii) LSCC is not entitled to seek additional amounts for attorneys'

fees arising from administration and resolution of issues pertaining to the Grace Period Action because this relief is precluded by the terms of the Stipulation of Settlement and Final Judgment.

P.     Whereas, LSCC disputes the aforementioned contentions asserted by Wilco, and contends that (i) the plain language of the Stipulation of Settlement (which extends insurance coverage after termination of the Grace Period at no cost to the eligible members of the COI Class) precludes the imposition of any charges and that the plain language of the original insurance policy contracts also does not require LSCC or other policy owners to pay any such Grace Period premiums because such charges become due only when the insured dies during the Grace Period; (ii) the claims asserted on behalf of the COI Class are timely; and (iii) an award of attorneys' fees is authorized by Cal. Code Civ. Proc. § 1021.5 (as applied by this Court in *Yue v. Conseco Life Ins. Co.*, 2011 WL 13176748) and by the catalyst theory applicable under California law.

Q.     Whereas, the Parties acknowledge the risks, additional burden, cost, expense, and unavoidable uncertainty associated with continued litigation.

R.     Whereas, in order to avoid the possible costs, burdens and distractions of continued litigation, LSCC, Class Counsel, and Wilco Life now desire to settle the Grace Period Action and all claims asserted therein and related thereto through the execution of this Grace Period Settlement Agreement.

S.     Whereas, Paragraph 11 of the Final Judgment provides that the Court in the MDL Action "expressly retains exclusive jurisdiction as to all matters relating to the administration, consummation, enforcement and interpretation of the [COI Class Settlement] and of this Final Judgment, and for any other necessary purpose . . . ."  Such continuing jurisdiction of the Court in the MDL Action expressly includes jurisdiction for "(a) enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement, or this Final Judgment (including, without limitation, whether

a person or entity is or is not a Class Member; whether claims or causes of action allegedly related to this case are or are not barred by this Final Judgment, etc.); (b) entering such additional Orders as may be necessary or appropriate to protect or effectuate this Final Judgment approving the Settlement Agreement, dismissing all claims on the merits and with prejudice, and permanently enjoining Class Members from initiating or pursuing related proceedings, or to ensure the fair and orderly administration of this settlement; and (c) entering any other necessary or appropriate Orders to protect and effectuate this Court's retention of continuing jurisdiction . . . ."

T.      Whereas, Paragraph XV(G) of the Stipulation of Settlement provided that any "Any disagreement and/or action to enforce this Agreement shall be commenced and maintained only in the [Court in the MDL Action]."

U.      Whereas, Paragraph 10 of the Final Judgment provides "After entry of the [Final Judgment] … the Parties may by written agreement effect such amendments, modifications, or expansions of this Agreement and its implementing documents (including all exhibits hereto) without further notice to the [COI] Class or approval by the Court if such changes are consistent with the Court's [Final Judgment] and do not materially limit the rights of [COI] Class Members under this [Stipulation of Settlement]."

**CONSIDERATION**

In consideration of the following mutual promises and representations, the adequacy of which is acknowledged by the Parties' undersigned signatures, the Parties intending to be legally bound, hereby enter into this Settlement Agreement.

**TERMS AND CONDITIONS**

- **ACTIONS BY THE PARTIES**

1.      Within two (2) business days following the execution of this Settlement Agreement by all of the Parties, Wilco Life will cease reducing future Extended Death Benefit payments made under the COI Class Settlement by an additional premium for the period of time during the 60-day grace period prior to a policy's termination, for members

of the COI Class that die after policy termination and upon commencement of the death benefit extension period provided in the Stipulation of Settlement. (The Extended Death Benefit payments and the death benefit extension period are discussed and set forth in the Stipulation of Settlement. This provision does not apply to members of the COI Class that die within the Grace Period, which is the period before termination and before the death benefit extension period; accordingly, grace period premium deductions will continue to be allowed for members of the COI Class that die during the Grace Period and before the death benefit extension period.)

2.     Within two (2) business days following the execution of this Settlement Agreement, the Parties will file the Stipulation of Addendum in the MDL Action, in the form attached as **Exhibit A**, which sets forth the terms of this Settlement Agreement and confirms the Parties' agreement herein. Along with the Stipulation of Addendum, the Parties will also file a joint notice in the form attached as **Exhibit B** (the "Joint Notice"), asking the Court in the MDL Action to recognize and take notice of the Stipulation of Addendum by Order of the Court or, as necessary and in the alternative, to approve the Stipulation of Addendum (the "Acknowledgment/Approval Order"), confirming:

- that the terms and conditions set forth in this Grace Period Settlement Agreement (a) are consistent with the Final Judgment, and (b) do not materially limit the rights of the members of the COI Class within the meaning of Paragraph 10 of the Final Judgment;

- that nothing in this Settlement Agreement shall amend, limit, modify or diminish in any respect the protections, operation and effect of the COI Class Release in Paragraph 7 of the Final Judgment; and

- that the Court shall continue to exercise continuing jurisdiction over the COI Class Settlement in accordance with Paragraph 11 of the Final Judgment.

It is anticipated that the Joint Notice and Stipulation of Addendum will be submitted to the Court in the MDL Action in furtherance of that Court's ancillary and continuing subject matter jurisdiction as retained under the Final Judgment and provided under law.  Class Counsel believes that the MDL Action is now assigned to Judge Philip S. Gutierrez of the Central District of California (who is also currently presiding over the Grace Period Action).  In the event that Judge Philip S. Gutierrez has not been assigned to preside over the MDL Action, contemporaneously with the filing of the Stipulation of Addendum, the Parties will ask that the Central District of California assign the MDL Action to Judge Philip S. Gutierrez because Judge Matz (who previously presided over the MDL Action) has retired as a U.S. District Court Judge.

3.  Within two (2) business days following the execution of this Settlement Agreement, the Parties will ask the Court in the Grace Period Action to stay the Grace Period Action pending the submission of Joint Notice of the Stipulation of Addendum and the entry of the Acknowledgment/Approval Order.  Within two (2) business days following the entry of the Acknowledgment/Approval Order or similar order, LSCC will dismiss the Grace Period Action, with prejudice, by virtue of a joint motion to dismiss and agreed order, in the form set forth in the attached **Exhibit C**.

4.  Within thirty (30) calendar days following the entry of the Acknowledgment/Approval Order, Wilco Life will by check made payable to Class Counsel "in trust" pay LSCC the $33,730.04 by which Wilco Life reduced from LSCC's Extended Death Benefit payments made to LSCC under the COI Class Settlement (consisting of Policy #2444 – Retroactive Premium Charge: $729.81; Policy #5890 – Retroactive Premium Charge: $4,210.09; Policy #1900 – Retroactive Premium Charge: $27,024.21; and Policy #9710 – Retroactive Premium Charge: $1,765.93).

5.      Within sixty (60) calendar days following the entry of the Acknowledgment/Approval Order:

a.      For policies in the COI Class Settlement for which the Extended Death Benefit was reduced by a grace period premium (where the insured died after policy termination and during the death benefit extension period provided in the Stipulation of Settlement) and in which the payment was made on or after February 1, 2015, Wilco Life will pay $1,176,028 divided proportionally to the respective beneficiaries based upon the specific reduction from each policy. The policy number, estimated payment date, and the proportionate amount attributable hereunder for each of these Subsection (5)(a) policies, is set forth in the attached **Exhibit D**. This amount is a refund of approximately 100% of the amounts reduced by Wilco Life for grace period premium applicable to the policies listed in Exhibit D. The $1,176,028 includes the amounts that will be paid to LSCC set forth in paragraph 4 above.

b.      For policies in the COI Class Settlement for which the Extended Death Benefit was reduced by a grace period premium (where the insured died after policy termination and during the death benefit extension period provided in the Stipulation of Settlement) and in which the payment was made before February 1, 2015, Wilco Life will pay $162,500 divided proportionally to the respective beneficiaries based upon the specific reduction from each policy. The policy number, estimated payment date, and the proportionate amount attributable hereunder for each of the aforementioned Subsection (5)(b) policies, is set forth in the attached **Exhibit E**. This amount is a refund of approximately 40% of the amounts reduced by Wilco Life for grace period premium applicable to the policies listed in Exhibit E.

c.      Wilco will pay $225,000 via check made payable to Class Counsel pertaining to LSCC's attorneys' fees, costs, and expenses. LSCC and Class Counsel shall be solely responsible for dividing the $225,000 amongst the various attorneys involved in the Grace Period Action and COI Class Action.

6.      In support of the Stipulation of Addendum, the Joint Notice asking the Court in the MDL Action to recognize and take notice of the Stipulation of Addendum by Order of the Court or, as necessary and in the alternative, to approve the Stipulation of Addendum by Order of the Court, will provide the positions of the Parties, as set forth in the attached Joint Notice.  Specifically, the Joint Notice will set forth: that a legitimate dispute has arisen regarding the proper interpretation of the Stipulation of Settlement as to In-Force Policies in the COI Class and whether Wilco Life is entitled to bill for premiums during the grace period leading up to policy termination and before the In-Force Death Benefit Extension; that  Wilco Life contends that the Stipulation of Settlement's requirement that Wilco Life only "discontinue billing the Class Member for additional premium" once "the In-Force Death Benefit Extension period commences," implicitly and explicitly permits and contemplates that Wilco Life would bill for the prior time period including during the grace period; that LSCC and Class Counsel disputed Wilco Life's interpretation, and the Ninth Circuit remanded the Grace Period Action back to the district court to allow LSCC and Class Counsel to proceed past the Rule 12(b)(6) motion to dismiss stage to further develop their claims; that as of the time of the execution of the Settlement Agreement, this dispute continued and was ongoing between the Parties; that Class Counsel and LSCC acknowledge the risks, additional burden, cost, expense, and unavoidable uncertainty associated with continued litigation, and accordingly, Class Counsel and LSCC believe that the settlement in the Settlement Agreement is preferable to continued litigation which could lead to a much smaller or no recovery for the members of the COI Class with respect to the Grace Period Claims; that LSCC and Class Counsel, therefore, desire to settle the Grace Period Action and all claims asserted therein and related thereto through the execution of this Settlement Agreement; that Paragraph 10 of the Final Judgment provides "After entry of the [Final Judgment] … the Parties may by written agreement effect such amendments, modifications, or expansions of this Agreement and its implementing documents (including all exhibits hereto) without further notice to the [COI] Class or

approval by the Court if such changes are consistent with the Court's [Final Judgment] and do not materially limit the rights of [COI] Class Members under this [COI Class Settlement]"; that the Parties believe that the Settlement Agreement satisfies Paragraph 10 of the Final Judgment in that the provisions of the Settlement Agreement do not materially limit the rights of members of the COI Class, in that the defenses asserted by Wilco Life result in uncertainties of continued litigation, the statute of limitation argument creates uncertainty as to whether members of the Class COI Settlement could recover anything for the Grace Period Claims, and the prosecution of this matter may exhaust any recovery by way of their attorneys' fees and expenses; that the Settlement Agreement provides additional funds for attorney's fees and expenses that might not otherwise be available to members of the COI Class.

7.      As to the payments and processing set forth in Paragraph 5 above, Wilco Life will send the proposed additional payment under this Settlement Agreement using a company check by way of U.S. first class mail to the prior recipient of the respective Extended Death Benefit at their last known address. If any check(s) is/are returned to Wilco Life undelivered, Wilco Life will at its own expense conduct an Accurint search for the recipients' most current address.  Thereafter, Wilco Life will send the proposed payment under this Settlement Agreement using a company check by way of U.S. first class mail to the prior recipient of the respective Extended Death Benefit at the address resulting from the Accurint search.

8.      If the Court in the MDL Action requires any further notice to the COI Class, the Parties agree that the cost for such notice will be paid from the relief set forth in Paragraph 5 above, and the remaining amount to be paid to policies in the COI Class Settlement for which the Extended Death Benefit was reduced by a grace period premium, will be reduced on a proportional and pro rata basis.  The Parties will cooperate to minimize all such cost and provide for efficient processing of that notice, if any.

- **MUTUAL RELEASES**

9.     Except as to such rights as may be created by this Settlement Agreement, LSCC, on its own behalf and on behalf of all of its agents, representatives, estates, previously designated beneficiaries of the life insurance policies subject to the Stipulation of Settlement, heirs, surviving spouses, successors in interest, successors to previously designated beneficiaries, transferees, and assigns, irrevocably and unconditionally releases and forever discharges Wilco Life and all of its past, present, and future officers, directors, agents, representatives, employees, partners, shareholders, members, attorneys, predecessors (including, but not limited to, Conseco Life Insurance Company), successors (including, but not limited to, Wilcac Life Insurance Company), subsidiaries, parent entities, affiliates, third-party administrators, brokers, and assigns from any and all liability, claims, demands, damages of any kind, obligations, actions, debts, controversies, suits, judgments, cross-claims, counterclaims, rights, costs, expenses, attorneys' fees, tax liability, obligations, losses, penalties, interest, and causes of action of any kind (including, but not limited to, those that are: known or unknown; now existing or accruing after the date of this Settlement Agreement; in law or equity; asserted or unasserted; express or implied; foreseen or unforeseen; real or imaginary; suspected or unsuspected, and/or liquidated or non-liquidated) that directly or indirectly arise from, concern, or relate in any way to any of the following: the facts alleged in the Grace Period Action; the Grace Period Action; any and all of the acts, omissions, facts, matters, transactions, occurrences or representations that were directly or indirectly alleged, asserted, described, set forth or referred to in the Grace Period Action; the prior payment of death benefits pursuant to the Stipulation of Settlement; the facts and circumstances of any prior payment of death benefits pursuant to the Stipulation of Settlement; and/or the facts and circumstances leading up to this Settlement Agreement.  This release and discharge of claims is made irrespective of whether any such claims arise out of contract, tort, equity, fraud, negligence,

gross negligence, intentional conduct, malicious conduct, misrepresentation, warranty, violation of laws, statutes, regulations, or otherwise.

      a.    This release is a broad, general release and expressly includes, without limitation, claims based on negligence, gross negligence, breach of contract, breach of express and implied warranties, fraud, negligent misrepresentation, violations of consumer and deceptive trade practices acts, violations of insurance regulations, violations of insurance administrative requirements, violations of the Magnuson-Moss Warranty Act, intentional misconduct, statutory violations, and any other tortious or other conduct.  This release expressly includes claims for emotional distress and mental anguish, which are hereby released.

      b.    This release covers, without limitation, any and all claims for attorneys' fees, expenses, costs and/or disbursements incurred by Class Counsel or any other counsel representing LSCC, in connection with or related in any manner to this matter, the settlement of this matter, the administration of such settlement, and the release.

      c.    LSCC acknowledges that it is aware that it may hereafter discover claims presently unknown or unsuspected, or facts in addition to or different from those that they now know or believe to be true with respect to the matters released herein or with respect to Wilco Life.  Nevertheless, it is the intention of LSCC to fully, finally and forever settle and release all such matters, and all claims relating thereto, which exist, hereafter may exist, or might have existed (whether or not previously or currently asserted in any action or proceeding).

      d.    This release shall be deemed to relinquish, to the extent it is applicable, and to the full extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code.  The release also shall be deemed to waive any and all provisions, rights and benefits conferred by federal law or any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542.

10.     LSCC, Class Counsel, and Wilco Life agree and confirm that the COI Class Release set forth in the Stipulation of Settlement and Final Judgment shall continue to be binding upon LSCC and the other members of the COI Class and their beneficiaries and all other releasees subject thereto. This Settlement Agreement shall not, and shall not be construed to, narrow the scope of the release in the Stipulation of Settlement and Final Judgment.  The Parties and Class Counsel expressly agree that the resolution agreed to in this Settlement Agreement, and the construction of the Stipulation of Settlement set forth in this Settlement Agreement and in the Stipulation of Addendum, are an appropriate resolution of the claims raised in the Grace Period Action in light of Wilco Life's defenses and, given the nature of the adverse, competing arguments.  In the Stipulation of Addendum and Joint Notice, LSCC, Class Counsel, and Wilco Life agree that they will request that the MDL Court confirm in the Acknowledgment/Approval Order that the Stipulation of Addendum resolves any and all claims arising from, related to, or connected with the past handling of and charges for the Grace Period as alleged in the Grace Period Action.  LSCC, Class Counsel, and Wilco Life agree and confirm that any disputes arising from this Settlement Agreement, the Stipulation of Addendum, the Joint Notice, and any issues arising from, related to, or connected with the handling of and charges for the Grace Period will continue to be subject to the Final Judgment and the MDL Court's injunction and continuing ancillary jurisdiction.

11.     Except as to such rights as may be created by this Settlement Agreement, Wilco Life releases LSCC (and all of its attorneys, agents, representatives, heirs, and assigns) from any and all claims arising out of LSCC's institution and prosecution of the Grace Period Action, including without limiting the foregoing for attorneys' fees or costs and expenses incurred in connection with the Grace Period Action.

- **NO ADMISSION OF LIABILITY**

12.     It is expressly understood and agreed that no recital, term, or condition, nor the execution of this Settlement Agreement, shall be construed as any admission of liability

of Wilco Life. Rather, the Parties to this Settlement Agreement are expressly settling and compromising disputed claims.

- **GENERAL TERMS AND PROVISIONS**

13. Each Party represents and warrants to the other Party that it has not previously assigned or transferred, or purported to transfer, to any person or entity any claim or other matter released by it in this Settlement Agreement.

14. Each person and entity signing this Settlement Agreement represents and warrants that he or she is authorized to sign on behalf of and to bind himself, herself, or the stated entity. If the party is a corporation, limited liability company, or other business entity, the person signing warrants and represents that he or she has authority to sign the Settlement Agreement on behalf of the entity.

15. In the event either Party contends the other Party has breached any obligation under this Settlement Agreement, the Parties agree to meet and confer prior to the institution of any judicial proceeding to enforce the allegedly breached provision.

16. This Settlement Agreement shall continue to be subject to the Final Judgment, the supervision and ancillary jurisdiction of the Court in the MDL Action, and pursuant to and consistent with the Stipulation of Settlement.

17. This Settlement Agreement supersedes all prior oral and written agreements regarding or relating to the allegations in the Grace Period Action, and the negotiation and terms of this Settlement Agreement. This Settlement Agreement is intended to be read harmoniously with the Stipulation of Settlement, and with terms that clarify the interpretation of the Stipulation of Settlement pursuant to the contemplated Stipulation of Addendum discussed herein. No promise or inducement has been offered that is not expressly set forth in this Settlement Agreement. Any amendments to this Settlement Agreement must be in writing, signed by the Parties, and must state that the Parties intend to amend the Settlement Agreement.

18.     In the event of the invalidity or unenforceability of any provision of this Settlement Agreement, the Parties shall attempt in good faith to resolve the invalidity or unenforceability and petition the Court in the MDL Action to render the Settlement Agreement enforceable while still retaining to the greatest extent possible the intent of the Parties, as such intent is determined by such court.

19.     In executing this Settlement Agreement, each of the Parties acknowledges that it consulted with and received advice from its attorneys, to the extent desired.  Each Party declares that it has executed this Settlement Agreement freely and voluntarily, with full knowledge of all material facts after independent investigation and without fraud, duress, or undue influence of any kind, and that it each read this Settlement Agreement and fully understands each and every provision of it. The Parties acknowledge and agree that they have not relied upon any promises, representations or the advice of any other Party or that Party's lawyer.  Each Party is solely responsible for seeking independent consultation on all matters relating to this Settlement Agreement, including any tax implications of the settlement. The Parties are not providing any tax or legal advice to one another and make no representations regarding tax obligations or consequences, if any, related to this Settlement Agreement.   Each Party will be solely responsible for their own tax consequences and liabilities, if any, resulting from this Agreement. LSCC and Class Counsel, waive any claims against Wilco Life and their representatives for any and all tax implications relating to this settlement.

20.     This Settlement Agreement was the product of negotiations engaged in by all Parties, and the provisions contained in this Settlement Agreement shall be given their plain and reasonable meaning, and shall not be construed against any drafter.  No term or provision of this Settlement Agreement will be presumptively construed or interpreted in favor of or against either Party, even if that term is deemed ambiguous.

21.     The failure of any Party to insist upon strict adherence to any provision of this Settlement Agreement on any occasion will not be considered a waiver of that

provision or any other provision and will not deprive that Party of the right thereafter to insist upon strict adherence to that provision or any other provision of this Settlement Agreement. No Party can waive any right granted by this Settlement Agreement unless done so in a writing signed by each Party.  For purposes of this Section, a "writing" does not include email.

22.   The Parties agree to execute all documents and to take all reasonable actions (directly and through their attorneys) that are necessary or helpful to effectuate the purposes of this Settlement Agreement.

23.   The Parties agree that this Settlement Agreement may be executed in one or more counterparts. The Parties further agree that the signature pages of the various counterparts may be collected with one copy of the balance of the Settlement Agreement, which together with all collected and signed signature pages shall constitute a true and correct copy of this Settlement Agreement. The Parties further agree that photocopies or facsimile copies of this Settlement Agreement (including of signature pages) may be used in place of originals for any and all purposes.

24.   This Settlement Agreement will be binding upon, and inure to the benefit of Wilco Life and its respective successors and assigns, heirs and personal representatives and estates, as the case may be.  This Settlement Agreement may be assigned by Wilco Life, but LSCC's obligations under this Settlement Agreement are personal and such obligations shall not be assigned or transferred without the prior written consent of Wilco Life.

All of the above is agreed and accepted and is effective upon the signing of this Settlement Agreement by all persons or entities for whom signature spaces are provided.

**LSCC, LLC**

By: _____

Its: _____

Date: _____

**Wilco Life Insurance Company f/k/a Conseco Life Insurance Company n/k/a Wilcac Life Insurance Company**

By: _____

Its: Enrico Treglia, Chief Operating Officer

Date: _____ July 29, 2021 _____

**Class Counsel for the COI Class**

By: _____

Its: _____

Date: _____

All of the above is agreed and accepted and is effective upon the signing of this Settlement

Agreement by all persons or entities for whom signature spaces are provided.

**LSCC, LLC**

By: _____

Its: ___Steve Creekmore, III, Manager___

Date: ___7.29.2021_____

**Wilco Life Insurance Company f/k/a Conseco Life Insurance Company n/k/a Wilcac Life Insurance Company**

By: _____

Its: _____

Date: _____

**Class Counsel for the COI Class**

By: _____

Its: ___Francis J. Balint, Jr._____

Date: ___July 28, 2021_____

**EXHIBIT A TO GRACE PERIOD SETTLEMENT AGREEMENT**

**BONNETT, FAIRBOURN,**
  **FRIEDMAN & BALINT, P.C.**
Andrew S. Friedman (*Pro Hac Vice*)
afriedman@bffb.com
2325 East Camelback Road
Suite 300
Phoenix, Arizona 85016
Tel: (602) 274-1100
Fax: (602) 274-1199

*Co-Lead and Class Counsel*
*For Class Plaintiffs in MDL No. 1610*


**LOCKE LORD LLP**
Jamie Mei Cheng [Cal. Bar No. 298750]
jamie.cheng@lockelord.com
300 S. Grand Avenue, Suite 2600
Los Angeles, CA  90071
T: (213) 485-1500
F: (213) 485-1200

Carl C. Scherz [*Pro Hac Vice*]
cscherz@lockelord.com
Taylor Brinkman [*Pro Hac Vice*]
tbrinkman@lockelord.com
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
T: (214) 740-8583
F: (214) 756-8583

*Attorneys for Defendant,*
*Wilco Life Insurance Company*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: CONSECO LIFE INSURANCE COST OF INSURANCE LITIGATION | MDL No. 04-1610 AHM (MCX)<br><br>**STIPULATION OF ADDENDUM TO THE SETTLEMENT AGREEMENT IN THIS ACTION - REGARDING THE IMPLEMENTATION OF SETTLEMENT CLASS RELIEF** |

Defendant Conseco Life Insurance Company, Class Member LSCC, LLC ("LSCC"), and Class Counsel Bonnett Fairbourn Friedman & Balint, PC ("Class Counsel") file this Stipulation of Addendum to the Settlement Agreement in this Action - Regarding the Implementation of Settlement Class Relief.  Since the approval of the settlement in this Action in 2007, Conseco Life Insurance Company changed its name to Wilco Life Insurance Company, and recently changed its name to Wilac Life Insurance Company by virtue of a merger; however, it is referred to herein for convenience as "Wilco Life." Wilco Life, Class Counsel, and LSCC are collectively referred to herein as the Parties.

A.     Whereas, a class settlement was reached and executed in September of 2006 in this Action in which the settlement class was defined as: "All persons who own or owned a Lifestyle Policy or a Lifetime Policy excluding: (i) those Lifestyle Policies or Lifetime Policies listed in [Exhibit C to the Stipulation of Settlement as defined below] that were timely excluded from the classes certified by the Court on April 26 and 27, 2005, in accordance with the procedures established by the Court; (ii) those persons who own or owned a Lifestyle Policy or a Lifetime Policy that terminated on or before the Eligibility Date for which the insured has died; and (iii) each person who is or was a Director, officer or employee of Defendant(s)" (the "COI Class").

B.     Whereas, the terms of the COI Class Settlement were set forth in a written settlement agreement (the "Stipulation of Settlement"), and the Court finally approved the Stipulation of Settlement and entered the Final Judgment of Class Action (Doc. 532) (the "Final Judgment")) in this Action on July 3, 2007.

C.     Whereas, in the Final Judgment entered in this Action, the Court approved the settlement of all cost of insurance ("COI") claims alleged against Conseco Life Insurance Company ("Conseco Life") in the Action ("the COI Class Settlement") on behalf of the COI Class.

D.     Whereas, in the Final Judgment, the Court approved, as part of the COI Class Settlement, the release and waiver of claims by the COI Class against Conseco Life and its successor entities, among others, as specified in Section V of the Stipulation of Settlement and Paragraph 7 of the Final Judgment ("the COI Class Release").

E.     Whereas, as part of the settlement relief, the COI Class Settlement provided for a death benefit extension period for certain qualifying members of the COI Class.  Stipulation of Settlement ¶ III(A)(5).

F.     Whereas, a disagreement arose regarding the implementation of the death benefit extension period, and on March 13, 2019, LSCC as a member of the COI Class commenced a putative class action on behalf of the COI Class in the Central District of California, styled *LSCC LLC v. Wilco Life Ins. Co.*, Case No. 2:19-cv-01854-PSG (MRWx) ("the Grace Period Action"), in which LSCC challenged the deduction of "grace period" premiums from certain "Extended Death Benefit" payments ("the Grace Period Claims") made pursuant to the Class COI Settlement by Conseco Life and by Wilco Life as Conseco Life's successor-in-interest.

G.     Whereas, Paragraph 11 of the Final Judgment provides that the Court in the MDL Action "expressly retains exclusive jurisdiction as to all matters relating to the administration, consummation, enforcement and interpretation of the [COI Class Settlement] and of this Final Judgment, and for any other necessary purpose . . . ." Such continuing jurisdiction of the Court in the MDL Action expressly includes jurisdiction for "(a) enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement, or this Final Judgment (including, without limitation, whether a person or entity is or is not a Class Member; whether claims or causes of action allegedly related to this case are or are not barred by this Final Judgment, etc.); (b) entering such additional Orders as may be necessary or appropriate to protect or effectuate this Final Judgment approving the Settlement

Agreement, dismissing all claims on the merits and with prejudice, and permanently enjoining Class Members from initiating or pursuing related proceedings, or to ensure the fair and orderly administration of this settlement; and (c) entering any other necessary or appropriate Orders to protect and effectuate this Court's retention of continuing jurisdiction . . . ."

H.    Whereas, Paragraph XV(G) of the Stipulation of Settlement provided that any "Any disagreement and/or action to enforce this Agreement shall be commenced and maintained only in the [Court in the MDL Action]."

I.    Whereas, Paragraph 10 of the Final Judgment provides "After entry of the [Final Judgment] … the Parties may by written agreement effect such amendments, modifications, or expansions of this Agreement and its implementing documents (including all exhibits hereto) without further notice to the [COI] Class or approval by the Court if such changes are consistent with the Court's [Final Judgment] and do not materially limit the rights of [COI] Class Members under this [COI Class Settlement]."

J.    Whereas, Class Counsel, LSCC, and Wilco Life reached a resolution regarding the implementation of the death benefit extension period.

K.    Whereas, by virtue of this Stipulation of Addendum and the Grace Period Settlement Agreement, Class Counsel, LSCC, and Wilco Life agree to: settle the Grace Period Claims; require LSCC to voluntarily dismiss the Grace Period Action, with prejudice; and to have Wilco Life (a) cease deducting grace period premiums from death benefit payments made under the COI Settlement, for members of the COI Class that die after policy termination and upon commencement of the death benefit extension period provided in the Stipulation of Settlement, and (b) to reimburse and pay to beneficiaries under the COI Class policies some or all of the amounts previously deducted from payments made under the COI Settlement as grace period premiums, for members of the COI Class that died after policy termination and upon commencement of the death benefit extension period provided in the Stipulation of

Settlement. The specific terms of the settlement are set forth in the settlement agreement and release attached hereto as Exhibit 1 (the "Grace Period Settlement Agreement").

ACCORDINGLY, subject to the conditions set forth in the Grace Period Settlement Agreement and subject to this Court recognizing and taking notice of this Stipulation of Addendum by Order of the Court or, as necessary and in the alternative, to approve the Stipulation of Addendum by Order of the Court:

1.     Class Counsel, LSCC, and Wilco Life hereby stipulate that the Grace Period Settlement Agreement attached as Exhibit 1 hereto sets forth the terms of the resolution of the Grace Period Claims on behalf of the COI Class, and the Parties confirm their agreement to the terms of the resolution set forth in the Grace Period Settlement Agreement.

2.     Class Counsel, LSCC, and Wilco Life acknowledge that a legitimate dispute has arisen regarding the proper interpretation of the Stipulation of Settlement as to In-Force Policies in the COI Class and whether Wilco Life is entitled to bill for premiums during the grace period leading up to policy termination and before the In-Force Death Benefit Extension, and Class Counsel, LSCC, and Wilco Life hereby stipulate that the construction of the Stipulation of Settlement set forth in the Grace Period Settlement Agreement is an appropriate resolution of the claims raised in the Grace Period Action in light of Wilco Life's defenses and, given the nature of the adverse, competing arguments.

3.     Class Counsel, LSCC, and Wilco Life hereby stipulate that the terms and conditions set forth in the Grace Period Settlement Agreement (a) are consistent with the Final Judgment, and (b) do not materially limit the rights of the members of the COI Class within the meaning of Paragraph 10 of the Final Judgment.

4.     Class Counsel, LSCC, and Wilco Life hereby stipulate that nothing in the Grace Period Settlement Agreement shall amend, limit, modify or diminish in any

respect the protections, operation and effect of the COI Class Release in Paragraph 7 of the Final Judgment.

5.     Class Counsel, LSCC, and Wilco Life hereby stipulate that the Court shall continue to exercise continuing jurisdiction over the COI Class Settlement in accordance with Paragraph 11 of the Final Judgment.

Dated: July 29, 2021.

**BONNETT, FAIRBOURN, FRIEDMAN & BALINT, PC**

_____
Andrew S. Friedman (admitted _Pro Hac Vice_)
afriedman@bffb.com
2325 East Camelback Road, Suite 300
Phoenix, Arizona 85016
Telephone: (602) 274-1100
Fax: (602) 274-1199

_Co-Lead and Class Counsel_
_For Class Plaintiffs in MDL No. 1610_

5

**LOCKE LORD LLP**

_____

Jamie Mei Cheng (SBN 298750)
jamie.cheng@lockelord.com
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071
T: (213) 485-1500
F: (213) 485-1200

Carl C. Scherz [*Pro Hac Vice*]
cscherz@lockelord.com
Taylor Brinkman [*Pro Hac Vice*]
tbrinkman@lockelord.com
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
T: (214) 740-8583
F: (214) 756-8583

*Attorneys for Defendant Conseco Life Insurance
Company n/k/a Wilcac Life Insurance Company*

**EXHIBIT 1**
**GRACE PERIOD SETTLEMENT AGREEMENT**

**EXHIBIT B TO GRACE PERIOD SETTLEMENT AGREEMENT**

**BONNETT, FAIRBOURN,**
 **FRIEDMAN & BALINT, P.C.**
Andrew S. Friedman (*Pro Hac Vice*)
afriedman@bffb.com
2325 East Camelback Road
Suite 300
Phoenix, Arizona 85016
Tel: (602) 274-1100
Fax: (602) 274-1199

*Co-Lead and Class Counsel*
*For Class Plaintiffs in MDL No. 1610*

**LOCKE LORD LLP**
Jamie Mei Cheng [Cal. Bar No. 298750]
jamie.cheng@lockelord.com
300 S. Grand Avenue, Suite 2600
Los Angeles, CA  90071
T: (213) 485-1500
F: (213) 485-1200

Carl C. Scherz [*Pro Hac Vice*]
cscherz@lockelord.com
Taylor Brinkman [*Pro Hac Vice*]
tbrinkman@lockelord.com
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
T: (214) 740-8583
F: (214) 756-8583

*Attorneys for Defendant,*
*Wilco Life Insurance Company*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| IN RE: CONSECO LIFE INSURANCE COST OF INSURANCE LITIGATION | MDL No. 04-1610 AHM (MCX) **JOINT NOTICE OF STIPULATION OF ADDENDUM TO THE SETTLEMENT AGREEMENT IN THIS ACTION - REGARDING THE IMPLEMENTATION OF SETTLEMENT CLASS RELIEF** |
|---|---|

Defendant Conseco Life Insurance Company, Class Member LSCC, LLC ("LSCC"), and Class Counsel Bonnett Fairbourn Friedman & Balint, PC ("Class Counsel") file this Joint Notice of Stipulation of Addendum to the Settlement Agreement in this Action - Regarding the Implementation of Settlement Class Relief. Since the approval of the settlement in this Action in 2007, Conseco Life Insurance Company changed its name to Wilco Life Insurance Company, and recently changed its name to Wilcac Life Insurance Company by virtue of a merger; however, it is referred to herein for convenience as "Wilco Life." Wilco Life, Class Counsel, and LSCC are collectively referred to herein as the Parties.

A disagreement arose regarding the implementation of class relief under the Stipulation of Settlement previously approved by this Court.  Since that time, the Parties have reached an agreement that will provide for a resolution of this disagreement. In furtherance of this resolution, the Parties respectfully request that the Court recognize and take notice of the Stipulation of Addendum by Order of the Court or, in the alternative, to approve the Stipulation of Addendum by Order of the Court.

## **BACKGROUND**

**A.** **Underlying Stipulation of Settlement**

1.	In September of 2006, a class settlement was reached and executed in this Action in which the settlement class was defined as: "All persons who own or owned a Lifestyle Policy or a Lifetime Policy excluding: (i) those Lifestyle Policies or Lifetime Policies listed in [Exhibit C to the Stipulation of Settlement as defined below] that were timely excluded from the classes certified by the Court on April 26 and 27, 2005, in accordance with the procedures established by the Court; (ii) those persons who own or owned a Lifestyle Policy or a Lifetime Policy that terminated on or before the Eligibility Date for which the insured has died; and (iii) each person who is or was a Director, officer or employee of Defendant(s)" (the "COI Class").

2.      The terms of the class settlement were set forth in a written settlement agreement (the "Stipulation of Settlement"), and the Court finally approved the Stipulation of Settlement and entered the Final Judgment of Class Action (Doc. 532) (the "Final Judgment")) in this Action on July 3, 2007.

3.      In the Final Judgment entered in this Action pursuant to the terms of the Stipulation of Settlement, the Court approved the settlement of all cost of insurance ("COI") claims alleged against Conseco Life Insurance Company ("Conseco Life") in the Action ("the COI Class Settlement") on behalf of the COI Class.

4.      The Court also approved, as part of the COI Class Settlement, the release and waiver of claims by the COI Class against Conseco Life and its successor entities, among others, as specified in Section V of the Stipulation of Settlement and Paragraph 7 of the Final Judgment ("the COI Class Release").

5.      The COI Class Release released "any and all claims for attorneys' fees, costs, or disbursements incurred by Class Counsel for Plaintiffs, Plaintiffs, or the Class Members, or any of them, in connection with the Action, the settlement of the Action, or the administration of such settlement, except to the extent otherwise specified in this Agreement." Final Judgment, at p.6.

6.      In addressing the award and allocation of attorneys' fees and expenses under the COI Class Settlement, the Stipulation of Settlement provided: "Class Counsel, in their sole discretion, shall allocate and distribute this award of Attorneys' Fees and Expenses among all of the counsel who have made a substantial contribution on behalf of the Class in the Action. Defendants shall not be liable for or obliged to pay any other attorneys' fees or expenses to counsel representing Plaintiffs or the Class in this Action in connection with the Action, other than the amount or amounts expressly provided for in this Agreement." Stipulation of Settlement ¶ VI(B)(3).

7.      In the Final Judgment the Court also issued a permanent injunction whereby:

All Class Members are hereby permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in or continuing (as class representatives, class members or otherwise), or receiving any benefits from any lawsuit, arbitration, claim or administrative, regulatory or any other proceeding or order in any jurisdiction based on or relating in any way, directly or indirectly, to the claims and causes of action in, or the subject matter of, the Action and/or the Released Transactions (as that term is defined in the Settlement Agreement). In addition, all persons are hereby permanently barred and enjoined from filing, commencing, prosecuting or maintaining any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations, continuing a previously initiated action, or by seeking class certification in a pending action in any jurisdiction) on behalf of Class Members who have not been timely excluded from the Class, if such other class action is based on or relates in any way, directly or indirectly, to the claims and causes of action in, or the subject matter, of the Action and/or the Released Transactions (as that term is defined in the Settlement Agreement). The Court finds that issuance of this permanent injunction is necessary and appropriate in aid of the Court's jurisdiction over the action and to protect and effectuate this Final Judgment.

**B.    The Grace Period Action**

8.    As part of the settlement relief, the COI Class Settlement provided for a death benefit extension period for certain qualifying members of the COI Class. Stipulation of Settlement ¶ III(A)(5).

9.    In addressing class settlement relief that provided extended insurance coverage to in force class members under the COI Class Settlement, the Stipulation of Settlement provided:

> The In-Force Death Benefit Extension will begin to provide extended insurance coverage on the Termination Date of each In-Force Policy. When the In-Force Death Benefit Extension period commences, Conseco Life shall discontinue billing the Class Member for additional premiums. The In-Force Policy shall terminate upon the expiration of the applicable In-Force Death Benefit Extension. The In-Force Death Benefit Extension period shall remain the same regardless of any future premium payments made or not made with respect to the In-Force Policy; however, any premiums paid on an annual basis that exceed the premium that was paid during calendar year 2005 will operate to defer the date when the In-Force Death Benefit Extension will begin to provide the extended insurance coverage, thereby lengthening the period of coverage under the Policy. The Class Notice will so inform Class Members. As soon as practicable after the Implementation Date, In-Force Class Members receiving the In-Force Death Benefit Extension will receive a certificate of benefits, which clearly discloses, among other things, that the In-Force Death Benefit Extension is part of the existing in-force policy and is not a separate policy.

Stipulation of Settlement ¶ III(A)(5).

10.    Since the approval of the COI Class Settlement, a disagreement arose regarding the implementation of the death benefit extension period.  On March 13, 2019, LSCC, as a member of the COI Class, commenced a putative class action on behalf of the COI Class in the Central District of California, styled *LSCC LLC v. Wilco*

4

*Life Ins. Co.*, Case No. 2:19-cv-01854-PSG (MRWx) ("the Grace Period Action"). LSCC challenged the deduction of "grace period" premiums from certain "Extended Death Benefit" payments ("the Grace Period Claims") made under the COI Class Settlement by Conseco Life and, thereafter, Wilco Life as Conseco Life's successor-in-interest.

11.     LSCC and its counsel sought recovery of the alleged deductions of grace period premiums for the Grace Period Claims and attorneys' fees in bringing the Grace Period Action.

12.     Wilco Life denied LSCC's claims and filed a motion to dismiss the claims in the Grace Period Action, which the district court granted by order dismissing the Grace Period Action on August 14, 2019.  The district court held that LSCC failed to state a plausible breach of contract claim concluding that the plain language of the settlement agreement and the original policies authorized Wilco Life to deduct grace period premiums from policy proceeds.

13.     Whereas, LSCC appealed the dismissal to the Ninth Circuit Court of Appeals, and the Ninth Circuit Court of Appeals reversed the dismissal and remanded the Grace Period Action to the district court, holding that LSCC correctly pointed out, "[t]here is no provision anywhere in the Policy Contract, let alone in the governing Settlement Agreement, that provides for the payment of an 'accrued' grace period premium. ... [T]he word 'accrued' appears nowhere ..., nor do[es] ... any equivalent or comparable terminology"; and that the grace period premium charge that Wilco Life imposed upon LSCC could only be attributed to the Death Benefit Extension Period resulting from the settlement.

14.     The Grace Period Claims have been vigorously contested by Wilco Life resulting in extended and costly litigation at both the trial court and appellate court levels.

**C.**    **Authority to resolve disputes under the Final Judgment**

15.    Paragraph 11 of the Final Judgment provides that the Court in the MDL Action "expressly retains exclusive jurisdiction as to all matters relating to the administration, consummation, enforcement and interpretation of the [COI Class Settlement] and of this Final Judgment, and for any other necessary purpose . . . ." Such continuing jurisdiction of the Court in the MDL Action expressly includes jurisdiction for "(a) enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement, or this Final Judgment (including, without limitation, whether a person or entity is or is not a Class Member; whether claims or causes of action allegedly related to this case are or are not barred by this Final Judgment, etc.); (b) entering such additional Orders as may be necessary or appropriate to protect or effectuate this Final Judgment approving the Settlement Agreement, dismissing all claims on the merits and with prejudice, and permanently enjoining Class Members from initiating or pursuing related proceedings, or to ensure the fair and orderly administration of this settlement; and (c) entering any other necessary or appropriate Orders to protect and effectuate this Court's retention of continuing jurisdiction . . . ."

16.    Paragraph XV(G) of the Stipulation of Settlement provided that "Any disagreement and/or action to enforce this Agreement shall be commenced and maintained only in the [Court in the MDL Action]."

17.    Paragraph 10 of the Final Judgment provides "After entry of the [Final Judgment] … the Parties may by written agreement effect such amendments, modifications, or expansions of this Agreement and its implementing documents (including all exhibits hereto) without further notice to the [COI] Class or approval by the Court if such changes are consistent with the Court's [Final Judgment] and do not materially limit the rights of [COI] Class Members under this [COI Class Settlement]."

18.     Class Counsel, LSCC, and Wilco Life have reached a resolution regarding the implementation of the death benefit extension period.

19.     By virtue of the Stipulation of Addendum to the Settlement Agreement in this Action - Regarding the Implementation of Settlement Class Relief and the Grace Period Settlement Agreement, which are attached hereto as Exhibit A,  Class Counsel, LSCC, and Wilco Life agree that: (a) the terms of the Grace Period Settlement Agreement appropriately clarify the deducting of grace period premiums from death benefit payments made under the Stipulation of Settlement; (b) Wilco Life will cease deducting grace period premiums from death benefit payments made under the COI Settlement, pursuant to the terms of the Grace Period Settlement Agreement; (c) Wilco Life will reimburse and pay to beneficiaries under the COI Class policies some or all of the amounts previously deducted from payments made under the COI Settlement as grace period premiums, pursuant to the terms of the Grace Period Settlement Agreement; and (d) LSCC will voluntarily dismiss the Grace Period Action with prejudice.

**REQUEST THAT THE COURT RECOGNIZE AND TAKE NOTICE OF, OR IN THE ALTERNATIVE, APPROVE THE STIPULATION OF ADDENDUM**

20.     The Parties respectfully request that the Court recognize and take notice of the Stipulation of Addendum by Order of the Court or, in the alternative, to approve the Stipulation of Addendum by Order of the Court.

21.     A legitimate dispute has arisen regarding the proper interpretation of the Stipulation of Settlement as to In-Force Policies in the COI Class and whether Wilco Life is entitled to bill for premiums during the grace period leading up to policy termination and before the In-Force Death Benefit Extension.

22.    Wilco Life has vigorously contested the Grace Period Claims and LSCC's construction of the Stipulation of Settlement.  Among other things, Wilco Life contends that:

a.    The issues in dispute in the Grace Period Action are subject to the permanent injunction and continuing jurisdiction of the Court in the MDL Court Action pursuant to the Final Judgment, and therefore, they cannot proceed forward in the Grace Period Action.

b.    LSCC is not entitled to additional relief individually and on behalf of the COI Class because the Stipulation of Settlement's requirement that Wilco Life only "discontinue billing the Class Member for additional premium" once "the In-Force Death Benefit Extension period commences," implicitly and explicitly permits and contemplates that Wilco Life would bill for the prior time period including during the grace period.

c.    California's four (4) year statute of limitations bars recovery of previously collected premiums for a substantial number of the COI Class because they were notified that the premiums had been deducted at the time of payment of the death benefit.  Wilco Life contends that it expressly notified class members in writing when they were paid their death benefits--since 2007--that the premiums for the grace period had been deducted at the time of payment of the death benefit.  Wilco Life contends that, at the very least, members of the COI Class that were paid more than four (4) years prior to the filing of the Grace Period Action—March 18, 2015—would be barred by California's statute of limitations because they were notified that the premiums had been deducted at the time of payment of the death benefit.

d.    LSCC is not entitled to seek additional amounts for attorneys' fees arising from administration and resolution of issues pertaining to the Grace Period Action because such relief is precluded by the terms of the Stipulation of Settlement and Final Judgment.  In addressing the award and allocation of attorneys' fees and

8

expenses, the Stipulation of Settlement provided: "Class Counsel, in their sole discretion, shall allocate and distribute this award of Attorneys' Fees and Expenses among all of the counsel who have made a substantial contribution on behalf of the Class in the Action. Defendants shall not be liable for or obliged to pay any other attorneys' fees or expenses to counsel representing Plaintiffs or the Class in this Action in connection with the Action, other than the amount or amounts expressly provided for in this Agreement." Stipulation of Settlement ¶ VI(B)(3). Additionally, the COI Class Release released "any and all claims for attorneys' fees, costs, or disbursements incurred by Class Counsel for Plaintiffs, Plaintiffs, or the Class Members, or any of them, in connection with the Action, the settlement of the Action, or the administration of such settlement, except to the extent otherwise specified in this Agreement." Final Judgment at p.6. Thus, Wilco Life contends that LSCC and the COI Class would have to pay their own attorney's fees and expenses which could be substantial and could exhaust any recovery, completely or to a large extent.

23. LSCC disputes the aforementioned contentions asserted by Wilco, and contends that (a) the plain language of the Settlement Agreement (which extends insurance coverage after termination of the Grace Period at no cost to the Settlement Class Members) precludes the imposition of any charges and that the plain language of the original insurance policy contracts also does not require LSCC or other policy owners to pay any such Grace Period premiums because such charges become due only when the insured dies during the Grace Period; (b) the claims asserted on behalf of the Class are timely; and (c) an award of attorneys' fees is authorized by Cal. Code Civ. Proc. § 1021.5 (as applied by this Court in *Yue v. Conseco Life Ins. Co.*, 2011 WL 13176748) and by the catalyst theory applicable under California law.

24. This dispute has resulted in extended and costly litigation at both the trial court and appellate court levels.

25.    Class Counsel and LSCC acknowledge the risks, additional burden, cost, expense, and unavoidable uncertainty associated with continued litigation.

26.    Class Counsel and LSCC believe that the settlement provided for in the Grace Period Settlement Agreement is preferable to continued litigation which could lead to a much smaller or no recovery for the members of the COI Class with respect to the Grace Period Claims.

27.    LSCC and Class Counsel, therefore, desire to settle the Grace Period Action and all claims asserted therein and related thereto through the execution of the Grace Period Settlement Agreement.

28.    Paragraph 10 of the Final Judgment provides "After entry of the [Final Judgment] … the Parties may by written agreement effect such amendments, modifications, or expansions of this Agreement and its implementing documents (including all exhibits hereto) without further notice to the [COI] Class or approval by the Court if such changes are consistent with the Court's [Final Judgment] and do not materially limit the rights of [COI] Class Members under this [Class COI Settlement]".

29.    The Parties believe that the Grace Period Settlement Agreement satisfies Paragraph 10 of the Final Judgment in that the provisions of the Grace Period Settlement Agreement do not materially limit the rights of members of the COI Class.

30.    The resolution agreed to in the Grace Period Settlement Agreement and the construction of the Stipulation of Settlement set forth in the Grace Period Settlement Agreement and in the Stipulation of Addendum, are an appropriate resolution of the claims raised in the Grace Period Action in light of Wilco Life's defenses and, given the nature of the adverse, competing arguments.

31.    The Grace Period Settlement Agreement provides additional relief to members of the COI Class that they might not otherwise be entitled to obtain through continued litigation. Specifically, for policies in the COI Class Settlement for which the Extended Death Benefit was reduced by a grace period premium and in which the

payment was made on or after February 1, 2015, Wilco Life will pay approximately $1,176,028 divided proportionally to the respective beneficiaries based upon the specific reduction from each policy. This amount is a refund of approximately 100% of the amounts reduced by Wilco Life for grace period premium applicable to the policies listed in Exhibit D of the Grace Period Settlement Agreement. For policies in the COI Class Settlement for which the Extended Death Benefit was reduced by a grace period premium and in which the payment was made before February 1, 2015, Wilco Life will pay approximately $162,500 divided proportionally to the respective beneficiaries based upon the specific reduction from each policy. This amount is a refund of approximately 40% of the amounts reduced by Wilco Life for grace period premium applicable to the policies listed in Exhibit E of the Grace Period Settlement Agreement.  If additional expense is required for administrative reasons as set forth in the Grace Period Settlement Agreement, these amounts could be proportionally less. The Grace Period Settlement Agreement also pays an additional $225,000 to be used for attorneys' fees, costs, and expenses of Class Counsel for bringing the Grace Period Action and achieving this resolution.

32.     In contrast, the defenses asserted by Wilco Life result in uncertainties if litigation continues and there is no settlement. Wilco Life's statute of limitation argument creates uncertainty as to whether members of the COI Class Settlement could recover anything for the Grace Period Claims.  Furthermore, the prosecution of this matter may either (i) result in no recovery; (ii) result in no award of additional amounts for attorneys' fees and expenses; and/or (iii) result in the exhaustion of any recovery by way of incurred attorneys' fees and expenses.

33.     Accordingly, LSCC, Class Counsel, and Wilco Life ask the Court to recognize and take notice of the Stipulation of Addendum by Order of the Court or, as necessary and in the alternative, to approve the Stipulation of Addendum.

34.     In so doing, the Parties respectfully request that the Court, in its Order, recognize and take notice that:

a.      The terms and provisions of the Grace Period Settlement Agreement (i) are consistent with the Final Judgment, and (ii) do not materially limit the rights of the members of the COI Class within the meaning of paragraph 10 of the Final Judgment.

b.      The Stipulation of Addendum resolves any and all claims arising from, related to, or connected with the past handling of and charges for the Grace Period as alleged in the Grace Period Action.

c.      The resolution agreed to in the Grace Period Settlement Agreement, and the construction of the Stipulation of Settlement set forth in the Grace Period Settlement Agreement and in the Stipulation of Addendum, are an appropriate resolution of the claims raised in the Grace Period Action in light of Wilco Life's defenses and, given the nature of the adverse, competing arguments.

d.      Nothing in the Grace Period Settlement Agreement shall amend, limit, modify or diminish in any respect the protections, operation and effect of the COI Class Release in Paragraph 7 of the Final Judgment.

e.      The COI Class Release set forth in the Stipulation of Settlement and Final Judgment shall continue to be binding upon the members of the COI Class and their beneficiaries and all other releasees subject thereto. This Settlement Agreement shall not be construed to narrow the scope of the release in the Stipulation of Settlement and Final Judgment.

f.      The Court shall continue to exercise continuing jurisdiction over the COI Class Settlement in accordance with Paragraph 11 of the Final Judgment.

g.      Accordingly, any disputes arising from the Grace Period Settlement Agreement, the Stipulation of Addendum, the Joint Notice, and any issues

arising from, related to, or connected with the handling of and charges for the Grace Period will continue to be subject to the Final Judgment and this Court's injunction and continuing ancillary jurisdiction.

### CONCLUSION AND PRAYER

For the reasons explained above, the Parties respectfully request that the Court recognize and take notice of the Stipulation of Addendum by Order of the Court or, as necessary and in the alternative, to approve the Stipulation of Addendum.

Dated: July 29, 2021.

**BONNETT, FAIRBOURN, FRIEDMAN**
**& BALINT, PC**

_____

Andrew S. Friedman (admitted *Pro Hac Vice*)
afriedman@bffb.com
2325 East Camelback Road, Suite 300
Phoenix, Arizona 85016
Telephone: (602) 274-1100
Fax: (602) 274-1199

*Co-Lead and Class Counsel*
*For Class Plaintiffs in MDL No. 1610*

**LOCKE LORD LLP**

_____

Jamie Mei Cheng (SBN 298750)
jamie.cheng@lockelord.com
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071
T: (213) 485-1500
F: (213) 485-1200

Carl C. Scherz [*Pro Hac Vice*]
cscherz@lockelord.com
Taylor Brinkman [*Pro Hac Vice*]
tbrinkman@lockelord.com
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
T: (214) 740-8583
F: (214) 756-8583

*Attorneys for Defendant Conseco Life Insurance*
*Company n/k/a Wilcac Life Insurance Company*

14

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: CONSECO LIFE INSURANCE COST OF INSURANCE LITIGATION | MDL No. 04-1610 AHM (MCX)<br><br>**ORDER ACKNOWLEDGING AND CONFIRMING THE STIPULATION OF ADDENDUM TO THE SETTLEMENT AGREEMENT IN THIS ACTION – REGARDING THE IMPLEMENTATION OF SETTLEMENT CLASS RELIEF** |

Came on for consideration this day, the Joint Notice of Stipulation of Addendum to the Settlement Agreement - Regarding the Implementation of Settlement Class Relief (the "Joint Notice"), filed by Defendant Conseco Life Insurance Company, Class Member LSCC, LLC ("LSCC"), and Class Counsel Bonnett Fairbourn Friedman & Balint, PC ("Class Counsel"). Upon review of the Joint Notice and accompanying exhibits, the Court acknowledges and confirms the Stipulation of Addendum and the underlying Grace Period Settlement Agreement.

It is, therefore, ORDERED that the Court acknowledges and confirms that:

a. The terms and provisions of the Grace Period Settlement Agreement submitted with the Joint Notice (i) are consistent with the Final Judgment in this Action, and (ii) do not materially limit the rights of the members of the COI Class within the meaning of paragraph 10 of the Final Judgment.

b. The Stipulation of Addendum resolves any and all claims arising from, related to, or connected with the past handling of and charges for the Grace Period as alleged in the Grace Period Action.

c.      The resolution agreed to in the Grace Period Settlement Agreement, and the construction of the Stipulation of Settlement set forth in the Grace Period Settlement Agreement and in the Stipulation of Addendum, are an appropriate resolution of the claims raised in the Grace Period Action in light of Wilco Life's defenses and, given the nature of the adverse, competing arguments.

d.      Nothing in the Grace Period Settlement Agreement shall amend, limit, modify or diminish in any respect the protections, operation and effect of the COI Class Release in Paragraph 7 of the Final Judgment.

e.      The COI Class Release set forth in the Stipulation of Settlement and Final Judgment shall continue to be binding upon the members of the COI Class and their beneficiaries and all other releasees subject thereto. The Grace Period Settlement Agreement shall not be construed to narrow the scope of the release in the Stipulation of Settlement and Final Judgment.

f.      The Court shall continue to exercise continuing jurisdiction over the COI Class Settlement in accordance with Paragraph 11 of the Final Judgment.

g.      Any disputes arising from the Grace Period Settlement Agreement, the Stipulation of Addendum, the Joint Notice, and any issues arising from, related to, or connected with the handling of and charges for the Grace Period will continue to be subject to the Final Judgment and this Court's injunction and continuing ancillary jurisdiction.

SIGNED this the _____ day of _____, 2021.


_____
The Honorable Philip S. Gutierrez
United States Chief District Court Judge

1

**EXHIBIT C TO GRACE PERIOD SETTLEMENT AGREEMENT**

**BONNETT, FAIRBOURN,**
 **FRIEDMAN & BALINT, P.C.**
Andrew S. Friedman (*Pro Hac Vice*)
afriedman@bffb.com
Francis J. Balint, Jr. (*Pro Hac Vice*)
fbalint@bffb.com
2325 East Camelback Road
Suite 300
Phoenix, Arizona 85016
Tel: (602) 274-1100
Fax: (602) 274-1199

*Attorneys for Plaintiff*

**LOCKE LORD LLP**
Jamie Mei Cheng [Cal. Bar No. 298750]
jamie.cheng@lockelord.com
300 S. Grand Avenue, Suite 2600
Los Angeles, CA  90071
T: (213) 485-1500
F: (213) 485-1200

Carl C. Scherz [*Pro Hac Vice*]
cscherz@lockelord.com
Taylor Brinkman [*Pro Hac Vice*]
tbrinkman@lockelord.com
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
T: (214) 740-8583
F: (214) 756-8583

*Attorneys for Defendant,*
*Wilco Life Insurance Company*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LSCC LLC, an Arkansas limited liability corporation, individually and on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WILCO LIFE INSURANCE COMPANY f/k/a CONSECO LIFE INSURANCE COMPANY,<br><br>Defendant. | Case No. 2:19-cv-01854-PSG (MRWx)<br><br>**JOINT STIPULATION OF DISMISSAL WITH PREJUDICE**<br><br>Complaint Filed: March 13, 2019<br><br>Judge:    Hon. Philip S. Gutierrez |

1   Plaintiff LSCC, LLC ("LSCC") and Defendant Wilco Life Insurance Company
2   now known as Wilcac Life Insurance Company ("Wilco Life") file this Joint
3   Stipulation of Dismissal with Prejudice and request that the Court dismiss all claims in
4   this matter.
5   Pursuant a settlement agreement between the Parties (the "Grace Period
6   Settlement Agreement") and Rule 41(a)(2) of the *Federal Rules of Civil Procedure*,
7   the Parties stipulate that all claims against Wilco Life are hereby dismissed with
8   prejudice. The Parties further stipulate that this action shall be dismissed and that all
9   parties shall bear their own respective attorneys' fees and costs of suit.
10
11  Dated: July 29, 2021.

    **BONNETT, FAIRBOURN, FRIEDMAN**
    **& BALINT, PC**

    _____

    Andrew S. Friedman (*Pro Hac Vice*)
    afriedman@bffb.com
    Francis J. Balint, Jr. (*Pro Hac Vice*)
    fbalint@bffb.com
    2325 East Camelback Road
    Suite 300
    Phoenix, Arizona 85016
    Tel: (602) 274-1100
    Fax: (602) 274-1199

    *Attorneys for Plaintiff LSCC, LLC*

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**LOCKE LORD LLP**


_____
Jamie Mei Cheng (SBN 298750)
jamie.cheng@lockelord.com
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071
T: (213) 485-1500
F: (213) 485-1200

Carl C. Scherz  (*Pro Hac Vice*)
cscherz@lockelord.com
Taylor Brinkman (*Pro Hac Vice*)
tbrinkman@lockelord.com
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
T: (214) 740-8497
F: (214) 756-8497

*Attorneys for Defendant Wilco Life Insurance
Company*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LSCC LLC, an Arkansas limited liability corporation, individually and on behalf of itself and all others similarly situated, | Case No. 2:19-cv-01854-PSG (MRWx) |
| Plaintiff, | **ORDER OF DISMISSAL WITH PREJUDICE** |
| vs. | Complaint Filed: March 13, 2019 |
| WILCO LIFE INSURANCE COMPANY f/k/a CONSECO LIFE INSURANCE COMPANY, | Judge:     Hon. Philip S. Gutierrez |
| Defendant. | |

Came on for consideration this day, the Joint Stipulation of Dismissal with Prejudice of all Parties.  The parties no longer desiring to pursue this action, the Court finds that the Joint Stipulation of Dismissal be GRANTED.

It is, therefore, ORDERED that all claims in this matter against Defendant Wilco Life Insurance Company are hereby dismissed with prejudice and that each party shall bear its own respective costs of suit and attorneys' fees.  This is a final judgment disposing of all claims and all parties.  All relief not expressly granted herein is hereby denied.

SIGNED this the _____ day of _____, 2021.


_____
The Honorable Philip S. Gutierrez
United States Chief District Court Judge

EXHIBIT D
SETTLEMENT AGREEMENT

| PRIOR DEATH BENEFIT PAYMENT DATE SCHEDULE | | SETTLEMENT RELIEF PER POLICY | | | | |
|---|---|---|---|---|---|---|
| POLICY # | DATE PAID | Policy Number | Number of Beneficiaries for Policy | Total Amount Withheld | Amount attributable to each Beneficiary | Grace Period Settlement Relief - Anticipated Relief per claimant assuming no additional notice costs are subtracted as required by the Court. |
| 0080001380 | 6/29/2020 | 0080001380 | 1 | $345.18 | $345.18 | $345.18 |
| 0080015860 | 1/27/2021 | 0080015860 | 1 | $276.07 | $276.07 | $276.07 |
| 0080022000 | 3/16/2021 | 0080022000 | 1 | $286.81 | $286.81 | $286.81 |
| 0080025990 | 11/27/2018 | 0080025990 | 1 | $2,430.74 | $2,430.74 | $2,430.74 |
| 0080033910 | 5/5/2017 | 0080033910 | 1 | $196.45 | $196.45 | $196.45 |
| 0080034070 | 4/6/2018 | 0080034070 | 1 | $1,976.95 | $1,976.95 | $1,976.95 |
| 0080039450 | 7/30/2019 | 0080039450 | 1 | $1,067.53 | $1,067.53 | $1,067.53 |
| 0080046140 | 9/15/2020 | 0080052840 | 1 | $2,847.68 | $2,847.68 | $2,847.68 |
| 0080052840 | 1/10/2018 | 0080060190 | 1 | $4,938.58 | $4,938.58 | $4,938.58 |
| 0080060190 | 9/10/2018 | 0080067920 | 2 | $903.12 | $451.56 | $903.12 |
| 0080067920 | 8/28/2020 | 0080068020 | 1 | $2,291.32 | $2,291.32 | $2,291.32 |
| 0080067920 | 1/26/2021 | 0080085660 | 1 | $210.55 | $210.55 | $210.55 |
| 0080068020 | 3/6/2017 | 0080085840 | 1 | $5,896.92 | $5,896.92 | $5,896.92 |
| 0080085660 | 11/4/2019 | 0080090760 | 4 | $413.36 | $103.34 | $413.36 |
| 0080085840 | 4/11/2018 | 0080091030 | 1 | $617.41 | $617.41 | $617.41 |
| 0080090760 | 9/28/2018 | 0080100510 | 2 | $345.60 | $172.80 | $345.60 |
| 0080090760 | 9/28/2017 | 0080106170 | 1 | $423.66 | $423.66 | $423.66 |
| 0080090760 | 9/28/2017 | 0080108140 | 1 | $1,202.79 | $1,202.79 | $1,202.79 |
| 0080090760 | 9/28/2017 | 0080109550 | 1 | $1,549.93 | $1,549.93 | $1,549.93 |
| 0080091030 | 9/22/2020 | 0080111010 | 1 | $1,694.93 | $1,694.93 | $1,694.93 |
| 0080100510 | 1/12/2021 | 0080116500 | 1 | $13,626.75 | $13,626.75 | $13,626.75 |
| 0080100510 | 1/12/2021 | 0080116520 | 1 | $3,597.18 | $3,597.18 | $3,597.18 |
| 0080106170 | 5/3/2017 | 0080122640 | 3 | $446.43 | $148.81 | $446.43 |
| 0080108140 | 8/30/2017 | 0080124000 | 1 | $368.58 | $368.58 | $368.58 |
| 0080109550 | 12/11/2019 | 0080135420 | 1 | $107.00 | $107.00 | $107.00 |
| 0080111010 | 9/29/2017 | 0080152490 | 2 | $677.14 | $338.57 | $677.14 |
| 0080116500 | 5/7/2019 | 0080152590 | 1 | $380.60 | $380.60 | $380.60 |
| 0080116520 | 5/7/2019 | 0080159610 | 1 | $1,540.73 | $1,540.73 | $1,540.73 |
| 0080122640 | 3/12/2018 | 0080164550 | 1 | $865.86 | $865.86 | $865.86 |
| 0080122640 | 4/3/2018 | 0080164600 | 1 | $5,158.19 | $5,158.19 | $5,158.19 |
| 0080122640 | 4/3/2018 | 0080166760 | 1 | $5,167.61 | $5,167.61 | $5,167.61 |
| 0080135420 | 11/2/2017 | 0080172310 | 1 | $1,035.09 | $1,035.09 | $1,035.09 |
| 0080152490 | 8/20/2019 | 0080181000 | 1 | $93.52 | $93.52 | $93.52 |
| 0080152490 | 10/2/2019 | 0080188650 | 3 | $2,310.62 | $770.21 | $2,310.62 |
| 0080152590 | 8/6/2020 | 0080190370 | 1 | $259.93 | $259.93 | $259.93 |
| 0080159610 | 12/12/2016 | 0080200790 | 2 | $1,173.52 | $586.76 | $1,173.52 |
| 0080164550 | 5/1/2020 | 0080205170 | 1 | $2,129.79 | $2,129.79 | $2,129.79 |
| 0080164600 | 2/19/2019 | 0080207890 | 1 | $154.48 | $154.48 | $154.48 |
| 0080166760 | 3/13/2018 | 0080211830 | 3 | $315.77 | $105.26 | $315.77 |
| 0080172310 | 9/22/2020 | 0080213380 | 3 | $912.73 | $304.24 | $912.73 |
| 0080181000 | 5/2/2019 | 0080214480 | 1 | $5.89 | $5.89 | $5.89 |
| 0080188650 | 1/31/2020 | 0080216570 | 1 | $836.54 | $836.54 | $836.54 |
| 0080188650 | 1/31/2020 | 0080220920 | 1 | $1,357.71 | $1,357.71 | $1,357.71 |
| 0080188650 | 1/31/2020 | 0080221270 | 2 | $13,952.98 | $6,976.49 | $13,952.98 |
| 0080190370 | 3/23/2020 | 0080224680 | 1 | $1,242.21 | $1,242.21 | $1,242.21 |
| 0080200790 | 10/19/2017 | 0080227170 | 1 | $836.22 | $836.22 | $836.22 |

EXHIBIT D
SETTLEMENT AGREEMENT

| | | | | | |
|---|---|---|---|---|---|
| 0080200790 | 10/18/2017 | 0080235360 | 4 | $311.54 | $77.89 | $311.54 |
| 0080205170 | 7/13/2020 | 0080239560 | 2 | $355.69 | $177.85 | $355.69 |
| 0080207890 | 2/14/2018 | 0080241000 | 1 | $879.40 | $879.40 | $879.40 |
| 0080211830 | 7/28/2020 | 0080247060 | 2 | $2,841.71 | $1,420.86 | $2,841.71 |
| 0080211830 | 7/28/2020 | 0080248360 | 1 | $437.02 | $437.02 | $437.02 |
| 0080211830 | 7/28/2020 | 0080256640 | 1 | $110.07 | $110.07 | $110.07 |
| 0080213380 | 11/3/2020 | 0080267750 | 1 | $7,400.44 | $7,400.44 | $7,400.44 |
| 0080213380 | 11/3/2020 | 0080270270 | 1 | $4,913.80 | $4,913.80 | $4,913.80 |
| 0080213380 | 10/28/2021 | 0080277600 | 1 | $4,975.87 | $4,975.87 | $4,975.87 |
| 0080214480 | 4/8/2019 | 0080277880 | 2 | $233.95 | $116.98 | $233.95 |
| 0080220920 | 6/9/2017 | 0080281880 | 1 | $627.89 | $627.89 | $627.89 |
| 0080221270 | 6/15/2020 | 0080283890 | 2 | $1,446.03 | $723.02 | $1,446.03 |
| 0080221270 | 6/15/2020 | 0080288350 | 2 | $371.90 | $185.95 | $371.90 |
| 0080224680 | 12/6/2018 | 0080290840 | 1 | $717.95 | $717.95 | $717.95 |
| 0080227170 | 10/16/2020 | 0080298570 | 1 | $911.55 | $911.55 | $911.55 |
| 0080235360 | 11/28/2018 | 0080303480 | 1 | $1,196.73 | $1,196.73 | $1,196.73 |
| 0080235360 | 11/28/2018 | 0080307320 | 1 | $1,199.54 | $1,199.54 | $1,199.54 |
| 0080235360 | 11/28/2018 | 0080309860 | 1 | $8,059.53 | $8,059.53 | $8,059.53 |
| 0080235360 | 11/28/2018 | 0080310170 | 1 | $428.71 | $428.71 | $428.71 |
| 0080239560 | 11/23/2020 | 0080315200 | 1 | $557.49 | $557.49 | $557.49 |
| 0080239560 | 10/8/2020 | 0080325290 | 1 | $36.06 | $36.06 | $36.06 |
| 0080241000 | 5/28/2020 | 0080326770 | 1 | $369.86 | $369.86 | $369.86 |
| 0080247060 | 6/8/2020 | 0080326780 | 1 | $28.11 | $28.11 | $28.11 |
| 0080247060 | 6/8/2020 | 0080331380 | 1 | $1,513.92 | $1,513.92 | $1,513.92 |
| 0080248360 | 12/10/2020 | 0080331390 | 1 | $8,706.91 | $8,706.91 | $8,706.91 |
| 0080256640 | 11/12/2019 | 0080331900 | 1 | $27,024.21 | $27,024.21 | $27,024.21 |
| 0080267750 | 11/30/2017 | 0080335010 | 1 | $218.53 | $218.53 | $218.53 |
| 0080270270 | 7/16/2019 | 0080338440 | 3 | $7,532.75 | $2,510.92 | $7,532.75 |
| 0080277600 | 10/3/2019 | 0080339180 | 1 | $298.17 | $298.17 | $298.17 |
| 0080277880 | 11/7/2019 | 0080341460 | 3 | $705.04 | $235.01 | $705.04 |
| 0080277880 | 9/9/2019 | 0080343820 | 1 | $589.64 | $589.64 | $589.64 |
| 0080281880 | 1/4/2018 | 0080345690 | 1 | $2,758.57 | $2,758.57 | $2,758.57 |
| 0080283890 | 11/13/2017 | 0080357150 | 1 | $399.76 | $399.76 | $399.76 |
| 0080283890 | 12/18/2017 | 0080363830 | 2 | $3,766.81 | $1,883.41 | $3,766.81 |
| 0080288350 | 9/26/2018 | 0080366940 | 1 | $737.46 | $737.46 | $737.46 |
| 0080288350 | 9/26/2018 | 0080378280 | 1 | $50.76 | $50.76 | $50.76 |
| 0080290840 | 4/19/2018 | 0080387520 | 1 | $7,386.41 | $7,386.41 | $7,386.41 |
| 0080298570 | 10/14/2019 | 0080399050 | 3 | $5,632.06 | $1,877.35 | $5,632.06 |
| 0080307320 | 12/1/2017 | 0080400100 | 5 | $1,295.70 | $259.14 | $1,295.70 |
| 0080309860 | 7/11/2019 | 0080407540 | 1 | $649.90 | $649.90 | $649.90 |
| 0080310170 | 1/12/2018 | 0080409530 | 1 | $1,063.78 | $1,063.78 | $1,063.78 |
| 0080325290 | 11/7/2016 | 0080415850 | 1 | $1,668.45 | $1,668.45 | $1,668.45 |
| 0080326770 | 3/6/2020 | 0080417270 | 2 | $621.24 | $310.62 | $621.24 |
| 0080326780 | 6/9/2020 | 0080420300 | 1 | $542.40 | $542.40 | $542.40 |
| 0080331380 | 9/22/2017 | 0080430580 | 1 | $1,072.50 | $1,072.50 | $1,072.50 |
| 0080331390 | 3/1/2017 | 0080436220 | 1 | $14,903.53 | $14,903.53 | $14,903.53 |
| 0080331900 | 8/8/2018 | 0080456130 | 1 | $172.19 | $172.19 | $172.19 |
| 0080335010 | 9/22/2017 | 0080460480 | 1 | $743.26 | $743.26 | $743.26 |
| 0080338440 | 5/3/2019 | 0080462190 | 1 | $2,374.08 | $2,374.08 | $2,374.08 |
| 0080338440 | 5/3/2019 | 0080464340 | 1 | $580.62 | $580.62 | $580.62 |
| 0080338440 | 5/3/2019 | 0080464490 | 1 | $126.11 | $126.11 | $126.11 |
| 0080339180 | 12/16/2020 | 0080476860 | 4 | $823.69 | $205.92 | $823.69 |
| 0080341460 | 6/29/2020 | 0084001010 | 1 | $42.32 | $42.32 | $42.32 |
| 0080341460 | 6/29/2020 | 0084003510 | 1 | $1,913.32 | $1,913.32 | $1,913.32 |
| 0080341460 | 7/6/2020 | 0084006280 | 3 | $5,681.36 | $1,893.79 | $5,681.36 |
| 0080343820 | 2/18/2021 | 0084006980 | 4 | $451.37 | $112.84 | $451.37 |
| 0080345690 | 8/30/2017 | 0084008200 | 1 | $187.28 | $187.28 | $187.28 |
| 0080363830 | 2/26/2019 | 0084010140 | 2 | $175.24 | $87.62 | $175.24 |
| 0080363830 | 6/21/2019 | 0084011040 | 1 | $263.13 | $263.13 | $263.13 |
| 0080366940 | 5/22/2017 | 0084014670 | 1 | $834.51 | $834.51 | $834.51 |
| 0080378280 | 4/29/2020 | 0084015890 | 1 | $4,210.09 | $4,210.09 | $4,210.09 |
| 0080387520 | 2/23/2021 | 0084016130 | 2 | $6,406.80 | $3,203.40 | $6,406.80 |

EXHIBIT D

SETTLEMENT AGREEMENT

| | | | | | |
|---|---|---|---|---|---|
| 0080399050 | 12/17/2018 | 0084016720 | 2 | $2,190.04 | $1,095.02 | $2,190.04 |
| 0080399050 | 12/28/2018 | 0084017070 | 4 | $279.70 | $69.93 | $279.70 |
| 0080399050 | 12/28/2018 | 0084017790 | 1 | $1,648.99 | $1,648.99 | $1,648.99 |
| 0080400100 | 12/15/2020 | 0084018120 | 1 | $574.65 | $574.65 | $574.65 |
| 0080400100 | 12/29/2020 | 0084019270 | 1 | $218.49 | $218.49 | $218.49 |
| 0080400100 | 12/15/2020 | 0084019650 | 4 | $145.18 | $36.30 | $145.18 |
| 0080400100 | 12/15/2020 | 0084042740 | 2 | $4,048.00 | $2,024.00 | $4,048.00 |
| 0080400100 | 12/15/2020 | 0084101990 | 7 | $2,854.40 | $407.77 | $2,854.40 |
| 0080407540 | 8/4/2020 | 0084104710 | 1 | $6,414.18 | $6,414.18 | $6,414.18 |
| 0080409530 | | 0084106820 | 1 | $13,877.75 | $13,877.75 | $13,877.75 |
| 0080415850 | 6/17/2020 | 0084109710 | 1 | $3,211.75 | $3,211.75 | $3,211.75 |
| 0080417270 | 4/4/2017 | 0084110780 | 2 | $3,118.29 | $1,559.15 | $3,118.29 |
| 0080417270 | 4/4/2017 | 0084500190 | 1 | $1,271.29 | $1,271.29 | $1,271.29 |
| 0080430580 | 8/1/2017 | 1090000786 | 1 | $4,999.04 | $4,999.04 | $4,999.04 |
| 0080436220 | 10/15/2018 | 1090001205 | 3 | $1,103.12 | $367.71 | $1,103.12 |
| 0080456130 | 4/15/2020 | 1090002191 | 1 | $210.95 | $210.95 | $210.95 |
| 0080460480 | 12/20/2018 | 1090002810 | 1 | $2,182.02 | $2,182.02 | $2,182.02 |
| 0080462190 | 9/15/2017 | 1090002942 | 4 | $229.15 | $57.29 | $229.15 |
| 0080464340 | 11/5/2018 | 1090003015 | 2 | $251.63 | $125.82 | $251.63 |
| 0080464490 | 9/17/2020 | 1090003394 | 2 | $227.29 | $113.65 | $227.29 |
| 0080476860 | 6/7/2018 | 1090004201 | 2 | $408.22 | $204.11 | $408.22 |
| 0080476860 | 6/7/2018 | 1090007786 | 1 | $124.94 | $124.94 | $124.94 |
| 0080476860 | 6/7/2018 | 1090008134 | 1 | $804.43 | $804.43 | $804.43 |
| 0080476860 | 6/7/2018 | 1090008158 | 1 | $4,930.46 | $4,930.46 | $4,930.46 |
| 0084001010 | 1/25/2021 | 1090009445 | 1 | $721.81 | $721.81 | $721.81 |
| 0084003510 | 8/2/2017 | 1090010257 | 1 | $123.82 | $123.82 | $123.82 |
| 0084006280 | 8/10/2017 | 1090010599 | 1 | $260.35 | $260.35 | $260.35 |
| 0084006280 | 6/19/2017 | 1090010875 | 1 | $1,068.93 | $1,068.93 | $1,068.93 |
| 0084006280 | 6/19/2017 | 1090010927 | 1 | $2,975.48 | $2,975.48 | $2,975.48 |
| 0084008200 | 3/4/2019 | 1090011369 | 3 | $209.02 | $69.67 | $209.02 |
| 0084010140 | 6/29/2020 | 1090012288 | 1 | $2,296.96 | $2,296.96 | $2,296.96 |
| 0084010140 | 6/29/2020 | 1090012928 | 1 | $625.39 | $625.39 | $625.39 |
| 0084011040 | 10/11/2018 | 1090013574 | 3 | $408.67 | $136.22 | $408.67 |
| 0084011170 | 7/6/2017 | 1090022777 | 1 | $2,667.58 | $2,667.58 | $2,667.58 |
| 0084011250 | 9/6/2017 | 1090025527 | 1 | $148.54 | $148.54 | $148.54 |
| 0084014670 | 8/10/2017 | 1090026309 | 1 | $3,996.41 | $3,996.41 | $3,996.41 |
| 0084015890 | 8/8/2018 | 1090026605 | 1 | $906.71 | $906.71 | $906.71 |
| 0084016130 | 7/27/2018 | 1090033846 | 3 | $1,271.63 | $423.88 | $1,271.63 |
| 0084016130 | 7/27/2018 | 1090040253 | 1 | $1,140.36 | $1,140.36 | $1,140.36 |
| 0084016720 | 9/10/2020 | 1090043633 | 1 | $553.14 | $553.14 | $553.14 |
| 0084016720 | 9/10/2020 | 1090062780 | 2 | $2,834.94 | $1,417.47 | $2,834.94 |
| 0084017070 | 7/14/2020 | 1090062812 | 1 | $963.74 | $963.74 | $963.74 |
| 0084017070 | 7/31/2020 | 1090064863 | 1 | $1,245.30 | $1,245.30 | $1,245.30 |
| 0084017070 | 7/14/2020 | 1090066720 | 2 | $62.37 | $31.19 | $62.37 |
| 0084017070 | 8/12/2018 | 1090069402 | 2 | $81.53 | $40.77 | $81.53 |
| 0084018120 | 1/27/2020 | 1090069431 | 1 | $2,672.14 | $2,672.14 | $2,672.14 |
| 0084019270 | 2/12/2020 | 1090069771 | 1 | $370.71 | $370.71 | $370.71 |
| 0084019650 | 12/20/2019 | 1090069963 | 1 | $334.05 | $334.05 | $334.05 |
| 0084019650 | 12/23/2019 | 1090071749 | 1 | $281.11 | $281.11 | $281.11 |
| 0084019650 | 11/6/2019 | 1090073148 | 2 | $287.49 | $143.75 | $287.49 |
| 0084019650 | 12/20/2019 | 1090074624 | 1 | $321.68 | $321.68 | $321.68 |
| 0084023860 | 6/7/2018 | 1090075042 | 2 | $7,599.67 | $3,799.84 | $7,599.67 |
| 0084042740 | 10/21/2020 | 1090085667 | 1 | $15.25 | $15.25 | $15.25 |
| 0084042740 | 10/28/2020 | 1090089993 | 1 | $194.95 | $194.95 | $194.95 |
| 0084101990 | 4/8/2019 | 1090094394 | 1 | $449.27 | $449.27 | $449.27 |
| 0084101990 | 4/8/2019 | 1090094897 | 2 | $234.39 | $117.20 | $234.39 |
| 0084101990 | 4/8/2019 | 1090096557 | 1 | $1,413.14 | $1,413.14 | $1,413.14 |
| 0084101990 | 4/8/2019 | 1090096953 | 1 | $1,468.86 | $1,468.86 | $1,468.86 |
| 0084101990 | 4/8/2019 | 1090098498 | 1 | $177.06 | $177.06 | $177.06 |
| 0084101990 | 4/8/2019 | 1090098507 | 1 | $558.33 | $558.33 | $558.33 |
| 0084101990 | 4/8/2019 | 1090099076 | 1 | $105.63 | $105.63 | $105.63 |
| 0084106820 | 8/28/2020 | 1090106143 | 1 | $2,021.92 | $2,021.92 | $2,021.92 |

EXHIBIT D
SETTLEMENT AGREEMENT

| | | | | | |
|---|---|---|---|---|---|
| 0084109710 | 9/14/2020 | 1090108269 | 2 | $240.24 | $120.12 | $240.24 |
| 0084110780 | 9/17/2018 | 1090109993 | 1 | $427.21 | $427.21 | $427.21 |
| 0084110780 | 9/17/2018 | 1090112513 | 2 | $397.88 | $198.94 | $397.88 |
| 0084500190 | 12/26/2018 | 1090112984 | 1 | $738.61 | $738.61 | $738.61 |
| 1090000786 | 8/30/2016 | 1090114313 | 1 | $735.69 | $735.69 | $735.69 |
| 1090001205 | 11/7/2017 | 1090118340 | 1 | $170.49 | $170.49 | $170.49 |
| 1090001205 | 11/7/2017 | 1090118733 | 3 | $828.10 | $276.03 | $828.10 |
| 1090001205 | 11/7/2017 | 1090122640 | 1 | $480.19 | $480.19 | $480.19 |
| 1090002191 | 1/28/2021 | 1090130387 | 1 | $2,486.14 | $2,486.14 | $2,486.14 |
| 1090002810 | 12/19/2018 | 1090131727 | 1 | $357.77 | $357.77 | $357.77 |
| 1090002942 | 5/2/2018 | 1090137347 | 1 | $85.00 | $85.00 | $85.00 |
| 1090002942 | 5/2/2018 | 1090139096 | 1 | $684.29 | $684.29 | $684.29 |
| 1090002942 | 5/2/2018 | 1090144518 | 1 | $327.58 | $327.58 | $327.58 |
| 1090002942 | 5/2/2018 | 1090150456 | 2 | $76.13 | $38.07 | $76.13 |
| 1090003015 | 6/22/2020 | 1090151725 | 1 | $410.77 | $410.77 | $410.77 |
| 1090003015 | 6/22/2020 | 1090151728 | 1 | $804.06 | $804.06 | $804.06 |
| 1090003394 | 5/17/2018 | 1090152578 | 1 | $607.93 | $607.93 | $607.93 |
| 1090003394 | 6/21/2018 | 1090155696 | 1 | $112.06 | $112.06 | $112.06 |
| 1090004201 | 10/2/2020 | 1090156719 | 2 | $313.11 | $156.56 | $313.11 |
| 1090004201 | 10/9/2020 | 1090161134 | 1 | $185.08 | $185.08 | $185.08 |
| 1090007786 | 1/27/2021 | 1090163839 | 2 | $141.38 | $70.69 | $141.38 |
| 1090008134 | 6/14/2018 | 1090164718 | 1 | $1,016.99 | $1,016.99 | $1,016.99 |
| 1090008158 | 7/9/2020 | 1090165620 | 1 | $49.76 | $49.76 | $49.76 |
| 1090009445 | 1/27/2020 | 1090166515 | 1 | $498.24 | $498.24 | $498.24 |
| 1090010257 | 6/3/2019 | 1090167376 | 2 | $270.29 | $135.15 | $270.29 |
| 1090010599 | 8/21/2018 | 1090168069 | 2 | $458.95 | $229.48 | $458.95 |
| 1090010927 | 9/20/2017 | 1090171040 | 5 | $460.88 | $92.18 | $460.88 |
| 1090011369 | 10/13/2020 | 1090185535 | 1 | $31.32 | $31.32 | $31.32 |
| 1090011369 | 10/13/2020 | 1090185536 | 1 | $145.03 | $145.03 | $145.03 |
| 1090011369 | 10/13/2020 | 1090187874 | 3 | $685.80 | $228.60 | $685.80 |
| 1090012288 | 12/30/2020 | 1090190086 | 1 | $61.24 | $61.24 | $61.24 |
| 1090012928 | 2/8/2018 | 1090194419 | 1 | $126.07 | $126.07 | $126.07 |
| 1090022777 | 12/10/2020 | 1090195226 | 3 | $881.54 | $293.85 | $881.54 |
| 1090025527 | 4/23/2019 | 1090195273 | 1 | $29.75 | $29.75 | $29.75 |
| 1090026309 | 9/25/2019 | 1090196166 | 1 | $12.41 | $12.41 | $12.41 |
| 1090026605 | 4/6/2020 | 1090202894 | 1 | $750.58 | $750.58 | $750.58 |
| 1090033846 | 7/11/2017 | 1090204206 | 1 | $76.83 | $76.83 | $76.83 |
| 1090033846 | 7/11/2017 | 1090205130 | 1 | $2,696.07 | $2,696.07 | $2,696.07 |
| 1090033846 | 7/11/2017 | 1090205740 | 7 | $124.19 | $17.74 | $124.19 |
| 1090040253 | 9/2/2016 | 1090214552 | 1 | $1,765.37 | $1,765.37 | $1,765.37 |
| 1090046655 | 8/29/2017 | 1090214972 | 2 | $97.15 | $48.58 | $97.15 |
| 1090046655 | 8/29/2017 | 1090219785 | 1 | $787.63 | $787.63 | $787.63 |
| 1090046655 | 8/11/2017 | 1090220957 | 2 | $342.71 | $171.36 | $342.71 |
| 1090062780 | 7/20/2017 | 1090222095 | 4 | $174.61 | $43.65 | $174.61 |
| 1090062780 | 9/26/2017 | 1090222904 | 1 | $989.23 | $989.23 | $989.23 |
| 1090062812 | 11/2/2020 | 1090224340 | 1 | $677.49 | $677.49 | $677.49 |
| 1090064863 | 8/29/2018 | 1090234113 | 1 | $590.28 | $590.28 | $590.28 |
| 1090066720 | 6/16/2020 | 1090237235 | 1 | $505.25 | $505.25 | $505.25 |
| 1090066720 | 6/16/2020 | 1090237365 | 1 | $67.15 | $67.15 | $67.15 |
| 1090069402 | 4/9/2018 | 1090245806 | 1 | $903.15 | $903.15 | $903.15 |
| 1090069402 | 3/9/2018 | 1090247546 | 1 | $659.58 | $659.58 | $659.58 |
| 1090069771 | 8/21/2018 | 1090248480 | 1 | $92.29 | $92.29 | $92.29 |
| 1090069963 | 2/4/2019 | 1090249996 | 1 | $447.40 | $447.40 | $447.40 |
| 1090071749 | 1/24/2018 | 1090252400 | 1 | $587.53 | $587.53 | $587.53 |
| 1090073148 | 2/26/2021 | 1090258449 | 1 | $191.39 | $191.39 | $191.39 |
| 1090073148 | 2/26/2021 | 1090259698 | 4 | $257.93 | $64.48 | $257.93 |
| 1090074624 | 2/7/2019 | 1090259751 | 1 | $14,483.51 | $14,483.51 | $14,483.51 |
| 1090075042 | 5/1/2019 | 1090261301 | 1 | $503.88 | $503.88 | $503.88 |
| 1090075042 | 5/1/2019 | 1090262323 | 1 | $599.30 | $599.30 | $599.30 |
| 1090085667 | 1/24/2020 | 1090262526 | 1 | $1,590.13 | $1,590.13 | $1,590.13 |
| 1090089993 | 2/14/2020 | 1090268273 | 2 | $64.84 | $32.42 | $64.84 |
| 1090094394 | 12/28/2018 | 1090269752 | 1 | $212.83 | $212.83 | $212.83 |

EXHIBIT D
SETTLEMENT AGREEMENT

| | | | | | | |
|---|---|---|---|---|---|---|
| 1090094897 | 7/5/2018 | 1090270099 | 1 | $327.86 | $327.86 | $327.86 |
| 1090094897 | 7/23/2018 | 1090275619 | 1 | $893.05 | $893.05 | $893.05 |
| 1090096557 | 8/2/2016 | 1090276393 | 1 | $242.66 | $242.66 | $242.66 |
| 1090096953 | 11/15/2019 | 1090278880 | 1 | $4,332.11 | $4,332.11 | $4,332.11 |
| 1090098498 | 9/24/2020 | 1090281012 | 1 | $425.62 | $425.62 | $425.62 |
| 1090098507 | 1/11/2018 | 1090285456 | 5 | $2,032.59 | $406.52 | $2,032.59 |
| 1090099076 | 1/23/2018 | 1090287079 | 1 | $270.68 | $270.68 | $270.68 |
| 1090106143 | 4/3/2017 | 1090288807 | 3 | $31.46 | $10.49 | $31.46 |
| 1090108269 | 11/27/2018 | 1090294886 | 1 | $339.01 | $339.01 | $339.01 |
| 1090108269 | 11/27/2018 | 1090295446 | 1 | $2,257.08 | $2,257.08 | $2,257.08 |
| 1090109993 | 4/15/2019 | 1090295447 | 1 | $702.82 | $702.82 | $702.82 |
| 1090112513 | 6/29/2018 | 1090298051 | 1 | $678.11 | $678.11 | $678.11 |
| 1090112513 | 6/29/2018 | 1090302386 | 1 | $174.73 | $174.73 | $174.73 |
| 1090112984 | 3/30/2018 | 1090304862 | 3 | $2,373.48 | $791.16 | $2,373.48 |
| 1090114313 | 2/16/2017 | 1090305894 | 3 | $45.46 | $15.15 | $45.46 |
| 1090118340 | 10/24/2018 | 1090310114 | 1 | $749.26 | $749.26 | $749.26 |
| 1090118475 | 8/17/2017 | 1090311089 | 1 | $248.47 | $248.47 | $248.47 |
| 1090118733 | 12/1/2017 | 1090311492 | 1 | $233.15 | $233.15 | $233.15 |
| 1090118733 | 11/1/2017 | 1090315812 | 1 | $445.68 | $445.68 | $445.68 |
| 1090118733 | 10/3/2017 | 1090328034 | 4 | $76.18 | $19.05 | $76.18 |
| 1090122640 | 5/11/2018 | 1090336965 | 1 | $110.72 | $110.72 | $110.72 |
| 1090131727 | 10/19/2018 | 1090344813 | 1 | $17.66 | $17.66 | $17.66 |
| 1090137347 | 9/1/2020 | 1090345130 | 1 | $828.29 | $828.29 | $828.29 |
| 1090139096 | 9/23/2019 | 1090345227 | 1 | $1,148.76 | $1,148.76 | $1,148.76 |
| 1090144518 | 11/10/2016 | 1090347125 | 2 | $1,528.28 | $764.14 | $1,528.28 |
| 1090150456 | 9/23/2020 | 1090347203 | 1 | $264.97 | $264.97 | $264.97 |
| 1090150456 | 9/23/2020 | 1090349949 | 1 | $14.44 | $14.44 | $14.44 |
| 1090151725 | 4/22/2016 | 1090351287 | 1 | $99.47 | $99.47 | $99.47 |
| 1090155696 | 1/14/2020 | 1090352492 | 2 | $238.52 | $119.26 | $238.52 |
| 1090156719 | 8/24/2018 | 1090354971 | 1 | $379.11 | $379.11 | $379.11 |
| 1090156719 | 8/24/2018 | 1090354978 | 2 | $583.01 | $291.51 | $583.01 |
| 1090161134 | 7/28/2020 | 1090355558 | 1 | $393.47 | $393.47 | $393.47 |
| 1090164718 | 2/28/2018 | 1090361612 | 1 | $19.68 | $19.68 | $19.68 |
| 1090165620 | 12/4/2020 | 1090363864 | 1 | $84.79 | $84.79 | $84.79 |
| 1090166515 | 10/9/2019 | 1090366038 | 1 | $1,540.09 | $1,540.09 | $1,540.09 |
| 1090167376 | 5/30/2019 | 1090370371 | 1 | $69.05 | $69.05 | $69.05 |
| 1090167376 | 6/25/2019 | 1090372442 | 4 | $231.35 | $57.84 | $231.35 |
| 1090171040 | 5/15/2017 | 1090375613 | 1 | $1,601.16 | $1,601.16 | $1,601.16 |
| 1090171040 | 9/11/2017 | 1090378641 | 1 | $73.91 | $73.91 | $73.91 |
| 1090171040 | 5/15/2017 | 1090382852 | 1 | $186.95 | $186.95 | $186.95 |
| 1090171040 | 12/4/2018 | 1090387851 | 1 | $626.53 | $626.53 | $626.53 |
| 1090171040 | 5/12/2017 | 1090396989 | 1 | $82.58 | $82.58 | $82.58 |
| 1090185535 | 11/27/2018 | 1090459482 | 2 | $244.35 | $122.18 | $244.35 |
| 1090185536 | 1/15/2019 | 1090487715 | 3 | $180.52 | $60.17 | $180.52 |
| 1090187874 | 4/5/2019 | 1090495370 | 1 | $209.57 | $209.57 | $209.57 |
| 1090187874 | 4/5/2019 | 1090518600 | 1 | $340.93 | $340.93 | $340.93 |
| 1090187874 | 4/5/2019 | 1090563108 | 1 | $328.20 | $328.20 | $328.20 |
| 1090190086 | 8/2/2017 | 1090569776 | 1 | $281.33 | $281.33 | $281.33 |
| 1090194419 | 9/9/2019 | 1099000217 | 4 | $339.10 | $84.78 | $339.10 |
| 1090195226 | 6/11/2018 | 1099000244 | 1 | $725.66 | $725.66 | $725.66 |
| 1090195226 | 6/11/2018 | 1099000694 | 1 | $4,712.63 | $4,712.63 | $4,712.63 |
| 1090195226 | 6/11/2018 | 1099000934 | 1 | $26,117.55 | $26,117.55 | $26,117.55 |
| 1090196166 | 4/6/2020 | 10UL014296 | 1 | $3,783.53 | $3,783.53 | $3,783.53 |
| 1090202894 | 5/1/2020 | 10UL015438 | 2 | $1,205.10 | $602.55 | $1,205.10 |
| 1090204206 | 10/4/2017 | 10UL016713 | 2 | $10,745.82 | $5,372.91 | $10,745.82 |
| 1090205130 | 6/8/2020 | 10UL018401 | 4 | $4,356.08 | $1,089.02 | $4,356.08 |
| 1090205740 | 1/3/2019 | 10UL018402 | 4 | $317.96 | $79.49 | $317.96 |
| 1090205740 | 1/3/2019 | 10UL018881 | 1 | $275.50 | $275.50 | $275.50 |
| 1090205740 | 1/3/2019 | 10UL019264 | 2 | $2,845.75 | $1,422.88 | $2,845.75 |
| 1090205740 | 1/3/2019 | 10UL020465 | 1 | $92,123.45 | $92,123.45 | $92,123.45 |
| 1090205740 | 1/3/2019 | 10UL020699 | 1 | $1,088.10 | $1,088.10 | $1,088.10 |
| 1090205740 | 1/3/2019 | 10UL020895 | 1 | $1,521.87 | $1,521.87 | $1,521.87 |

EXHIBIT D

SETTLEMENT AGREEMENT

| | | | | | |
|---|---|---|---|---|---|
| 1090205740 | 1/3/2019 | 10UL021361 | 4 | $131.33 | $32.83 | $131.33 |
| 1090214552 | 12/13/2019 | 10UL021380 | 1 | $2,232.42 | $2,232.42 | $2,232.42 |
| 1090214972 | 5/12/2020 | 10UL022571 | 1 | $3,049.24 | $3,049.24 | $3,049.24 |
| 1090214972 | 6/16/2020 | 10UL022669 | 1 | $250.10 | $250.10 | $250.10 |
| 1090219785 | 3/21/2019 | 10UL023137 | 1 | $1,030.65 | $1,030.65 | $1,030.65 |
| 1090220957 | 5/21/2020 | 10UL023230 | 1 | $2,994.20 | $2,994.20 | $2,994.20 |
| 1090220957 | 5/21/2020 | 10UL024954 | 2 | $719.82 | $359.91 | $719.82 |
| 1090222095 | 4/12/2018 | 10UL025466 | 2 | $1,343.88 | $671.94 | $1,343.88 |
| 1090222095 | 4/12/2018 | 10UL025467 | 1 | $1,343.88 | $1,343.88 | $1,343.88 |
| 1090222095 | 5/18/2018 | 10UL026603 | 1 | $846.22 | $846.22 | $846.22 |
| 1090222095 | 5/14/2018 | 10UL026722 | 1 | $7,884.85 | $7,884.85 | $7,884.85 |
| 1090222904 | 8/27/2020 | 10UL026847 | 1 | $1,017.64 | $1,017.64 | $1,017.64 |
| 1090224340 | 5/9/2018 | 10UL027753 | 1 | $2,167.33 | $2,167.33 | $2,167.33 |
| 1090234113 | 9/25/2017 | 10UL030363 | 1 | $1,216.24 | $1,216.24 | $1,216.24 |
| 1090237235 | 6/27/2018 | 10UL030389 | 2 | $800.62 | $400.31 | $800.62 |
| 1090237365 | 12/22/2020 | 10UL030892 | 1 | $389.73 | $389.73 | $389.73 |
| 1090245806 | 8/26/2019 | 10UL032638 | 3 | $209.54 | $69.85 | $209.54 |
| 1090247546 | 9/21/2017 | 10UL034160 | 1 | $11,611.51 | $11,611.51 | $11,611.51 |
| 1090248480 | 8/6/2020 | 10UL034260 | 1 | $2,356.85 | $2,356.85 | $2,356.85 |
| 1090252400 | 3/5/2021 | 10UL034749 | 1 | $1,615.81 | $1,615.81 | $1,615.81 |
| 1090258449 | 10/17/2017 | 10UL035647 | 1 | $6,329.59 | $6,329.59 | $6,329.59 |
| 1090259698 | 7/14/2020 | 10UL036047 | 1 | $4,058.27 | $4,058.27 | $4,058.27 |
| 1090259698 | 7/14/2020 | 10UL036048 | 1 | $1,629.53 | $1,629.53 | $1,629.53 |
| 1090259698 | 7/14/2020 | 10UL036277 | 1 | $281.82 | $281.82 | $281.82 |
| 1090259698 | 7/14/2020 | 10UL037377 | 1 | $633.46 | $633.46 | $633.46 |
| 1090259751 | 4/1/2020 | 10UL038294 | 1 | $1,220.97 | $1,220.97 | $1,220.97 |
| 1090261301 | 6/17/2019 | 10UL038299 | 1 | $1,720.21 | $1,720.21 | $1,720.21 |
| 1090262323 | 5/24/2017 | 10UL039038 | 1 | $586.60 | $586.60 | $586.60 |
| 1090262526 | 1/20/2017 | 10UL039376 | 2 | $623.02 | $311.51 | $623.02 |
| 1090270099 | 10/14/2020 | 10UL039744 | 2 | $2,198.35 | $1,099.18 | $2,198.35 |
| 1090275619 | 3/31/2020 | 10UL040971 | 1 | $174.42 | $174.42 | $174.42 |
| 1090276393 | 7/9/2020 | 10UL043342 | 3 | $206.89 | $68.96 | $206.89 |
| 1090278880 | 1/11/2019 | 10UL043689 | 5 | $1,392.25 | $278.45 | $1,392.25 |
| 1090285456 | 7/18/2019 | 10UL043724 | 1 | $4,778.14 | $4,778.14 | $4,778.14 |
| 1090285456 | 7/18/2019 | 10UL044652 | 1 | $532.48 | $532.48 | $532.48 |
| 1090285456 | 8/2/2019 | 10UL045153 | 1 | $1,593.02 | $1,593.02 | $1,593.02 |
| 1090285456 | 7/18/2019 | 10UL046753 | 1 | $230.19 | $230.19 | $230.19 |
| 1090285456 | 7/18/2019 | 10UL048060 | 1 | $145.12 | $145.12 | $145.12 |
| 1090287079 | 12/27/2018 | 10UL048065 | 1 | $449.84 | $449.84 | $449.84 |
| 1090288807 | 9/24/2020 | 10UL048659 | 1 | $5,186.53 | $5,186.53 | $5,186.53 |
| 1090288807 | 9/24/2020 | 10UL049594 | 1 | $346.37 | $346.37 | $346.37 |
| 1090288807 | 8/18/2020 | 10UL049617 | 1 | $215.53 | $215.53 | $215.53 |
| 1090294886 | 3/28/2018 | 10UL050050 | 1 | $3,981.68 | $3,981.68 | $3,981.68 |
| 1090295447 | 3/18/2019 | 10UL050750 | 1 | $267.70 | $267.70 | $267.70 |
| 1090295447 | 3/18/2019 | 10UL052335 | 1 | $833.44 | $833.44 | $833.44 |
| 1090298051 | 9/24/2019 | 10UL052862 | 3 | $347.08 | $115.69 | $347.08 |
| 1090302386 | 8/24/2017 | 10UL053175 | 5 | $9,916.44 | $1,983.29 | $9,916.44 |
| 1090304862 | 3/28/2017 | 10UL054288 | 1 | $6,291.98 | $6,291.98 | $6,291.98 |
| 1090304862 | 3/28/2017 | 10UL054414 | 1 | $424.37 | $424.37 | $424.37 |
| 1090304862 | 3/28/2017 | 10UL054770 | 1 | $5,828.95 | $5,828.95 | $5,828.95 |
| 1090305894 | 3/5/2021 | 10UL055111 | 1 | $8,542.82 | $8,542.82 | $8,542.82 |
| 1090305894 | 3/5/2021 | 10UL055306 | 1 | $328.23 | $328.23 | $328.23 |
| 1090305894 | 3/5/2021 | 10UL055867 | 1 | $6,950.53 | $6,950.53 | $6,950.53 |
| 1090310114 | 5/3/2018 | 10UL056013 | 1 | $2,083.20 | $2,083.20 | $2,083.20 |
| 1090311089 | 11/18/2019 | 10UL056120 | 4 | $2.82 | $0.71 | $2.82 |
| 1090311492 | 5/4/2020 | 10UL056911 | 1 | $1,051.93 | $1,051.93 | $1,051.93 |
| 1090315812 | 3/19/2020 | 10UL057004 | 1 | $5,333.21 | $5,333.21 | $5,333.21 |
| 1090328034 | 5/23/2019 | 10UL057367 | 2 | $169.12 | $84.56 | $169.12 |
| 1090328034 | 5/23/2019 | 10UL057509 | 2 | $933.41 | $466.71 | $933.41 |
| 1090328034 | 5/23/2019 | 10UL059483 | 1 | $835.35 | $835.35 | $835.35 |
| 1090328034 | 5/23/2019 | 10UL059484 | 1 | $323.73 | $323.73 | $323.73 |
| 1090336965 | 11/16/2020 | 10UL059566 | 1 | $1,366.71 | $1,366.71 | $1,366.71 |

EXHIBIT D
SETTLEMENT AGREEMENT

| | | | | | | |
|---|---|---|---|---|---|---|
| 1090340954 | 7/11/2017 | 10UL060968 | 1 | $874.14 | $874.14 | $874.14 |
| 1090340954 | 8/4/2017 | 10UL061510 | 4 | $329.88 | $82.47 | $329.88 |
| 1090340954 | 7/11/2017 | 10UL063747 | 2 | $2,513.60 | $1,256.80 | $2,513.60 |
| 1090340954 | 7/11/2017 | 10UL065200 | 1 | $255.18 | $255.18 | $255.18 |
| 1090344813 | 10/13/2020 | 10UL065201 | 1 | $31,737.27 | $31,737.27 | $31,737.27 |
| 1090345130 | 1/12/2017 | 10UL065492 | 1 | $965.46 | $965.46 | $965.46 |
| 1090345227 | 10/11/2018 | 10UL066562 | 1 | $444.94 | $444.94 | $444.94 |
| 1090347125 | 5/23/2018 | 10UL067006 | 1 | $4,195.12 | $4,195.12 | $4,195.12 |
| 1090347125 | 5/23/2018 | 10UL067709 | 1 | $7,632.85 | $7,632.85 | $7,632.85 |
| 1090347203 | 3/9/2021 | 10UL069614 | 3 | $12,107.28 | $4,035.76 | $12,107.28 |
| 1090349949 | 7/9/2020 | 10UL070407 | 1 | $2,770.34 | $2,770.34 | $2,770.34 |
| 1090351287 | 2/15/2018 | 10UL071204 | 1 | $1,556.03 | $1,556.03 | $1,556.03 |
| 1090352492 | 10/22/2020 | 10UL073010 | 1 | $10,366.36 | $10,366.36 | $10,366.36 |
| 1090352492 | 9/18/2020 | 2300003601 | 2 | $466.37 | $233.19 | $466.37 |
| 1090354971 | 3/2/2018 | 2300003677 | 1 | $21,696.45 | $21,696.45 | $21,696.45 |
| 1090354978 | 4/25/2018 | 2300006439 | 2 | $124.25 | $62.13 | $124.25 |
| 1090354978 | 7/30/2020 | 2300007593 | 1 | $411.00 | $411.00 | $411.00 |
| 1090361612 | 6/15/2020 | 2300008538 | 1 | $176.70 | $176.70 | $176.70 |
| 1090363864 | 1/14/2021 | 2300009244 | 1 | $281.53 | $281.53 | $281.53 |
| 1090366038 | 3/10/2021 | 2300009422 | 2 | $105.27 | $52.64 | $105.27 |
| 1090370371 | 9/4/2020 | 2300010150 | 1 | $662.56 | $662.56 | $662.56 |
| 1090372442 | 4/21/2017 | 2300010279 | 1 | $121.33 | $121.33 | $121.33 |
| 1090372442 | 7/24/2017 | 2300010345 | 2 | $730.84 | $365.42 | $730.84 |
| 1090372442 | 4/21/2017 | 2300012229 | 1 | $117.29 | $117.29 | $117.29 |
| 1090372442 | 4/21/2017 | 2300013795 | 1 | $97.27 | $97.27 | $97.27 |
| 1090375613 | 9/22/2017 | 2300016195 | 1 | $154.63 | $154.63 | $154.63 |
| 1090378641 | 11/4/2019 | 2300016703 | 1 | $5,303.71 | $5,303.71 | $5,303.71 |
| 1090382852 | 3/4/2020 | 2300017004 | 1 | $6,709.35 | $6,709.35 | $6,709.35 |
| 1090387851 | 2/23/2017 | 2300017192 | 1 | $65.85 | $65.85 | $65.85 |
| 1090396989 | 5/31/2019 | 2300017250 | 1 | $183.29 | $183.29 | $183.29 |
| 1090459482 | 1/26/2018 | 2300017255 | 2 | $5,825.37 | $2,912.69 | $5,825.37 |
| 1090459482 | 1/26/2018 | 2300017307 | 1 | $875.29 | $875.29 | $875.29 |
| 1090487715 | 4/14/2017 | 2300018920 | 1 | $2,002.26 | $2,002.26 | $2,002.26 |
| 1090487715 | 4/14/2017 | 2300019710 | 1 | $1,765.93 | $1,765.93 | $1,765.93 |
| 1090487715 | 4/14/2017 | 2300019844 | 1 | $43.68 | $43.68 | $43.68 |
| 1090495370 | 2/8/2019 | 2300020941 | 3 | $1,449.49 | $483.16 | $1,449.49 |
| 1090518600 | 8/14/2019 | 2300022311 | 1 | $2,094.45 | $2,094.45 | $2,094.45 |
| 1090563108 | 1/18/2018 | 2300023467 | 1 | $278.54 | $278.54 | $278.54 |
| 1090569776 | 9/11/2018 | 2300024301 | 1 | $363.06 | $363.06 | $363.06 |
| 1099000217 | 9/22/2020 | 2300024304 | 1 | $14,987.95 | $14,987.95 | $14,987.95 |
| 1099000217 | 9/22/2020 | 2300024357 | 2 | $67.15 | $33.58 | $67.15 |
| 1099000217 | 9/22/2020 | 2300025298 | 1 | $439.92 | $439.92 | $439.92 |
| 1099000217 | 9/22/2020 | 2300025598 | 1 | $1,106.21 | $1,106.21 | $1,106.21 |
| 1099000244 | 7/30/2020 | 2300025835 | 2 | $165.61 | $82.81 | $165.61 |
| 1099000934 | | 2300026038 | 1 | $1,513.46 | $1,513.46 | $1,513.46 |
| 2300003601 | 5/13/2020 | 2300027223 | 1 | $26.08 | $26.08 | $26.08 |
| 2300003601 | 5/13/2020 | 2300028989 | 6 | $1,136.10 | $189.35 | $1,136.10 |
| 2300009244 | 3/25/2020 | 2300032369 | 2 | $200.94 | $100.47 | $200.94 |
| 2300009422 | 7/18/2018 | 2300032372 | 1 | $631.22 | $631.22 | $631.22 |
| 2300009422 | 7/18/2018 | 2300032679 | 1 | $1,415.52 | $1,415.52 | $1,415.52 |
| 2300010150 | 9/25/2019 | 2300033637 | 1 | $97.33 | $97.33 | $97.33 |
| 2300010345 | 3/14/2018 | 2300034086 | 1 | $288.17 | $288.17 | $288.17 |
| 2300010345 | 1/23/2018 | 2300034479 | 1 | $625.97 | $625.97 | $625.97 |
| 2300012229 | 11/20/2018 | 2300036193 | 1 | $3,428.82 | $3,428.82 | $3,428.82 |
| 2300013795 | 8/6/2020 | 2300039009 | 1 | $156.17 | $156.17 | $156.17 |
| 2300016195 | 10/18/2017 | 2300041393 | 1 | $177.89 | $177.89 | $177.89 |
| 2300016703 | 3/4/2020 | 2300041896 | 1 | $54.84 | $54.84 | $54.84 |
| 2300017004 | 7/20/2018 | 2300042559 | 1 | $248.05 | $248.05 | $248.05 |
| 2300017192 | 3/23/2018 | 2300047040 | 7 | $8.80 | $1.26 | $8.80 |
| 2300017255 | 9/10/2018 | 2300048137 | 1 | $227.15 | $227.15 | $227.15 |
| 2300017255 | 2/19/2021 | 2300048282 | 1 | $141.22 | $141.22 | $141.22 |
| 2300017255 | 2/19/2021 | 2300048320 | 1 | $3,287.46 | $3,287.46 | $3,287.46 |

EXHIBIT D

SETTLEMENT AGREEMENT

| | | | | | |
|---|---|---|---|---|---|
| 2300017307 | 1/12/2018 | 2300056475 | 1 | $341.05 | $341.05 | $341.05 |
| 2300018920 | 5/13/2019 | 2300060475 | 3 | $1,668.24 | $556.08 | $1,668.24 |
| 2300019710 | 8/7/2018 | 2300061923 | 1 | $8,082.29 | $8,082.29 | $8,082.29 |
| 2300019844 | 7/2/2020 | 2300067169 | 3 | $4,852.14 | $1,617.38 | $4,852.14 |
| 2300020941 | 2/6/2020 | 2300067243 | 3 | $74.51 | $24.84 | $74.51 |
| 2300020941 | 2/6/2020 | 2300069484 | 1 | $1,665.24 | $1,665.24 | $1,665.24 |
| 2300020941 | 2/6/2020 | 2300072888 | 3 | $1,047.81 | $349.27 | $1,047.81 |
| 2300022311 | 2/18/2021 | 2300074558 | 1 | $266.50 | $266.50 | $266.50 |
| 2300023467 | 10/1/2020 | 2300074856 | 1 | $59.11 | $59.11 | $59.11 |
| 2300024301 | 1/28/2021 | 2300075181 | 1 | $135.32 | $135.32 | $135.32 |
| 2300024304 | 7/1/2019 | 2300076260 | 1 | $104.32 | $104.32 | $104.32 |
| 2300024357 | 7/24/2019 | 2300076935 | 1 | $115.97 | $115.97 | $115.97 |
| 2300024357 | 7/24/2019 | 2300077244 | 1 | $349.29 | $349.29 | $349.29 |
| 2300025298 | 7/9/2018 | 2300078228 | 1 | $102.30 | $102.30 | $102.30 |
| 2300025598 | 1/14/2020 | 2300081633 | 2 | $346.07 | $173.04 | $346.07 |
| 2300026038 | 5/7/2018 | 2300085048 | 1 | $189.24 | $189.24 | $189.24 |
| 2300027223 | 11/12/2018 | 2300085976 | 2 | $917.06 | $458.53 | $917.06 |
| 2300028989 | 3/8/2019 | 2300086432 | 2 | $400.56 | $200.28 | $400.56 |
| 2300028989 | 4/30/2019 | 2300086988 | 2 | $447.70 | $223.85 | $447.70 |
| 2300028989 | 3/8/2019 | 2300089539 | 1 | $613.86 | $613.86 | $613.86 |
| 2300028989 | 7/18/2019 | 2300091016 | 3 | $832.81 | $277.60 | $832.81 |
| 2300028989 | 4/12/2019 | 2300091236 | 1 | $186.65 | $186.65 | $186.65 |
| 2300028989 | 3/29/2019 | 2300103468 | 1 | $472.69 | $472.69 | $472.69 |
| 2300032369 | 4/3/2019 | 2300103714 | 2 | $135.71 | $67.86 | $135.71 |
| 2300032369 | 4/3/2019 | 2300104963 | 3 | $496.07 | $165.36 | $496.07 |
| 2300032372 | 3/18/2020 | 2300115897 | 3 | $226.68 | $75.56 | $226.68 |
| 2300032679 | 2/15/2021 | 2300116353 | 1 | $284.53 | $284.53 | $284.53 |
| 2300034086 | 4/11/2017 | 2300116473 | 1 | $357.02 | $357.02 | $357.02 |
| 2300034479 | 7/24/2018 | 2300118312 | 1 | $44.30 | $44.30 | $44.30 |
| 2300036193 | 6/1/2020 | 2300121537 | 1 | $382.49 | $382.49 | $382.49 |
| 2300039009 | 10/28/2020 | 2300122516 | 1 | $101.37 | $101.37 | $101.37 |
| 2300041393 | 2/12/2019 | 2300125034 | 1 | $82.60 | $82.60 | $82.60 |
| 2300041896 | 1/9/2019 | 2300125461 | 1 | $318.32 | $318.32 | $318.32 |
| 2300042559 | 3/24/2017 | 2300125972 | 1 | $124.57 | $124.57 | $124.57 |
| 2300047040 | 10/4/2017 | 2300129197 | 1 | $101.35 | $101.35 | $101.35 |
| 2300047040 | 10/19/2017 | 2300130011 | 1 | $103.92 | $103.92 | $103.92 |
| 2300047040 | 10/4/2017 | 2300130818 | 1 | $404.71 | $404.71 | $404.71 |
| 2300047040 | 10/4/2017 | 2300131988 | 1 | $44.13 | $44.13 | $44.13 |
| 2300047040 | 8/24/2017 | 2300132424 | 3 | $839.00 | $279.67 | $839.00 |
| 2300047040 | 10/4/2017 | 2300133413 | 2 | $493.98 | $246.99 | $493.98 |
| 2300047040 | 10/4/2017 | 2300135649 | 1 | $636.19 | $636.19 | $636.19 |
| 2300048137 | 4/19/2018 | 2300140638 | 1 | $748.99 | $748.99 | $748.99 |
| 2300048282 | 11/18/2020 | 2300140955 | 2 | $567.51 | $283.76 | $567.51 |
| 2300048320 | 6/13/2018 | 2300142975 | 1 | $409.80 | $409.80 | $409.80 |
| 2300056475 | 2/17/2021 | 2300143102 | 1 | $905.74 | $905.74 | $905.74 |
| 2300060475 | 7/12/2017 | 2300144244 | 1 | $466.06 | $466.06 | $466.06 |
| 2300060475 | 7/12/2017 | 2300159559 | 1 | $37.60 | $37.60 | $37.60 |
| 2300060475 | 7/12/2017 | 2300169691 | 3 | $108.59 | $36.20 | $108.59 |
| 2300061923 | 7/28/2020 | 2390000014 | 2 | $1,798.78 | $899.39 | $1,798.78 |
| 2300062135 | 2/6/2018 | 2390000088 | 1 | $362.66 | $362.66 | $362.66 |
| 2300067169 | 5/2/2018 | 2390000281 | 1 | $2,299.02 | $2,299.02 | $2,299.02 |
| 2300067169 | 5/2/2018 | 2390000322 | 1 | $344.75 | $344.75 | $344.75 |
| 2300067169 | 5/2/2018 | 2390000350 | 1 | $343.82 | $343.82 | $343.82 |
| 2300067243 | 3/9/2017 | 2390000524 | 1 | $1,818.86 | $1,818.86 | $1,818.86 |
| 2300067243 | 3/9/2017 | 2390000860 | 2 | $622.36 | $311.18 | $622.36 |
| 2300067243 | 3/9/2017 | 2390002326 | 1 | $788.39 | $788.39 | $788.39 |
| 2300072888 | 3/16/2021 | 2390002444 | 1 | $729.81 | $729.81 | $729.81 |
| 2300072888 | 3/16/2021 | 2390002587 | 1 | $713.32 | $713.32 | $713.32 |
| 2300072888 | 3/16/2021 | 2390002702 | 1 | $6,089.53 | $6,089.53 | $6,089.53 |
| 2300074558 | 11/19/2018 | 2390002874 | 1 | $170.14 | $170.14 | $170.14 |
| 2300074856 | 7/8/2019 | 2390003094 | 4 | $615.15 | $153.79 | $615.15 |
| 2300076260 | 7/5/2018 | 2390003239 | 1 | $316.11 | $316.11 | $316.11 |

EXHIBIT D

SETTLEMENT AGREEMENT

| Account | Date | | Account | Qty | Amount 1 | Amount 2 | Amount 3 |
|---|---|---|---|---|---|---|---|
| 2300077244 | 5/3/2019 | | 2390003274 | 1 | $81.74 | $81.74 | $81.74 |
| 2300078228 | 6/1/2018 | | 2390003297 | 1 | $278.49 | $278.49 | $278.49 |
| 2300081633 | 7/19/2018 | | 2390003379 | 1 | $373.50 | $373.50 | $373.50 |
| 2300081633 | 7/19/2018 | | 2390003476 | 1 | $749.57 | $749.57 | $749.57 |
| 2300085048 | 9/25/2020 | | 2390003678 | 2 | $589.00 | $294.50 | $589.00 |
| 2300085976 | 4/16/2018 | | 2390003812 | 1 | $10,462.11 | $10,462.11 | $10,462.11 |
| 2300085976 | 4/16/2018 | | 2390004198 | 1 | $1,579.24 | $1,579.24 | $1,579.24 |
| 2300086432 | 10/17/2018 | | 2390004367 | 1 | $177.34 | $177.34 | $177.34 |
| 2300086432 | 10/17/2018 | | 2390004572 | 1 | $510.01 | $510.01 | $510.01 |
| 2300086988 | 11/24/2020 | | 2390004621 | 1 | $474.04 | $474.04 | $474.04 |
| 2300086988 | 1/19/2021 | | 2390005008 | 1 | $495.58 | $495.58 | $495.58 |
| 2300089539 | 3/4/2019 | | 2390005557 | 2 | $2,056.19 | $1,028.10 | $2,056.19 |
| 2300091016 | 3/17/2020 | | 2390005893 | 1 | $417.57 | $417.57 | $417.57 |
| 2300091016 | 3/16/2020 | | 2390005988 | 1 | $614.21 | $614.21 | $614.21 |
| 2300091016 | 3/17/2020 | | 2390006384 | 1 | $777.65 | $777.65 | $777.65 |
| 2300091236 | 10/9/2017 | | 2390006471 | 1 | $165.96 | $165.96 | $165.96 |
| 2300103104 | 4/13/2017 | | 2390008417 | 1 | $445.08 | $445.08 | $445.08 |
| 2300103104 | 4/13/2017 | | 2390008633 | 1 | $264.01 | $264.01 | $264.01 |
| 2300103104 | 4/13/2017 | | 2390008692 | 1 | $157.55 | $157.55 | $157.55 |
| 2300103468 | 7/12/2017 | | 2390008753 | 1 | $3,693.72 | $3,693.72 | $3,693.72 |
| 2300103714 | 9/24/2018 | | 2390008953 | 1 | $1,343.63 | $1,343.63 | $1,343.63 |
| 2300103714 | 9/24/2018 | | 2390009889 | 1 | $4,013.57 | $4,013.57 | $4,013.57 |
| 2300104963 | 11/1/2018 | | 2390010143 | 1 | $172.00 | $172.00 | $172.00 |
| 2300104963 | 11/28/2018 | | 2390010584 | 1 | $2,376.83 | $2,376.83 | $2,376.83 |
| 2300104963 | 11/1/2018 | | 2390011140 | 1 | $4,511.36 | $4,511.36 | $4,511.36 |
| 2300115897 | 9/24/2020 | | 2390011177 | 1 | $5,389.51 | $5,389.51 | $5,389.51 |
| 2300115897 | 9/24/2020 | | 2390011564 | 4 | $339.57 | $84.89 | $339.57 |
| 2300115897 | 1/11/2021 | | 2390011680 | 1 | $353.28 | $353.28 | $353.28 |
| 2300116353 | 9/29/2020 | | 2390011914 | 1 | $1,540.52 | $1,540.52 | $1,540.52 |
| 2300116473 | 11/13/2020 | | 2390011917 | 1 | $1,541.90 | $1,541.90 | $1,541.90 |
| 2300118312 | | | 2390012112 | 1 | $3,352.86 | $3,352.86 | $3,352.86 |
| 2300121537 | 5/3/2017 | | 2390012264 | 1 | $761.19 | $761.19 | $761.19 |
| 2300125461 | 3/1/2021 | | 2390012542 | 1 | $695.20 | $695.20 | $695.20 |
| 2300125972 | 4/4/2018 | | 2390013389 | 2 | $155.87 | $77.94 | $155.87 |
| 2300129197 | 7/11/2019 | | 2390013458 | 1 | $7,187.94 | $7,187.94 | $7,187.94 |
| 2300130011 | 2/24/2020 | | 2390013577 | 2 | $370.86 | $185.43 | $370.86 |
| 2300130818 | 2/7/2020 | | 5000000464 | 1 | $5,495.42 | $5,495.42 | $5,495.42 |
| 2300131988 | 6/12/2017 | | 5000000930 | 1 | $373.06 | $373.06 | $373.06 |
| 2300132424 | 7/6/2017 | | 5000001375 | 1 | $3,713.54 | $3,713.54 | $3,713.54 |
| 2300132424 | 6/8/2017 | | 5000002095 | 2 | $3,245.47 | $1,622.74 | $3,245.47 |
| 2300132424 | 8/1/2017 | | 5000002510 | 1 | $183.75 | $183.75 | $183.75 |
| 2300133413 | 1/26/2021 | | 5000005299 | 1 | $941.99 | $941.99 | $941.99 |
| 2300133413 | 1/26/2021 | | 5000005453 | 1 | $875.66 | $875.66 | $875.66 |
| 2300135649 | 6/20/2018 | | 5000005937 | 3 | $4,310.24 | $1,436.75 | $4,310.24 |
| 2300140638 | 11/30/2016 | | 5000007070 | 1 | $2,739.99 | $2,739.99 | $2,739.99 |
| 2300140955 | 7/5/2018 | | 5000008924 | 1 | $12,725.90 | $12,725.90 | $12,725.90 |
| 2300140955 | 7/5/2018 | | 5000009553 | 1 | $314.70 | $314.70 | $314.70 |
| 2300142975 | 7/12/2018 | | 5000009757 | 2 | $305.03 | $152.52 | $305.03 |
| 2300143102 | 4/11/2017 | | 5000010320 | 1 | $596.08 | $596.08 | $596.08 |
| 2300144244 | 5/6/2019 | | 5000011463 | 1 | $1,476.91 | $1,476.91 | $1,476.91 |
| 2300159559 | 11/5/2018 | | 5000015226 | 1 | $572.55 | $572.55 | $572.55 |
| 2300169691 | 7/29/2019 | | 5000016281 | 3 | $146.74 | $48.91 | $146.74 |
| 2300169691 | 7/29/2019 | | 5000016332 | 1 | $303.08 | $303.08 | $303.08 |
| 2300169691 | 6/25/2019 | | 5000023470 | 1 | $77.50 | $77.50 | $77.50 |
| 2390000014 | 5/13/2019 | | 5000025381 | 2 | $1,152.94 | $576.47 | $1,152.94 |
| 2390000014 | 6/6/2019 | | 5000025659 | 4 | $866.47 | $216.62 | $866.47 |
| 2390000088 | 1/10/2020 | | 5000026249 | 2 | $507.68 | $253.84 | $507.68 |
| 0080124000 | 9/27/2016 | | 5000027070 | 1 | $3,345.67 | $3,345.67 | $3,345.67 |
| 2390000281 | 10/9/2020 | | 5000027368 | 1 | $1,839.28 | $1,839.28 | $1,839.28 |
| 2390000322 | 3/12/2019 | | 5000028065 | 2 | $149.15 | $74.58 | $149.15 |
| 0080216570 | 7/14/2016 | | 5000028613 | 1 | $445.11 | $445.11 | $445.11 |
| 2390000524 | 1/26/2018 | | 5000028787 | 4 | $22.21 | $5.55 | $22.21 |

EXHIBIT D

SETTLEMENT AGREEMENT

| | | | | | |
|---|---|---|---|---|---|
| 0080303480 | 5/11/2016 | 5000029309 | 1 | $494.63 | $494.63 | $494.63 |
| 0080315200 | 6/7/2018 | 5000031578 | 1 | $573.02 | $573.02 | $573.02 |
| 2390000860 | 5/15/2020 | 5100000381 | 1 | $7,248.46 | $7,248.46 | $7,248.46 |
| 2390000860 | 5/15/2020 | 5100000820 | 1 | $1,018.00 | $1,018.00 | $1,018.00 |
| 2390002326 | 3/15/2019 | 5100001700 | 1 | $230.12 | $230.12 | $230.12 |
| 2390002444 | 8/6/2018 | 5100001790 | 1 | $2,704.57 | $2,704.57 | $2,704.57 |
| 2390002587 | 6/1/2020 | 5100001937 | 2 | $10,476.03 | $5,238.02 | $10,476.03 |
| 0080357150 | 11/17/2016 | 5100002133 | 1 | $229.16 | $229.16 | $229.16 |
| 2390002874 | 3/19/2019 | 5100002574 | 1 | $537.34 | $537.34 | $537.34 |
| 2390003094 | 11/3/2020 | 5100002765 | 1 | $212.42 | $212.42 | $212.42 |
| 2390003094 | 10/14/2020 | 5100003262 | 2 | $752.63 | $376.32 | $752.63 |
| 2390003094 | 11/3/2020 | 5100003478 | 1 | $1,579.53 | $1,579.53 | $1,579.53 |
| 2390003094 | 11/3/2020 | 5100003640 | 2 | $88.85 | $44.43 | $88.85 |
| 2390003239 | 6/14/2018 | 5100003648 | 1 | $262.58 | $262.58 | $262.58 |
| 2390003274 | 7/10/2020 | 5100003649 | 3 | $1,803.11 | $601.04 | $1,803.11 |
| 2390003297 | 3/14/2019 | 5100003947 | 4 | $11,481.82 | $2,870.46 | $11,481.82 |
| 2390003379 | 6/27/2019 | 5100003948 | 3 | $231.44 | $77.15 | $231.44 |
| 2390003476 | 7/19/2017 | 5100004228 | 1 | $882.14 | $882.14 | $882.14 |
| 2390003678 | 2/2/2018 | 5100005031 | 1 | $2,558.17 | $2,558.17 | $2,558.17 |
| 2390003678 | 2/2/2018 | 5100005486 | 2 | $290.96 | $145.48 | $290.96 |
| 2390003719 | 12/7/2017 | 5100005488 | 1 | $199.79 | $199.79 | $199.79 |
| 2390003812 | 9/25/2019 | 5100010056 | 1 | $13,070.51 | $13,070.51 | $13,070.51 |
| 0080420300 | 6/4/2020 | 0080045950 | 1 | $37.42 | $37.42 | $37.42 |
| 2390004198 | 5/1/2019 | 0080202600 | 1 | $2,691.48 | $2,691.48 | $2,691.48 |
| 2390004367 | 8/31/2017 | 0080222480 | 1 | $918.08 | $918.08 | $918.08 |
| 2390004572 | 12/5/2018 | 0080343330 | 1 | $814.83 | $814.83 | $814.83 |
| 2390004621 | 12/14/2016 | 0080359710 | 1 | $1,726.19 | $1,726.19 | $1,726.19 |
| 2390005008 | 3/1/2018 | 0080401130 | 1 | $2,944.21 | $2,944.21 | $2,944.21 |
| 2390005557 | 2/5/2021 | 0084009390 | 1 | $1,481.59 | $1,481.59 | $1,481.59 |
| 2390005557 | 12/4/2020 | 1090004495 | 1 | $507.91 | $507.91 | $507.91 |
| 0084006980 | 3/1/2017 | 1090241907 | 3 | $125.18 | $41.73 | $125.18 |
| 2390005893 | 12/28/2020 | 1090247668 | 1 | $0.00 | $0.00 | $0.00 |
| 0084006980 | 3/1/2017 | 1090254138 | 1 | $4,080.92 | $4,080.92 | $4,080.92 |
| 2390006384 | 5/18/2020 | 1090281838 | 1 | $0.00 | $0.00 | $0.00 |
| 2390006471 | 2/25/2020 | 1090351368 | 3 | $245.80 | $81.93 | $245.80 |
| 0084006980 | 3/1/2017 | 1090354860 | 1 | $220.40 | $220.40 | $220.40 |
| 2390008471 | 2/4/2020 | 10UL019445 | 2 | $214.28 | $107.14 | $214.28 |
| 2390008633 | 11/13/2020 | 2300032321 | 1 | $0.00 | $0.00 | $0.00 |
| 2390008862 | 8/18/2020 | 2390011900 | 2 | $263.94 | $131.97 | $263.94 |
| 2390008753 | 4/23/2019 | 0080021240 | 2 | $486.61 | $243.31 | $486.61 |
| 2390008953 | 8/26/2019 | 0080031390 | 1 | $395.35 | $395.35 | $395.35 |
| 2390009893 | 9/22/2020 | 0080355080 | 5 | $1,348.53 | $269.71 | $1,348.53 |
| 0084006980 | 3/1/2017 | 1090047570 | 4 | $97.96 | $24.49 | $97.96 |
| 2390010143 | 9/10/2019 | 1090093618 | 2 | $972.45 | $486.23 | $972.45 |
| 2390010584 | 3/2/2021 | 10UL044577 | 1 | $71.31 | $71.31 | $71.31 |
| 0084017790 | 6/24/2016 | 10UL054156 | 1 | $407.21 | $407.21 | $407.21 |
| 2390011140 | 6/13/2017 | 10UL061145 | 2 | $583.11 | $291.56 | $583.11 |
| 2390011177 | 11/7/2018 | 2300062363 | 1 | $7,701.86 | $7,701.86 | $7,701.86 |
| 2390011564 | 11/21/2017 | 2390000327 | 1 | $608.88 | $608.88 | $608.88 |
| 2390011564 | 11/21/2017 | 0080120500 | 4 | $2,515.44 | $628.86 | $2,515.44 |
| 2390011564 | 11/21/2017 | 0080350140 | 1 | $2,456.35 | $2,456.35 | $2,456.35 |
| 2390011564 | 10/20/2017 | 0084000950 | 1 | $10,938.59 | $10,938.59 | $10,938.59 |
| 2390011680 | 5/31/2017 | 1090101359 | 1 | $299.66 | $299.66 | $299.66 |
| 2390011914 | 6/26/2019 | 1090181159 | 1 | $114.43 | $114.43 | $114.43 |
| 2390011917 | 6/26/2019 | 10UL027710 | 2 | $9,595.14 | $4,797.57 | $9,595.14 |
| 2390012112 | 7/28/2020 | 2300019036 | 1 | $151.58 | $151.58 | $151.58 |
| 2390012264 | 10/10/2017 | 2300095682 | 1 | $350.96 | $350.96 | $350.96 |
| 2390012542 | 9/18/2020 | 2301114478 | 1 | $268.68 | $268.68 | $268.68 |
| 0084104710 | 11/28/2016 | 2300140282 | 2 | $157.07 | $78.54 | $157.07 |
| 1090010875 | 12/6/2016 | 5100001891 | 3 | $2,223.78 | $741.26 | $2,223.78 |
| 2390013458 | 7/16/2020 | 10UL049468 | 1 | $2,417.85 | $2,417.85 | $2,417.85 |
| 2390013577 | 2/5/2020 | 0084111980 | 1 | $86.58 | $86.58 | $86.58 |

EXHIBIT D
SETTLEMENT AGREEMENT

| | | | | | |
|---|---|---|---|---|---|
| 2390013577 | 2/5/2020 | 10UL035231 | 1 | $868.20 | $868.20 | $868.20 |
| 5000000464 | 12/31/2020 | 10UL034159 | 1 | $1,668.62 | $1,668.62 | $1,668.62 |
| 5000000930 | 4/11/2017 | 0080344770 | 1 | $174.73 | $174.73 | $174.73 |
| 5000001375 | 3/30/2020 | 10UL029338 | 1 | $666.12 | $666.12 | $666.12 |
| 5000002095 | 9/5/2018 | 1090119935 | 2 | 0.00 | 0.00 | $0.00 |
| 5000002095 | 9/5/2018 | 1090119935 | | 0.00 | 0.00 | $0.00 |
| 5000002510 | 4/13/2017 | 0080284280 | 1 | $609.85 | $609.85 | $609.85 |
| 5000005299 | 12/20/2017 | 0084019380 | 2 | $1,440.56 | $720.28 | $1,440.56 |
| 1090013574 | 9/26/2017 | 0084019380 | | $0.00 | $0.00 | $0.00 |
| 1090013574 | 9/26/2017 | 10UL068228 | 1 | $319.16 | $319.16 | $319.16 |
| 5000005453 | 5/7/2018 | 0080312220 | 1 | $750.04 | $750.04 | $750.04 |
| 1090013574 | 9/26/2017 | 0080348250 | 1 | $132.58 | $132.58 | $132.58 |
| 1090043633 | 8/26/2015 | 0080356880 | 4 | $257.08 | $64.27 | $257.08 |
| 1090069431 | 11/11/2016 | 0080376420 | 1 | $605.11 | $605.11 | $605.11 |
| 1090130387 | 6/16/2016 | 0084111600 | 1 | $5,516.49 | $5,516.49 | $5,516.49 |
| 1090151728 | 7/5/2018 | 0084116900 | 8 | $4,244.54 | $530.57 | $4,244.54 |
| 5000008924 | 8/15/2018 | 0084118700 | 1 | $1,345.09 | $1,345.09 | $1,345.09 |
| 1090152578 | 9/21/2016 | 1090000866 | 1 | $14.92 | $14.92 | $14.92 |
| 5000009553 | 8/30/2019 | 1090100654 | 1 | $0.00 | $0.00 | $0.00 |
| 5000009757 | 12/14/2020 | 1090109006 | 1 | $0.00 | $0.00 | $0.00 |
| 5000009757 | 12/14/2020 | 1090126312 | 1 | $401.73 | $401.73 | $401.73 |
| 5000010320 | 7/11/2018 | 1090148124 | 1 | $192.71 | $192.71 | $192.71 |
| 5000011463 | 9/3/2020 | 1090163461 | 1 | $428.66 | $428.66 | $428.66 |
| 1090163839 | 9/20/2016 | 1090172186 | 1 | $131.09 | $131.09 | $131.09 |
| 5000015226 | 10/23/2019 | 1090296114 | 1 | $782.48 | $782.48 | $782.48 |
| 5000016281 | 4/20/2018 | 1090306612 | 2 | $235.53 | $117.77 | $235.53 |
| 5000016281 | 5/17/2018 | 1090320496 | 2 | $56.16 | $28.08 | $56.16 |
| 5000016281 | 5/15/2018 | 1090342718 | 1 | $168.63 | $168.63 | $168.63 |
| 1090163839 | 9/20/2016 | 1090346072 | 3 | $0.00 | $0.00 | $0.00 |
| 1090168069 | 10/31/2017 | 1090353433 | 4 | $567.21 | $141.80 | $567.21 |
| 5000016332 | 11/7/2018 | 1090417915 | 1 | $311.03 | $311.03 | $311.03 |
| 5000020979 | 3/3/2017 | 1090469697 | 1 | $82.97 | $82.97 | $82.97 |
| 5000023470 | 10/16/2020 | 1090555485 | 1 | $204.75 | $204.75 | $204.75 |
| 1090168069 | 10/31/2017 | 10UL031764 | 1 | $152.21 | $152.21 | $152.21 |
| 5000025381 | 8/10/2017 | 10UL043503 | 1 | $2,586.63 | $2,586.63 | $2,586.63 |
| 5000025381 | 8/10/2017 | 10UL048475 | 1 | $609.04 | $609.04 | $609.04 |
| 5000025659 | 7/30/2020 | 10UL051712 | 1 | $961.92 | $961.92 | $961.92 |
| 5000025659 | 7/30/2020 | 10UL054155 | 1 | $157.42 | $157.42 | $157.42 |
| 5000025659 | 11/10/2020 | 10UL056109 | 1 | $2,569.24 | $2,569.24 | $2,569.24 |
| 5000025659 | 7/30/2020 | 2300032368 | 1 | $141.32 | $141.32 | $141.32 |
| 5000026249 | 2/2/2021 | 2300060930 | 4 | $164.47 | $41.12 | $164.47 |
| 5000026249 | 11/17/2020 | 2300071316 | 2 | $8,387.82 | $4,193.91 | $8,387.82 |
| 1090195273 | 11/18/2016 | 2300089870 | 1 | $229.90 | $229.90 | $229.90 |
| 5000027368 | 6/28/2019 | 2300131189 | 4 | $122.28 | $30.57 | $122.28 |
| 5000028065 | 8/1/2017 | 2390000364 | 1 | $427.57 | $427.57 | $427.57 |
| 5000028065 | 8/1/2017 | 2390010361 | 1 | $4,702.23 | $4,702.23 | $4,702.23 |
| 5000028613 | 8/18/2020 | 2390012279 | 1 | $147.50 | $147.50 | $147.50 |
| 5000028787 | 10/8/2020 | 5000015252 | 1 | $908.99 | $908.99 | $908.99 |
| 5000028787 | 10/8/2020 | 5000016364 | 2 | $4,236.68 | $2,118.34 | $4,236.68 |
| 5000028787 | 10/8/2020 | 5100001875 | 1 | $440.27 | $440.27 | $440.27 |
| 5000028787 | 11/17/2020 | Total | | $1,176,028.43 | | $1,176,028.43 |
| 1090249996 | 1/4/2017 | | | | | |
| 5000031578 | 4/12/2018 | | | | | |
| 1090268273 | 11/28/2016 | | | | | |
| 1090268273 | 11/28/2016 | | | | | |
| 5100000111 | 2/22/2017 | | | | | |
| 5100000111 | 2/21/2017 | | | | | |
| 5100000381 | 12/31/2020 | | | | | |
| 1090269752 | 11/15/2016 | | | | | |
| 5100001188 | 2/21/2017 | | | | | |
| 5100001700 | 3/29/2018 | | | | | |
| 1090281012 | 5/5/2017 | | | | | |

EXHIBIT D
SETTLEMENT AGREEMENT

| | |
|---|---|
| 5100001937 | 5/1/2019 |
| 5100001937 | 5/1/2019 |
| 5100002133 | 7/26/2017 |
| 5100002574 | 11/3/2020 |
| 1090355558 | 1/13/2016 |
| 1099000694 | 1/9/2017 |
| 2300003677 | 8/4/2017 |
| 2300006439 | 10/18/2016 |
| 2300006439 | 10/18/2016 |
| 2300007593 | 5/20/2016 |
| 5100003262 | 6/22/2017 |
| 5100003262 | 6/22/2017 |
| 2300008538 | 2/23/2017 |
| 5100003640 | 3/1/2021 |
| 5100003640 | 3/1/2021 |
| 5100003648 | 4/24/2020 |
| 2300010279 | 10/25/2016 |
| 2300025835 | 3/21/2017 |
| 2300025835 | 3/21/2017 |
| 5100003947 | 11/3/2020 |
| 5100003947 | 11/3/2020 |
| 5100003947 | 11/3/2020 |
| 5100003947 | 11/3/2020 |
| 5100003948 | 10/26/2020 |
| 5100003948 | 10/26/2020 |
| 5100003948 | 10/26/2020 |
| 5100004228 | 9/17/2019 |
| 2300033637 | 9/21/2017 |
| 2300069484 | 5/8/2020 |
| 2300075181 | 3/2/2018 |
| 2300076935 | 10/31/2019 |
| 5100005031 | 5/23/2018 |
| 2300122516 | 9/6/2016 |
| 2300125034 | 10/24/2016 |
| 5100005488 | 5/2/2018 |
| 2390000350 | 5/26/2016 |
| 10UL014296 | 10/2/2019 |
| 10UL015438 | 4/2/2018 |
| 10UL015438 | 4/2/2018 |
| 2390002702 | 9/13/2016 |
| 10UL016713 | 6/3/2019 |
| 10UL016713 | 10/18/2019 |
| 10UL017709 | 7/17/2017 |
| 10UL018401 | 7/16/2018 |
| 10UL018401 | 7/20/2018 |
| 10UL018401 | 7/10/2018 |
| 10UL018401 | 7/20/2018 |
| 10UL018402 | 2/14/2018 |
| 10UL018402 | 2/14/2018 |
| 10UL018402 | 2/14/2018 |
| 10UL018402 | 2/14/2018 |
| 10UL018881 | 3/12/2018 |
| 10UL019264 | 12/20/2018 |
| 10UL019264 | 12/20/2018 |
| 10UL020465 | 9/1/2020 |
| 10UL020699 | 6/16/2017 |
| 10UL020895 | 6/15/2018 |
| 10UL021361 | 3/2/2021 |
| 10UL021361 | 3/2/2021 |
| 10UL021361 | 3/2/2021 |
| 10UL021361 | 3/2/2021 |
| 2390005988 | 1/17/2017 |

EXHIBIT D
SETTLEMENT AGREEMENT

| | |
|---|---|
| 10UL022571 | 11/30/2017 |
| 2390013389 | 12/29/2016 |
| 2390013389 | 12/29/2016 |
| 10UL023137 | 6/17/2020 |
| 10UL023230 | 7/1/2020 |
| 5000005937 | 1/13/2016 |
| 5000005937 | 1/15/2016 |
| 10UL024954 | 9/19/2019 |
| 10UL024954 | 8/16/2019 |
| 10UL025466 | 9/19/2017 |
| 10UL025466 | 9/19/2017 |
| 10UL025467 | 7/20/2017 |
| 5000005937 | 1/13/2016 |
| 5000007070 | 12/8/2017 |
| 10UL026847 | 7/18/2019 |
| 10UL027753 | 5/8/2018 |
| 5000027070 | 4/6/2018 |
| 5000029309 | 12/27/2016 |
| 5100000820 | 4/19/2018 |
| 10UL030363 | 9/17/2020 |
| 10UL030389 | 1/29/2019 |
| 10UL030389 | 1/29/2019 |
| 5100001790 | 2/29/2016 |
| 10UL030892 | 11/8/2018 |
| 10UL031239 | 7/17/2017 |
| 10UL032638 | 6/19/2019 |
| 10UL032638 | 6/19/2019 |
| 10UL032638 | 6/19/2019 |
| 10UL034160 | 10/11/2017 |
| 10UL034260 | 4/16/2020 |
| 5100002765 | 8/9/2019 |
| 10UL035647 | 11/16/2017 |
| 5100003478 | 11/7/2016 |
| 5100003649 | 8/26/2016 |
| 5100003649 | 8/26/2016 |
| 10UL036277 | 2/16/2018 |
| 10UL037377 | 1/3/2019 |
| 10UL038294 | 6/29/2018 |
| 5100003649 | 8/26/2016 |
| 10UL039038 | 5/2/2018 |
| 10UL039376 | 1/11/2019 |
| 10UL039376 | 1/11/2019 |
| 5100005486 | 2/22/2017 |
| 10UL039744 | 12/28/2017 |
| 10UL039744 | 12/28/2017 |
| 5100005486 | 2/22/2017 |
| 5100010056 | 4/10/2019 |
| 10UL043342 | 11/29/2018 |
| 10UL043342 | 11/29/2018 |
| 10UL043342 | 11/29/2018 |
| 10UL021380 | 5/30/2018 |
| 10UL022669 | 6/12/2020 |
| 10UL026603 | 1/27/2017 |
| 10UL026722 | 11/2/2020 |
| 10UL034749 | 4/22/2016 |
| 10UL043724 | 7/29/2020 |
| 10UL036047 | 5/22/2018 |
| 10UL045153 | 7/19/2018 |
| 10UL046753 | 2/16/2018 |
| 10UL048060 | 4/6/2020 |
| 10UL048065 | 3/9/2018 |
| 10UL048659 | 10/31/2018 |

EXHIBIT D
SETTLEMENT AGREEMENT

| | |
|---|---|
| 10UL036048 | 5/10/2018 |
| 10UL049617 | 3/16/2021 |
| 10UL050050 | 4/25/2019 |
| 10UL050750 | 9/20/2017 |
| 10UL052335 | 10/31/2018 |
| 10UL052862 | 9/1/2020 |
| 10UL052862 | 9/1/2020 |
| 10UL052862 | 9/1/2020 |
| 10UL053175 | 12/20/2017 |
| 10UL053175 | 11/27/2017 |
| 10UL053175 | 11/27/2017 |
| 10UL053175 | 11/27/2017 |
| 10UL053175 | 11/27/2017 |
| 10UL038299 | 1/30/2017 |
| 10UL054414 | 4/21/2020 |
| 10UL054770 | 12/31/2019 |
| 10UL040971 | 7/29/2020 |
| 10UL055111 | 2/21/2020 |
| 10UL055306 | 9/17/2020 |
| 10UL055867 | 10/29/2018 |
| 10UL056013 | 10/13/2020 |
| 10UL056120 | 4/16/2020 |
| 10UL056120 | 4/16/2020 |
| 10UL056120 | 4/29/2020 |
| 10UL056120 | 4/16/2020 |
| 10UL056911 | 7/22/2020 |
| 10UL057004 | 5/15/2019 |
| 10UL057367 | 12/8/2020 |
| 10UL057367 | 11/16/2020 |
| 10UL057509 | 2/4/2020 |
| 10UL057509 | 2/4/2020 |
| 10UL043689 | 3/23/2016 |
| 10UL043689 | 3/23/2016 |
| 10UL043689 | 3/23/2016 |
| 10UL059483 | 1/9/2018 |
| 10UL059484 | 4/17/2020 |
| 10UL059566 | 2/3/2020 |
| 10UL060968 | 2/17/2017 |
| 10UL043689 | 3/23/2016 |
| 10UL061510 | 10/27/2017 |
| 10UL061510 | 1/9/2018 |
| 10UL061510 | 10/27/2017 |
| 10UL061510 | 8/28/2017 |
| 10UL063747 | 6/12/2017 |
| 10UL063747 | 6/12/2017 |
| 10UL065200 | 11/3/2020 |
| 10UL065201 | 6/15/2017 |
| 10UL065492 | 7/30/2020 |
| 10UL066562 | 4/2/2019 |
| 10UL067006 | 4/25/2019 |
| 10UL067709 | 10/31/2018 |
| 10UL043689 | 3/23/2016 |
| 10UL069614 | 9/3/2019 |
| 10UL069614 | 9/3/2019 |
| 10UL069614 | 9/3/2019 |
| 10UL044652 | 3/30/2016 |
| 10UL071204 | 9/10/2018 |
| 10UL049594 | 7/22/2016 |
| 10UL054288 | 4/4/2016 |
| 10UL070407 | 12/30/2016 |
| 10UL073010 | 1/12/2017 |
| 0080359710 | 4/23/2021 |

| | |
|---|---|
| 0080401130 | 4/26/2021 |
| 2300032321 | 5/18/2021 |
| 0084009390 | 5/11/2021 |
| 0080202600 | |
| 0080222480 | 4/21/2021 |
| 1090351368 | 4/26/2021 |
| 1090351368 | 4/26/2021 |
| 1090351368 | |
| 1090281838 | 5/4/2021 |
| 0080045950 | 5/17/2021 |
| 1090241907 | 5/11/2021 |
| 1090241907 | 5/11/2021 |
| 1090241907 | 5/11/2021 |
| 1090004495 | 5/10/2021 |
| 1090254138 | 4/30/2021 |
| 1090247668 | |
| 0080343330 | 5/13/2021 |
| 2390011900 | 5/17/2021 |
| 2390011900 | |
| 1090354860 | 4/26/2021 |
| 10UL019445 | 5/14/2021 |
| 10UL019445 | 5/14/2021 |
| 0080021240 | 5/18/2021 |
| 0080021240 | 5/18/2021 |
| 0080031390 | 6/4/2021 |
| 0080355080 | 6/7/2021 |
| 0080355080 | 6/7/2021 |
| 0080355080 | 6/7/2021 |
| 0080355080 | 6/7/2021 |
| 0080355080 | 6/7/2021 |
| 1090047570 | 6/7/2021 |
| 1090047570 | 6/7/2021 |
| 1090047570 | 6/7/2021 |
| 1090047570 | 6/7/2021 |
| 1090093618 | 44369 |
| 1090093618 | 44369 |
| 2300062363 | 44369 |
| 2390003627 | 6/15/2021 |
| 10UL044577 | 6/15/2021 |
| 10UL054156 | 6/2/2021 |
| 10UL061145 | 5/19/2021 |
| 10UL061145 | 5/19/2021 |
| 0080120500 | 6/21/2021 |
| 0080120500 | 6/21/2021 |
| 0080120500 | 6/21/2021 |
| 0080120500 | 6/21/2021 |
| 0080350140 | 7/15/2021 |
| 0084000950 | 7/9/2021 |
| 1090101359 | 7/12/2021 |
| 1090181159 | 6/17/2021 |
| 2300019036 | 7/9/2021 |
| 2300095682 | 6/24/2021 |
| 2300114478 | 6/25/2021 |
| 2300140282 | 7/12/2021 |
| 2300140282 | 7/12/2021 |
| 5100001891 | 6/16/2021 |
| 5100001891 | 6/16/2021 |
| 5100001891 | 6/16/2021 |
| 10UL027710 | 7/8/2021 |
| 10UL027710 | 7/8/2021 |
| 10UL049468 | 3/30/2021 |
| 0084111980 | 4/6/2021 |

EXHIBIT D
SETTLEMENT AGREEMENT

| | |
|---|---|
| 10UL035231 | 4/6/2021 |
| 10UL034159 | 3/31/2021 |
| 0080344770 | 4/13/2021 |
| 10UL029338 | 4/20/2021 |
| 1090119935 | 3/31/2021 |
| 1090119935 | 3/31/2021 |
| 0080284280 | 4/9/2021 |
| 0084019380 | 4/2/2021 |
| 0084019380 | 4/2/2021 |
| 10UL068228 | 3/29/2021 |
| 0080312220 | 42179 |
| 0080348250 | 42108 |
| 0080356880 | 42054 |
| 0080356880 | 42068 |
| 0080356880 | |
| 0080356880 | 42072 |
| 0080376420 | 42178 |
| 0084111600 | 42164 |
| 0084116900 | 42100 |
| 0084116900 | 42101 |
| 0084116900 | 42088 |
| 0084116900 | 42107 |
| 0084116900 | 42103 |
| 0084116900 | 42107 |
| 0084116900 | 42125 |
| 0084116900 | 42103 |
| 0084118700 | 42181 |
| 1090000866 | 42125 |
| 1090100654 | 42177 |
| 1090109006 | 42040 |
| 1090126312 | 42041 |
| 1090148124 | 42060 |
| 1090163461 | 42178 |
| 1090172186 | 42129 |
| 1090296114 | 42131 |
| 1090306612 | 42167 |
| 1090306612 | 42167 |
| 1090320496 | 42122 |
| 1090320496 | 42122 |
| 1090342718 | 42037 |
| 1090346072 | 42055 |
| 1090346072 | 42055 |
| 1090346072 | 42055 |
| 1090353433 | |
| 1090353433 | |
| 1090353433 | 42067 |
| 1090353433 | |
| 1090417915 | 42074 |
| 1090469697 | 42181 |
| 1090555485 | 42160 |
| 10UL031764 | 42131 |
| 10UL043503 | 42067 |
| 10UL048475 | 42111 |
| 10UL051712 | 42125 |
| 10UL054155 | 42177 |
| 10UL056109 | 42156 |
| 2300032368 | 42115 |
| 2300060930 | 42130 |
| 2300060930 | 42144 |
| 2300060930 | 42144 |
| 2300060930 | 42144 |
| 2300071316 | 42083 |

EXHIBIT D
SETTLEMENT AGREEMENT

| | |
|---|---|
| 2300071316 | |
| 2300089870 | 42082 |
| 2300131189 | 42124 |
| 2300131189 | 42117 |
| 2300131189 | 42131 |
| 2300131189 | 42111 |
| 2390000364 | 42055 |
| 2390010361 | 42181 |
| 2390012279 | 42125 |
| 5000015252 | 42174 |
| 5000016364 | |
| 5000016364 | 42060 |
| 5100001875 | 42179 |

EXHIBIT E -
SETTLEMENT AGREEMENT

| EXHIBIT E - PAYMENTS PRIOR TO 2/1/2015 | | | |
|---|---|---|---|
| Policy No | Deduction Amount | Payment Date | Grace Period Settlement Relief |
| 0080002570 | $5.86 | 1/23/2012 | $2.40 |
| 0080002600 | $2,701.09 | 1/2/2014 | $1,106.93 |
| 0080008620 | $1,088.48 | 7/27/2012 | $446.07 |
| 0080031420 | $635.69 | 8/19/2009 | $260.51 |
| 0080046630 | $284.31 | 5/21/2013 | $116.51 |
| 0080051700 | $3,821.96 | 2/24/2011 | $1,566.27 |
| 0080055960 | $1,007.76 | 8/6/2014 | $412.99 |
| 0080065480 | $780.53 | 2/25/2014 | $319.87 |
| 0080076790 | $71.50 | 3/25/2014 | $29.30 |
| 0080076790 | $71.50 | 3/25/2014 | $29.30 |
| 0080076790 | $71.50 | 3/25/2014 | $29.30 |
| 0080082240 | $0.00 | 3/28/2008 | $0.00 |
| 0080086010 | $165.56 | 12/2/2011 | $67.85 |
| 0080104810 | $943.76 | 4/11/2012 | $386.76 |
| 0080104810 | $943.76 | 4/11/2012 | $386.76 |
| 0080108690 | $1,670.07 | 6/12/2014 | $684.41 |
| 0080131980 | $531.09 | 1/13/2011 | $217.65 |
| 0080143440 | $746.76 | 7/28/2010 | $306.03 |
| 0080144660 | $497.12 | 6/13/2008 | $203.72 |
| 0080166820 | $176.68 | 9/16/2013 | $72.40 |
| 0080166820 | $176.68 | 9/16/2013 | $72.40 |
| 0080166820 | $176.68 | 11/22/2013 | $72.40 |
| 0080166820 | $176.68 | 9/16/2013 | $72.40 |
| 0080168570 | $965.48 | 5/19/2015 | $395.66 |
| 0080186960 | $364.60 | 11/14/2011 | $149.42 |
| 0080189310 | $181.84 | 10/7/2014 | $74.52 |
| 0080205800 | $3,757.15 | 7/23/2012 | $1,539.71 |
| 0080206360 | $1,821.77 | 12/30/2013 | $746.58 |
| 0080206360 | $0.00 | 12/30/2013 | $0.00 |
| 0080206360 | $0.00 | 12/30/2013 | $0.00 |
| 0080224350 | $594.20 | 5/6/2014 | $243.51 |
| 0080226820 | $264.67 | 4/1/2014 | $108.46 |
| 0080232610 | $670.86 | 12/19/2014 | $274.92 |
| 0080232610 | $0.00 | 1/20/2015 | $0.00 |
| 0080232610 | $0.00 | 12/31/2014 | $0.00 |
| 0080235990 | $589.95 | 6/6/2013 | $241.77 |
| 0080253870 | $0.00 | 4/13/2011 | $0.00 |
| 0080253870 | $0.00 | 4/13/2011 | $0.00 |
| 0080254430 | $0.00 | | $0.00 |
| 0080254430 | $0.00 | 9/11/2013 | $0.00 |
| 0080269010 | $786.25 | 3/9/2012 | $322.21 |
| 0080273820 | $0.00 | 7/5/2013 | $0.00 |

EXHIBIT E -
SETTLEMENT AGREEMENT

| | | | |
|---|---|---|---|
| 0080277920 | $31.75 | 6/20/2013 | $13.01 |
| 0080277920 | $0.00 | 6/21/2013 | $0.00 |
| 0080278060 | $1,427.88 | 2/22/2008 | $585.16 |
| 0080278300 | $213.55 | 7/25/2012 | $87.51 |
| 0080300890 | $170.38 | 7/16/2014 | $69.82 |
| 0080300890 | $0.00 | 7/16/2014 | $0.00 |
| 0080300890 | $0.00 | 7/16/2014 | $0.00 |
| 0080300890 | $0.00 | 7/16/2014 | $0.00 |
| 0080300890 | $0.00 | 7/16/2014 | $0.00 |
| 0080311160 | $196.82 | 10/24/2014 | $80.66 |
| 0080312260 | $231.46 | 1/11/2013 | $94.85 |
| 0080312260 | $0.00 | 1/11/2013 | $0.00 |
| 0080326240 | $518.19 | 11/6/2014 | $212.36 |
| 0080326240 | $0.00 | 10/29/2014 | $0.00 |
| 0080346020 | $2,213.74 | 7/14/2011 | $907.21 |
| 0080346020 | $0.00 | 7/14/2011 | $0.00 |
| 0080346020 | $0.00 | 7/14/2011 | $0.00 |
| 0080346040 | $5,270.90 | 6/19/2014 | $2,160.06 |
| 0080347190 | $999.01 | 10/27/2014 | $409.40 |
| 0080351650 | $194.88 | 8/18/2009 | $79.86 |
| 0080351650 | $0.00 | 8/18/2009 | $0.00 |
| 0080351650 | $0.00 | 8/18/2009 | $0.00 |
| 0080360890 | $1,775.94 | 12/9/2010 | $727.80 |
| 0080362840 | $5,358.43 | 1/5/2010 | $2,195.93 |
| 0080367780 | $726.79 | 12/22/2011 | $297.84 |
| 0080376560 | $3,892.49 | 3/3/2011 | $1,595.18 |
| 0080376560 | $0.00 | 4/6/2011 | $0.00 |
| 0080376560 | $0.00 | 4/6/2011 | $0.00 |
| 0080380450 | $4,022.95 | 12/26/2014 | $1,648.64 |
| 0080420730 | $321.08 | 4/8/2010 | $131.58 |
| 0080471260 | $1,560.53 | 10/6/2014 | $639.52 |
| 0080473010 | $3,384.22 | | $1,386.88 |
| 0080473010 | $0.00 | 12/31/2012 | $0.00 |
| 0084001870 | $1,287.90 | 9/6/2013 | $527.79 |
| 0084003970 | $898.38 | 1/3/1900 | $368.16 |
| 0084005890 | $119.14 | 9/19/2014 | $48.82 |
| 0084005890 | $0.00 | 9/19/2014 | $0.00 |
| 0084005890 | $0.00 | 9/19/2014 | $0.00 |
| 0084005890 | $119.14 | 9/19/2014 | $48.82 |
| 0084015180 | $857.79 | 8/27/2014 | $351.53 |
| 0084100030 | $597.86 | 5/24/2011 | $245.01 |
| 0084101330 | $399.49 | | $163.71 |
| 0084101330 | $0.00 | 7/11/2014 | $0.00 |
| 0084105770 | $4,024.99 | 8/7/2013 | $1,649.48 |
| 0084110940 | $547.51 | 5/6/2011 | $224.37 |
| 0084111350 | $569.15 | 9/5/2014 | $233.24 |
| 0084111350 | $0.00 | 10/29/2014 | $0.00 |

EXHIBIT E -
SETTLEMENT AGREEMENT

| | | | |
|---|---|---|---|
| 0084111350 | $0.00 | | $0.00 |
| 0084111350 | $0.00 | 9/25/2014 | $0.00 |
| 1090001841 | $0.00 | 12/11/2010 | $0.00 |
| 1090001841 | $0.00 | 12/11/2010 | $0.00 |
| 1090001841 | $0.00 | 12/11/2010 | $0.00 |
| 1090002419 | $2,860.43 | 10/7/2013 | $1,172.23 |
| 1090003545 | $565.56 | 10/10/2012 | $231.77 |
| 1090003700 | $553.61 | 11/6/2012 | $226.87 |
| 1090005970 | $910.92 | 7/28/2014 | $373.30 |
| 1090005970 | $0.00 | | $0.00 |
| 1090005970 | $0.00 | 7/28/2014 | $0.00 |
| 1090005970 | $0.00 | 7/28/2014 | $0.00 |
| 1090008845 | $846.28 | 10/4/2012 | $346.81 |
| 1090009378 | $209.78 | 6/13/2014 | $85.97 |
| 1090015393 | $1,174.78 | 11/3/2009 | $481.43 |
| 1090026591 | $1,835.91 | 8/2/2012 | $752.37 |
| 1090026591 | $0.00 | | $0.00 |
| 1090026592 | $957.51 | 8/2/2012 | $392.40 |
| 1090026592 | $0.00 | | $0.00 |
| 1090055023 | $4,633.46 | 12/3/2012 | $1,898.83 |
| 1090055023 | $0.00 | | $0.00 |
| 1090055730 | $904.66 | 7/21/2011 | $370.74 |
| 1090055730 | $0.00 | | $0.00 |
| 1090055730 | $904.66 | 7/21/2011 | $370.74 |
| 1090055730 | $0.00 | | $0.00 |
| 1090055730 | $0.00 | 7/21/2011 | $0.00 |
| 1090055730 | $0.00 | | $0.00 |
| 1090065513 | $925.59 | 9/22/2010 | $379.31 |
| 1090066009 | $557.36 | 4/10/2014 | $228.41 |
| 1090069794 | $0.00 | 5/8/2014 | $0.00 |
| 1090069794 | $0.00 | 5/8/2014 | $0.00 |
| 1090069794 | $0.00 | 5/8/2014 | $0.00 |
| 1090072648 | $319.78 | 7/30/2009 | $131.05 |
| 1090073462 | $49.95 | 7/3/2014 | $20.47 |
| 1090073462 | $0.00 | 7/3/2014 | $0.00 |
| 1090075475 | $0.00 | 6/21/2010 | $0.00 |
| 1090075575 | $1,630.83 | 11/20/2013 | $668.33 |
| 1090079085 | $5,092.13 | 2/17/2011 | $2,086.80 |
| 1090079085 | $0.00 | | $0.00 |
| 1090079085 | $0.00 | 2/17/2011 | $0.00 |
| 1090079085 | $0.00 | | $0.00 |
| 1090094361 | $232.47 | 7/30/2012 | $95.27 |
| 1090095412 | $170.60 | 2/19/2014 | $69.91 |
| 1090096336 | $3,991.32 | 6/7/2012 | $1,635.68 |
| 1090097173 | $252.17 | 2/11/2014 | $103.34 |
| 1090097173 | $0.00 | 2/11/2014 | $0.00 |
| 1090097173 | $0.00 | 2/20/2014 | $0.00 |

EXHIBIT E -
SETTLEMENT AGREEMENT

| | | | |
|---|---|---|---|
| 1090097173 | $0.00 | 2/11/2014 | $0.00 |
| 1090097173 | $0.00 | 2/11/2014 | $0.00 |
| 1090099053 | $818.97 | 7/10/2014 | $335.62 |
| 1090103596 | $318.24 | 9/2/2011 | $130.42 |
| 1090107456 | $11,835.90 | 11/23/2010 | $4,850.45 |
| 1090107456 | $0.00 | 11/23/2010 | $0.00 |
| 1090107456 | $0.00 | 11/23/2010 | $0.00 |
| 1090114799 | $0.00 | 11/26/2008 | $0.00 |
| 1090114799 | $0.00 | 11/26/2008 | $0.00 |
| 1090114799 | $0.00 | 11/26/2008 | $0.00 |
| 1090114799 | $0.00 | 11/26/2008 | $0.00 |
| 1090122127 | $0.00 | 9/3/2013 | $0.00 |
| 1090124450 | $144.24 | 1/30/2014 | $59.11 |
| 1090125504 | $634.90 | 9/8/2011 | $260.19 |
| 1090125504 | $0.00 | | $0.00 |
| 1090129120 | $724.99 | 5/21/2010 | $297.11 |
| 1090129120 | $0.00 | 5/21/2010 | $0.00 |
| 1090129120 | $0.00 | 5/21/2010 | $0.00 |
| 1090129544 | $42.42 | 3/20/2009 | $17.38 |
| 1090133401 | $4,782.45 | 7/7/2010 | $1,959.89 |
| 1090138716 | $102.67 | 4/30/2013 | $42.08 |
| 1090144556 | $29.06 | 6/2/2014 | $11.91 |
| 1090144556 | $0.00 | 6/2/2014 | $0.00 |
| 1090144556 | $0.00 | 6/2/2014 | $0.00 |
| 1090144556 | $0.00 | 6/2/2014 | $0.00 |
| 1090146223 | $75.15 | 8/8/2012 | $30.80 |
| 1090146223 | $0.00 | 8/9/2012 | $0.00 |
| 1090146223 | $0.00 | | $0.00 |
| 1090146223 | $0.00 | | $0.00 |
| 1090146290 | $0.00 | | $0.00 |
| 1090146290 | $340.55 | 5/7/2012 | $139.56 |
| 1090146861 | $55.41 | 3/25/2014 | $22.71 |
| 1090148321 | $75.82 | 12/10/2014 | $31.07 |
| 1090150666 | $33.01 | 12/5/2013 | $13.53 |
| 1090152319 | $43.72 | 3/22/2011 | $17.92 |
| 1090152319 | $0.00 | 3/22/2011 | $0.00 |
| 1090152319 | $0.00 | 3/22/2011 | $0.00 |
| 1090160568 | $98.95 | 12/8/2009 | $40.55 |
| 1090160568 | $0.00 | 12/8/2009 | $0.00 |
| 1090160568 | $0.00 | 12/8/2009 | $0.00 |
| 1090160568 | $0.00 | 12/8/2009 | $0.00 |
| 1090160568 | $0.00 | 12/8/2009 | $0.00 |
| 1090164294 | $118.92 | 10/28/2014 | $48.73 |
| 1090165532 | $0.00 | 9/24/2014 | $0.00 |
| 1090169454 | $65.50 | | $26.84 |
| 1090169454 | $0.00 | 8/7/2014 | $0.00 |
| 1090169454 | $0.00 | 10/30/2014 | $0.00 |

| | | | |
|---|---|---|---|
| 1090171962 | $77.14 | 6/16/2011 | $31.61 |
| 1090171962 | $0.00 | | $0.00 |
| 1090171962 | $0.00 | 6/16/2011 | $0.00 |
| 1090171962 | $0.00 | | $0.00 |
| 1090171962 | $0.00 | 6/16/2011 | $0.00 |
| 1090171962 | $0.00 | | $0.00 |
| 1090171962 | $0.00 | 6/16/2011 | $0.00 |
| 1090171962 | $0.00 | | $0.00 |
| 1090171962 | $0.00 | 6/16/2011 | $0.00 |
| 1090171962 | $0.00 | | $0.00 |
| 1090174453 | $15.08 | 6/22/2012 | $6.18 |
| 1090177912 | $84.12 | 3/12/2012 | $34.47 |
| 1090177912 | $0.00 | 3/12/2012 | $0.00 |
| 1090182147 | $731.52 | | $299.78 |
| 1090182147 | $0.00 | 4/18/2011 | $0.00 |
| 1090182147 | $0.00 | 4/18/2011 | $0.00 |
| 1090183976 | $614.48 | 3/1/2013 | $251.82 |
| 1090188119 | $81.74 | 12/12/2013 | $33.50 |
| 1090189692 | $1,013.29 | 4/22/2014 | $415.25 |
| 1090200437 | $23.28 | 10/5/2012 | $9.54 |
| 1090200437 | $0.00 | | $0.00 |
| 1090205497 | $76.30 | 9/12/2011 | $31.27 |
| 1090208076 | $0.00 | 5/25/2011 | $0.00 |
| 1090209490 | $108.04 | 1/30/2014 | $44.28 |
| 1090209940 | $111.14 | 11/1/2011 | $45.55 |
| 1090209940 | $0.00 | 11/1/2011 | $0.00 |
| 1090214374 | $1,131.62 | 4/23/2014 | $463.75 |
| 1090215681 | $174.52 | | $71.52 |
| 1090215681 | $0.00 | 6/8/2015 | $0.00 |
| 1090217890 | $64.62 | 1/14/2015 | $26.48 |
| 1090217890 | $0.00 | 1/14/2015 | $0.00 |
| 1090218208 | $40.50 | 3/21/2008 | $16.60 |
| 1090225708 | $38.32 | 4/14/2010 | $15.70 |
| 1090227802 | $41.72 | 8/28/2012 | $17.10 |
| 1090228952 | $77.11 | 5/21/2014 | $31.60 |
| 1090228952 | $0.00 | | $0.00 |
| 1090237945 | $65.95 | 6/20/2012 | $27.03 |
| 1090249999 | $214.74 | 6/22/2012 | $88.00 |
| 1090249999 | $0.00 | | $0.00 |
| 1090252157 | $51.43 | 7/30/2013 | $21.08 |
| 1090252157 | $0.00 | | $0.00 |
| 1090252157 | $0.00 | | $0.00 |
| 1090252157 | $0.00 | 7/30/2013 | $0.00 |
| 1090253058 | $61.71 | 12/18/2012 | $25.29 |
| 1090253058 | $0.00 | | $0.00 |
| 1090265434 | $90.27 | 4/10/2009 | $36.99 |
| 1090266245 | $124.87 | 10/24/2013 | $51.17 |

EXHIBIT E -
SETTLEMENT AGREEMENT

| | | | |
|---|---|---|---|
| 1090266245 | $0.00 | 10/24/2013 | $0.00 |
| 1090266245 | $0.00 | 10/25/2013 | $0.00 |
| 1090268742 | $73.86 | 4/5/2013 | $30.27 |
| 1090277208 | $99.30 | 1/31/2008 | $40.69 |
| 1090277208 | $0.00 | 1/31/2008 | $0.00 |
| 1090277208 | $99.30 | 1/31/2008 | $40.69 |
| 1090277208 | $0.00 | 1/31/2008 | $0.00 |
| 1090278630 | $89.88 | 4/21/2014 | $36.83 |
| 1090279816 | $349.40 | | $143.19 |
| 1090279816 | $0.00 | | $0.00 |
| 1090279816 | $349.40 | 10/19/2011 | $143.19 |
| 1090279816 | $0.00 | 10/19/2011 | $0.00 |
| 1090301801 | $108.17 | 5/13/2008 | $44.33 |
| 1090304347 | $49.03 | 10/5/2011 | $20.09 |
| 1090304814 | $55.93 | 4/7/2014 | $22.92 |
| 1090304970 | $141.80 | 2/16/2012 | $58.11 |
| 1090305731 | $97.42 | 8/16/2011 | $39.92 |
| 1090305731 | $0.00 | | $0.00 |
| 1090305731 | $97.42 | 8/16/2011 | $39.92 |
| 1090305731 | $0.00 | | $0.00 |
| 1090316700 | $136.30 | 5/7/2014 | $55.86 |
| 1090320649 | $0.00 | 3/17/2010 | $0.00 |
| 1090320649 | $0.00 | 3/17/2010 | $0.00 |
| 1090321931 | $1,477.45 | 5/24/2010 | $605.47 |
| 1090329675 | $72.59 | 1/30/2015 | $29.75 |
| 1090329675 | $0.00 | 1/30/2015 | $0.00 |
| 1090329675 | $0.00 | 1/30/2015 | $0.00 |
| 1090333507 | $0.00 | 9/4/2014 | $0.00 |
| 1090333507 | $0.00 | 9/4/2014 | $0.00 |
| 1090333507 | $0.00 | 6/30/2014 | $0.00 |
| 1090333507 | $0.00 | 9/4/2014 | $0.00 |
| 1090333507 | $0.00 | | $0.00 |
| 1090333507 | $0.00 | 5/2/2014 | $0.00 |
| 1090333507 | $0.00 | 5/2/2014 | $0.00 |
| 1090333889 | $0.00 | 7/14/2014 | $0.00 |
| 1090344142 | $45.95 | 10/13/2010 | $18.83 |
| 1090352113 | $0.00 | 6/18/2014 | $0.00 |
| 1090365358 | $125.35 | 12/22/2011 | $51.37 |
| 1090365358 | $0.00 | | $0.00 |
| 1090365358 | $0.00 | 12/22/2011 | $0.00 |
| 1090365358 | $0.00 | | $0.00 |
| 1090368798 | $0.00 | 4/25/2011 | $0.00 |
| 1090368798 | $0.00 | | $0.00 |
| 1090387666 | $91.22 | 11/10/2014 | $37.38 |
| 1090420954 | $161.61 | 10/8/2009 | $66.23 |
| 1090424366 | $1,449.83 | 6/24/2013 | $594.15 |
| 1090509213 | $171.01 | 11/30/2011 | $70.08 |

| | | | |
|---|---|---|---|
| 1090564029 | $0.00 | 1/2/2014 | $0.00 |
| 1099000709 | $252.70 | 7/2/2012 | $103.56 |
| 1099000709 | $0.00 | 7/19/2012 | $0.00 |
| 1099000709 | $0.00 | 7/19/2012 | $0.00 |
| 1099000709 | $0.00 | 7/2/2012 | $0.00 |
| 1099001334 | $767.91 | 7/13/2011 | $314.70 |
| 1099001335 | $1,094.39 | 7/19/2011 | $448.49 |
| 10UL011042 | $4,331.12 | 6/13/2014 | $1,774.93 |
| 10UL011042 | $0.00 | 6/13/2014 | $0.00 |
| 10UL011042 | $0.00 | 6/13/2014 | $0.00 |
| 10UL015139 | $0.00 | 5/1/2014 | $0.00 |
| 10UL015627 | $227.89 | 6/9/2010 | $93.39 |
| 10UL015688 | $41,551.92 | 8/17/2010 | $17,028.33 |
| 10UL015688 | $0.00 | 8/17/2010 | $0.00 |
| 10UL015688 | $0.00 | 8/17/2010 | $0.00 |
| 10UL015688 | $0.00 | 8/17/2010 | $0.00 |
| 10UL015688 | $0.00 | 8/17/2010 | $0.00 |
| 10UL015688 | $0.00 | 8/17/2010 | $0.00 |
| 10UL017496 | $7,756.20 | 3/4/2013 | $3,178.56 |
| 10UL017496 | $0.00 | | $0.00 |
| 10UL017496 | $0.00 | 3/5/2013 | $0.00 |
| 10UL017497 | $9,353.13 | 3/5/2013 | $3,832.99 |
| 10UL017930 | $2,727.91 | 4/28/2014 | $1,117.92 |
| 10UL017930 | $0.00 | | $0.00 |
| 10UL017930 | $0.00 | | $0.00 |
| 10UL017930 | $0.00 | | $0.00 |
| 10UL019047 | $844.32 | 6/24/2010 | $346.01 |
| 10UL019181 | $2,998.24 | 2/10/2009 | $1,228.70 |
| 10UL020981 | $439.28 | 2/13/2012 | $180.02 |
| 10UL020981 | $0.00 | 2/13/2012 | $0.00 |
| 10UL022973 | $671.48 | 12/3/2014 | $275.18 |
| 10UL026409 | $1,976.54 | 11/10/2014 | $810.00 |
| 10UL026409 | $0.00 | 11/10/2014 | $0.00 |
| 10UL026409 | $0.00 | 11/10/2014 | $0.00 |
| 10UL027403 | $6,333.59 | 7/5/2012 | $2,595.56 |
| 10UL027403 | $0.00 | 7/9/2012 | $0.00 |
| 10UL028667 | $3,493.44 | 7/3/2013 | $1,431.64 |
| 10UL028731 | $411.09 | | $168.47 |
| 10UL028731 | $0.00 | 10/12/2011 | $0.00 |
| 10UL028917 | $146.89 | 3/22/2011 | $60.20 |
| 10UL028917 | $0.00 | 3/22/2011 | $0.00 |
| 10UL028917 | $0.00 | 3/22/2011 | $0.00 |
| 10UL028917 | $0.00 | 3/22/2011 | $0.00 |
| 10UL028917 | $0.00 | 3/22/2011 | $0.00 |
| 10UL028917 | $0.00 | 3/22/2011 | $0.00 |
| 10UL029324 | $399.21 | | $163.60 |
| 10UL029324 | $0.00 | 10/12/2011 | $0.00 |

SETTLEMENT AGREEMENT

| | | | |
|---|---|---|---|
| 10UL033634 | $72.71 | 12/1/2008 | $29.80 |
| 10UL033749 | $1,287.72 | 6/27/2014 | $527.72 |
| 10UL034852 | $3,253.87 | 10/3/2014 | $1,333.46 |
| 10UL037553 | $5,884.42 | 5/6/2015 | $2,411.49 |
| 10UL038271 | $16,163.06 | 5/18/2013 | $6,623.76 |
| 10UL039115 | $919.11 | 1/15/2010 | $376.66 |
| 10UL039115 | $0.00 | 1/15/2010 | $0.00 |
| 10UL039115 | $0.00 | 1/15/2010 | $0.00 |
| 10UL039609 | $1,726.21 | 12/5/2013 | $707.42 |
| 10UL039609 | $0.00 | | $0.00 |
| 10UL039761 | $4,167.58 | 2/21/2013 | $1,707.91 |
| 10UL039761 | $0.00 | | $0.00 |
| 10UL040040 | $255.41 | 12/24/2014 | $104.67 |
| 10UL040040 | $0.00 | 1/8/2015 | $0.00 |
| 10UL040040 | $0.00 | 11/20/2014 | $0.00 |
| 10UL040248 | $2,110.32 | 3/26/2015 | $864.83 |
| 10UL040475 | $601.31 | 8/17/2010 | $246.42 |
| 10UL041330 | $205.82 | | $84.35 |
| 10UL041330 | $0.00 | 5/1/2014 | $0.00 |
| 10UL041330 | $0.00 | | $0.00 |
| 10UL041330 | $0.00 | 5/1/2014 | $0.00 |
| 10UL041375 | $7,443.84 | 1/27/2015 | $3,050.55 |
| 10UL041375 | $0.00 | | $0.00 |
| 10UL041755 | $11,057.32 | 8/18/2011 | $4,531.38 |
| 10UL043991 | $7,912.50 | 10/15/2012 | $3,242.61 |
| 10UL046073 | $428.49 | 6/14/2011 | $175.60 |
| 10UL046073 | $0.00 | 6/14/2011 | $0.00 |
| 10UL046922 | $439.58 | 9/17/2014 | $180.14 |
| 10UL049711 | $4,507.50 | 4/11/2011 | $1,847.21 |
| 10UL052268 | $2,376.38 | 6/4/2012 | $973.86 |
| 10UL056815 | $2,902.92 | 12/16/2014 | $1,189.64 |
| 10UL057516 | $6,096.76 | 6/10/2013 | $2,498.50 |
| 10UL057942 | $355.00 | 11/1/2011 | $145.48 |
| 10UL057946 | $101.13 | 6/16/2015 | $41.44 |
| 10UL061119 | $1,227.56 | 5/31/2012 | $503.06 |
| 10UL061119 | $0.00 | | $0.00 |
| 10UL061217 | $756.80 | 9/25/2013 | $310.14 |
| 10UL065843 | $6,048.04 | 12/23/2013 | $2,478.54 |
| 10UL065998 | $223.47 | 1/2/2015 | $91.58 |
| 10UL065998 | $0.00 | 1/2/2015 | $0.00 |
| 10UL065998 | $0.00 | 1/2/2015 | $0.00 |
| 10UL066200 | $1,733.47 | 2/22/2010 | $710.39 |
| 10UL066355 | $221.54 | 10/24/2013 | $90.79 |
| 10UL067013 | $1,239.71 | 10/15/2014 | $508.04 |
| 10UL068618 | $3,919.77 | 12/17/2008 | $1,606.36 |
| 10UL068618 | $0.00 | 12/17/2008 | $0.00 |
| 10UL073166 | $16,453.91 | 11/1/2013 | $6,742.95 |

SETTLEMENT AGREEMENT

| 10UL073166 | $0.00 | 10/15/2013 | $0.00 |
|---|---|---|---|
| 10UL073166 | $0.00 | 10/21/2013 | $0.00 |
| 2300007856 | $0.00 | 11/19/2009 | $0.00 |
| 2300008584 | $129.11 | 11/22/2010 | $52.91 |
| 2300014027 | $4,069.66 | | $1,667.78 |
| 2300014027 | $0.00 | 11/20/2012 | $0.00 |
| 2300014027 | $0.00 | 11/20/2012 | $0.00 |
| 2300014027 | $0.00 | | $0.00 |
| 2300014027 | $0.00 | 11/20/2012 | $0.00 |
| 2300014027 | $0.00 | 11/20/2012 | $0.00 |
| 2300014031 | $210.31 | 6/27/2013 | $86.19 |
| 2300022413 | $156.66 | 6/11/2013 | $64.20 |
| 2300022413 | $0.00 | 6/11/2013 | $0.00 |
| 2300024169 | $0.00 | 11/25/2014 | $0.00 |
| 2300024169 | $0.00 | 11/25/2014 | $0.00 |
| 2300031640 | $67.75 | 10/5/2012 | $27.76 |
| 2300031759 | $2,397.20 | 12/18/2009 | $982.39 |
| 2300031759 | $0.00 | 12/18/2009 | $0.00 |
| 2300031759 | $0.00 | 12/18/2009 | $0.00 |
| 2300031759 | $0.00 | 12/18/2009 | $0.00 |
| 2300031760 | $2,144.26 | 3/2/2012 | $878.74 |
| 2300031760 | $0.00 | 3/2/2012 | $0.00 |
| 2300031760 | $0.00 | 3/2/2012 | $0.00 |
| 2300031760 | $0.00 | 3/2/2012 | $0.00 |
| 2300037540 | $538.60 | 7/13/2011 | $220.72 |
| 2300039842 | $756.95 | 2/23/2012 | $310.20 |
| 2300048704 | $202.12 | 3/7/2013 | $82.83 |
| 2300056219 | $8,528.19 | 3/31/2014 | $3,494.93 |
| 2300067375 | $130.84 | 3/13/2009 | $53.62 |
| 2300067375 | $0.00 | 3/13/2009 | $0.00 |
| 2300070034 | $1,736.04 | 11/21/2011 | $711.44 |
| 2300077010 | $604.53 | 10/4/2012 | $247.74 |
| 2300077010 | $0.00 | 10/4/2012 | $0.00 |
| 2300078330 | $105.78 | 5/10/2012 | $43.35 |
| 2300079423 | $80.93 | 1/8/2015 | $33.17 |
| 2300084527 | $306.15 | 1/17/2011 | $125.46 |
| 2300084596 | $126.37 | 11/21/2011 | $51.79 |
| 2300087412 | $745.27 | 6/21/2013 | $305.42 |
| 2300093728 | $313.06 | 10/20/2009 | $128.29 |
| 2300093728 | $0.00 | 10/20/2009 | $0.00 |
| 2300093728 | $0.00 | 10/20/2009 | $0.00 |
| 2300094316 | $279.81 | 8/23/2013 | $114.67 |
| 2300094316 | $0.00 | 8/23/2013 | $0.00 |
| 2300096261 | $447.90 | 11/4/2013 | $183.55 |
| 2300096261 | $0.00 | 1/14/2014 | $0.00 |
| 2300096261 | $0.00 | 11/4/2013 | $0.00 |
| 2300097284 | $0.00 | 8/4/2014 | $0.00 |

SETTLEMENT AGREEMENT

| | | | |
|---|---|---|---|
| 2300099739 | $116.84 | 2/20/2012 | $47.88 |
| 2300099740 | $54.04 | 4/7/2014 | $22.15 |
| 2300105373 | $50.48 | 1/11/2011 | $20.69 |
| 2300105373 | $0.00 | 1/11/2011 | $0.00 |
| 2300105373 | $0.00 | 1/11/2011 | $0.00 |
| 2300106563 | $757.28 | 1/20/2015 | $310.34 |
| 2300106563 | $0.00 | 1/20/2015 | $0.00 |
| 2300110938 | $78.46 | | $32.15 |
| 2300110938 | $78.46 | 7/8/2014 | $32.15 |
| 2300110938 | $0.00 | 7/8/2014 | $0.00 |
| 2300110938 | $0.00 | 7/8/2014 | $0.00 |
| 2300110938 | $0.00 | 7/8/2014 | $0.00 |
| 2300110938 | $0.00 | 7/8/2014 | $0.00 |
| 2300110938 | $0.00 | 7/8/2014 | $0.00 |
| 2300112041 | $3,246.35 | 2/20/2013 | $1,330.38 |
| 2300112145 | $10,304.75 | 2/25/2013 | $4,222.97 |
| 2300119120 | $361.60 | | $148.19 |
| 2300119120 | $0.00 | | $0.00 |
| 2300119120 | $0.00 | | $0.00 |
| 2300119120 | $0.00 | 10/9/2014 | $0.00 |
| 2300119120 | $0.00 | 10/14/2014 | $0.00 |
| 2300119120 | $0.00 | 10/9/2014 | $0.00 |
| 2300119120 | $0.00 | 10/3/2014 | $0.00 |
| 2300124381 | $64.72 | 9/4/2014 | $26.52 |
| 2300124381 | $0.00 | 9/4/2014 | $0.00 |
| 2300130398 | $369.13 | | $151.27 |
| 2300130398 | $0.00 | 10/31/2014 | $0.00 |
| 2300136292 | $863.61 | 4/30/2010 | $353.91 |
| 2300136842 | $0.00 | 6/8/2010 | $0.00 |
| 2300137821 | $254.13 | 6/13/2013 | $104.14 |
| 2300137821 | $0.00 | 6/13/2013 | $0.00 |
| 2300137821 | $0.00 | 6/13/2013 | $0.00 |
| 2300137821 | $0.00 | 6/13/2013 | $0.00 |
| 2300169727 | $636.09 | 6/19/2013 | $260.68 |
| 2300169727 | $0.00 | | $0.00 |
| 2300169727 | $0.00 | | $0.00 |
| 2300169727 | $636.09 | 6/20/2013 | $260.68 |
| 2300169727 | $0.00 | 6/20/2013 | $0.00 |
| 2390000059 | $277.78 | 10/10/2014 | $113.84 |
| 2390000059 | $0.00 | 10/10/2014 | $0.00 |
| 2390000059 | $0.00 | 10/10/2014 | $0.00 |
| 2390000074 | $303.03 | 3/11/2013 | $124.18 |
| 2390000074 | $0.00 | 3/11/2013 | $0.00 |
| 2390000800 | $152.19 | 1/3/2014 | $62.37 |
| 2390000800 | $0.00 | 1/2/2014 | $0.00 |
| 2390000800 | $0.00 | 12/23/2013 | $0.00 |

EXHIBIT E -
SETTLEMENT AGREEMENT

| | | | |
|---|---|---|---|
| 2390000800 | $0.00 | 11/20/2013 | $0.00 |
| 2390002563 | $2,569.35 | 10/27/2014 | $1,052.94 |
| 2390002927 | $258.00 | 12/30/2010 | $105.73 |
| 2390002927 | $0.00 | 12/30/2010 | $0.00 |
| 2390003639 | $4,266.45 | 3/25/2013 | $1,748.43 |
| 2390003639 | $0.00 | 3/25/2013 | $0.00 |
| 2390003639 | $0.00 | 3/25/2013 | $0.00 |
| 2390003639 | $0.00 | 3/25/2013 | $0.00 |
| 2390003639 | $0.00 | 3/25/2013 | $0.00 |
| 2390003650 | $704.02 | 2/25/2011 | $288.51 |
| 2390003691 | $155.10 | 11/21/2014 | $63.56 |
| 2390003691 | $0.00 | 11/21/2014 | $0.00 |
| 2390003691 | $0.00 | 11/21/2014 | $0.00 |
| 2390004735 | $1,560.70 | 4/5/2013 | $639.59 |
| 2390005134 | $335.58 | 6/17/2014 | $137.52 |
| 2390005677 | $5,076.94 | 3/11/2011 | $2,080.57 |
| 2390006775 | $836.80 | 2/24/2014 | $342.93 |
| 2390006924 | $1,002.59 | 6/6/2011 | $410.87 |
| 2390008453 | $209.05 | 4/8/2014 | $85.67 |
| 2390009524 | $0.00 | 10/6/2011 | $0.00 |
| 2390009714 | $1,522.77 | 8/25/2011 | $624.04 |
| 2390010098 | $458.91 | 11/6/2013 | $188.07 |
| 2390010860 | $411.14 | 10/17/2013 | $168.49 |
| 2390012122 | $0.00 | 2/9/2008 | $0.00 |
| 2390013237 | $3,525.91 | 6/18/2014 | $1,444.95 |
| 5000001285 | $40.53 | 6/13/2013 | $16.61 |
| 5000001285 | $0.00 | 6/13/2013 | $0.00 |
| 5000001285 | $0.00 | 6/13/2013 | $0.00 |
| 5000001285 | $0.00 | 6/13/2013 | $0.00 |
| 5000005057 | $0.00 | 11/25/2009 | $0.00 |
| 5000005057 | $0.00 | 11/25/2009 | $0.00 |
| 5000007196 | $0.00 | 12/12/2007 | $0.00 |
| 5000009478 | $69.61 | 4/23/2014 | $28.53 |
| 5000009478 | $0.00 | | $0.00 |
| 5000013271 | $82.35 | 9/8/2014 | $33.75 |
| 5000020523 | $325.06 | 3/6/2012 | $133.21 |
| 5000021889 | $524.70 | 12/11/2009 | $215.03 |
| 5000021889 | $0.00 | 12/11/2009 | $0.00 |
| 5000027778 | $0.00 | 8/21/2013 | $0.00 |
| 5000028392 | $126.41 | 2/2/2008 | $51.80 |
| 5000028392 | $0.00 | 2/2/2008 | $0.00 |
| 5000028392 | $0.00 | 2/2/2008 | $0.00 |
| 5000030647 | $275.69 | 4/12/2013 | $112.98 |
| 5100000314 | $490.38 | 9/26/2013 | $200.96 |
| 5100001894 | $126.20 | 7/12/2011 | $51.72 |
| 5100002576 | $414.56 | 1/16/2009 | $169.89 |
| 5100002768 | $559.25 | 9/9/2011 | $229.19 |

EXHIBIT E -
SETTLEMENT AGREEMENT

| 5100002873 | $622.29 | 10/24/2013 | $255.02 |
|---|---|---|---|
| 5100003712 | $372.78 | 5/2/2014 | $152.77 |
| | | | |
| **Totals** | **$396,526.61** | | **$162,500.00** |